GREENBERG TRAURIG
Ronald D. Lefton (RL 2666)
Serena Boscia Montalbano (SB 2009)
GREENBERG TRAURIG
Metlife Building
200 Park Avenue
New York, NY 10166
Telephone: 212-801-9200
Fax: 212-801-6400

*Attorneys for Defendant*
*Brooklyn-Queens Health Care, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROSS UNIVERSITY SCHOOL OF     )
MEDICINE, LTD.,               )
                              )   Civil Action No.: 09-cv-1410
              Plaintiff,      )
                              )   ANSWER
        -against-             )
                              )
BROOKLYN-QUEENS HEALTH CARE,  )
INC.,                         )
                              )
              Defendant.      )
                              )
-----------------------------------------------------------x

Defendant Brooklyn-Queens Health Care, Inc. ("BQHC"), by its undersigned attorneys, GREENBERG TRAURIG, LLP, as and for its Answer to the Complaint dated April 6, 2009 (the "Complaint"), alleges as follows:

1. To the extent that Paragraph 1 of the Complaint makes factual allegations, Defendant BQHC denies all such allegations except admits that Plaintiff relies upon a contract that purported to provide clinical clerkships at two Queens hospitals owned and operated by a New York corporation which is not a party to this action and which is in bankruptcy proceedings under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. 701 *et seq.*, and that both of the subject hospitals are closed and out of business.

2. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint except admits that Defendant BQHC is the corporate parent of Caritas Health Care, Inc. ("Caritas") and that Caritas was the owner and, in accordance with the New York State Health and Hospital Law and all applicable regulations, Caritas was the exclusive operator of the two Queens hospitals, St. John's Queens Medical Center and Mary Immaculate Hospital, before their closure.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint is a conclusion of law that does not call for an admission or denial.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint except admits that in the New York City area there is an increasing number of medical students who compete for available slots to complete their clinical clerkships.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, except admits that, under the contract on which Ross relies, Ross prepaid certain amounts to Caritas for the clerkship slots.

17. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint, which characterize a provision of the agreement on which Plaintiff relies and refers the Court to the entire agreement as amended for a complete statement of its terms and conditions.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint, which characterize a provision of the agreement on which Plaintiff relies and refers the Court to the entire agreement as amended for a complete statement of its terms and conditions.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint, which characterize a provision of the agreement on which Plaintiff relies and refers the Court to the entire agreement as amended for a complete statement of its terms and conditions.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint except admits that Caritas announced the closing of St. John's Queens Medical Center and Mary Immaculate Hospital.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint except admits that Caritas filed for protection under Chapter 11 of the Bankruptcy Code and that St. John's Queens Medical Center and Mary Immaculate Hospital are out of business.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint except admits that Wyckoff Heights Medical Center ("Wyckoff") provided some clerkships for some Ross students.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Answering Paragraph 46 of the Complaint, Defendant repeats and realleges its responses to each and every allegation contained in paragraphs 1 through 45.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58. The Complaint fails to join necessary and indispensable parties, i.e. Caritas Health Care, Inc. and Wyckoff Heights Medical Center.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59. The Complaint is barred by the doctrine of impossibility.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60. The Complaint is barred by the doctrine of ultra vires in connection with Defendant as an entity and the individuals who signed the agreement and amendments.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. The Complaint is barred on the ground that Defendant acted as agent for a disclosed principal.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62. The Complaint is barred on the ground that Defendant lacked the authority to enter into the agreement.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63. The Complaint is barred by the doctrine of mutual mistake.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64. The Complaint is barred as contrary to public policy.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65. Plaintiff has failed to mitigate its alleged damages.

### AS AN FOR A TENTH AFFIRMATIVE DEFENSE

66. The relief requested is barred by statute and government regulations.

67. Defendant reserves the right to add, amend or withdraw its affirmative defenses as further investigation or discovery so dictates.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint with prejudice, together with awarding to Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      May 11, 2009

                              GREENBERG TRAURIG, LLP

                              By: /S/ Ronald D. Lefton
                                  Ronald D. Lefton (RL 2666)
                                  Serena Boscia Montalbano (SB 2009)
                              200 Park Avenue
                              New York, New York 10166
                              Telephone:  (212) 801-9200
                              Facsimile:  (212) 801-6400
                              leftonr@gtlaw.com
                              bosciamontalbanos@gtlaw.com
                              *Attorneys for Defendant*
                              *Brooklyn-Queens Health Care, Inc.*