# Baker Hostetler

Baker&Hostetler LLP

191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

T  312.416.6200
F  312.416.6201
www.bakerlaw.com

February 4, 2011

George J. Tzanetopoulos
direct dial: 312.416.6225
gtzanetopoulos@bakerlaw.com

**VIA ECF**

Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   *Ross University School of Medicine v. Brooklyn-Queens Health Care Inc.*
      *and Wyckoff Heights Medical Center*
      No. 09 Civ. 1410 (KAM) (RLM)

Dear Judge Mann:

Pursuant to the Court's order of December 14, 2010, I write to report on the parties'
mediation efforts.  Defense counsel and I exchanged messages earlier in the week with a
view toward having a discussion for the submission of a joint report.  Unfortunately, we
were never able to connect.  Thus, please note that this report is made from Plaintiff
Ross University School of Medicine's ("Ross") perspective.

## Background

As the Court will recall, this case is an action brought by Ross against defendants
Brooklyn Queens Health Care, Inc. ("BQHC") and Wyckoff Heights Medical Center
("Wyckoff") for breach of a contract under which Ross advanced substantial sums to
BQHC in exchange for the promise that clinical clerkship rotations would be provided
for Ross' students at two (now defunct) hospitals controlled by BQHC and, if those two
hospitals ceased to operate, at Wyckoff.  The hospitals have ceased to operate, but
defendants refuse to provide the rotations at Wyckoff.

## Mediation Efforts

The parties made significant efforts in the mediation.  They selected well-known
mediator, Jonathan Marks, to preside over the sessions.  The mediation was held in Mr.

Baker Hostetler

Honorable Roanne L. Mann
February 4, 2011
Page 2

Marks' Bethesda, Maryland offices.  Plaintiff was represented at the mediation by plaintiff's outside counsel, Ross' CFO, the general counsel of Ross' corporate parent, DeVry, Inc., and an executive from DeVry, Inc.'s Healthcare Group.  Defendants were represented by defendants' outside counsel and defendants' general counsel.  The mediation session lasted for two days.

The parties were, however, not able to reach a settlement during the mediation.  Both parties have had separate post-session telephone conferences with the mediator, who has expressed his willingness to continue to assist with discussions.

**Ross Request For Next Steps**

While Ross is willing to continue settlement discussions on a parallel path with the litigation, we believe that the parties' positions remain a significant distance apart.  Thus, Ross respectfully requests that the Court order the parties to complete discovery and move forward with the case while any further settlement discussions are conducted.

**Status Of Discovery**

Ross has issued document requests and interrogatories to defendants, and document subpoenas to BQHC's trustees and a third party.  Defendants have produced some, but not all, requested documents, and answered some, but not all, of the interrogatories.  No records have been produced in response to the subpoenas.  Defendants' counsel is representing the trustees in their response to the subpoenas.  The parties have corresponded about the deficiencies in these responses and have had a number of "meet and confer" calls about them.  Attached to this report is a selection of the correspondence that has been exchanged between counsel concerning the same.

At the same time as the "meet and confer" discussions were being conducted, the parties also discussed the possibility of mediation.  The parties agreed to defer pressing their positions on the discovery disputes and focus on the mediation.

As a result, Ross respectfully requests that the Court order defendants to produce the outstanding documents, order defendants to fully answer the outstanding interrogatory at a time that the Court believes reasonable (perhaps in 14 or 21 days), and set a deadline for remaining fact discovery 60 days from that production.  Plaintiff anticipates that it may introduce expert testimony on damages issues but does not at this point anticipate other expert testimony in its case.  Thus, a short period for expert discovery would cover the plaintiff's side of the case.

Baker Hostetler

Honorable Roanne L. Mann
February 4, 2011
Page 3

Defendants have served Ross with document requests and interrogatories.  Ross has responded (although we believe there may be a small supplemental production that will be required to complete Ross' response to the document requests).  We are unaware of any dispute about Ross' responses.

We also note that in December defendants filed suit against a consulting firm whose employees signed a number of the documents at issue in this case.  That case seeks indemnity or contribution for any sums awarded to Ross in this case.  Defendants have filed a notice of a related case in connection with that filing.

Very truly yours,


/s/ George J. Tzanetopoulos

Attachments


cc:     Walter P. Loughlin, Esq.

# Attachments

# Baker Hostetler

Baker&Hostetler LLP

191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

T 312.416.6200
F 312.416.6201
www.bakerlaw.com

George J. Tzanetopoulos
direct dial: 312.416.6225
gtzanetopoulos@bakerlaw.com

October 4, 2010

**VIA EMAIL AND FIRST CLASS MAIL**

Walter P. Loughlin
K&L Gates
599 Lexington Avenue
New York, NY 10022-6030

Re:   *Ross University School of Medicine*
      *v. Brooklyn Queens Healthcare, et al.*

Dear Pat:

I would like to schedule a telephone call with you next week to discuss the shortcomings of defendants' responses to plaintiff's discovery requests. Please let me know when you are available to talk.

In order to make our time more productive, I have set forth below a summary of the issues separately for each of defendants' responses numbered according to the response number.

## BQHC INTERROGATORY ANSWERS

1.   The objections are not well taken. The Wyckoff and the Caritas entities are relevant and, if BQHC has information about those entities, then BQHC should provide it. BQHC does purport to answer, but the answer merely refers Ross to documents produced by BQHC. However, the documents produced do not provide a complete answer to this interrogatory. BQHC should provide a complete answer.

Baker Hostetler

Walter P. Loughlin
K&L Gates
October 4, 2010
Page 2

2.    The objections are not well taken.  The Wyckoff and the Caritas entities are relevant and, if BQHC has information about those entities, then BQHC should provide it.  BQHC does purport to answer, but the answer merely refers Ross to documents produced by BQHC.  However, the documents produced do not provide a complete answer to this interrogatory.  BQHC should provide a complete answer.

3.    The objections are not well taken.  The Wyckoff and the Caritas entities are relevant and, if BQHC has information about those entities, then BQHC should provide it.  BQHC does purport to answer, but the answer merely refers Ross to documents produced by BQHC.  However, the documents produced do not provide a complete answer to this interrogatory.  BQHC should provide a complete answer.

4.    The objections are not well taken.  The Wyckoff and the Caritas entities are relevant and, if BQHC has information about those entities, then BQHC should provide it.  BQHC does purport to answer, but the answer merely refers Ross to documents produced by BQHC.  However, the documents produced do not provide a complete answer to this interrogatory.  BQHC should provide a complete answer.

5.    Although Wyckoff is specifically identified in the answer, the answer suggests that other BQHC facilities might have been able to offer clerkships.  If there are or were other facilities that could offer clerkships, those facilities should be identified specifically.  If there in fact were no others, then the answer should state that fact.

6.    The objection is not well taken.  BQHC does purport to answer, but the answer merely refers Ross to documents produced by BQHC.  However, the documents produced do not provide a complete answer to this interrogatory.  BQHC should provide a complete answer.

7.    The interrogatory is permissible and asks that BQHC identify the "statutes and government regulations" that are referred to in BQHC's own pleading.  To satisfy the requirements of Fed. R. Civ. P. 11, BQHC must clearly have been in a position to make those identifications at the time that it filed the answer.  It should do so in response to the interrogatory.

## WYCKOFF INTERROGATORY ANSWERS

1.    The objections are not well taken.  The BQHC and the Caritas entities are relevant and, if Wyckoff has information about those entities, then Wyckoff should provide it.  Wyckoff does purport to answer, but the answer merely refers Ross to

Baker Hostetler

Walter P. Loughlin
K&L Gates
October 4, 2010
Page 3

documents produced by Wyckoff.  However, the documents produced do not provide a complete answer to this interrogatory.  Wyckoff should provide a complete answer.

2.    The objections are not well taken.  The BQHC and the Caritas entities are relevant and, if Wyckoff has information about those entities, then Wyckoff should provide it.  Wyckoff does purport to answer, but the answer merely refers Ross to documents produced by Wyckoff.  However, the documents produced do not provide a complete answer to this interrogatory.  Wyckoff should provide a complete answer.

3.    The objections are not well taken.  The BQHC and the Caritas entities are relevant and, if Wyckoff has information about those entities, then Wyckoff should provide it.  Wyckoff does purport to answer, but the answer merely refers Ross to documents produced by Wyckoff.  However, the documents produced do not provide a complete answer to this interrogatory.  Wyckoff should provide a complete answer.

4.    The objections are not well taken.  Wyckoff and the Caritas entities are relevant and if Wyckoff has information about those entities, then Wyckoff should provide it.  Wyckoff does purport to answer, but the answer merely refers Ross to documents produced by Wyckoff.  However, the documents produced do not provide a complete answer to this interrogatory.  Wyckoff should provide a complete answer.

5.    Although Wyckoff is specifically identified in the answer, the answer suggests that other BQHC facilities might have been able to offer clerkships.  If there are or were other facilities that could offer clerkships, those facilities should be identified specifically.  If there in fact were no others, then the answer should state that fact.

6.    The objection is not well taken.  Wyckoff does purport to answer, but the answer merely refers Ross to documents produced by Wyckoff.  However, the documents produced do not provide a complete answer to this interrogatory.  Wyckoff should provide a complete answer.

7.    The interrogatory is permissible and asks that BQHC identify the "statutes and government regulations" that are referred to in BQHC's own pleading.  To satisfy the requirements of Fed. R. Civ. P. 11, BQHC must clearly have been in a position to make those identifications at the time that it filed the answer.  It should do so in response to the interrogatory.

### BQHC DOCUMENT REQUEST RESPONSES

2.    BQHC clearly did not produce all responsive records.  They should all be produced.

# Baker Hostetler

Walter P. Loughlin
K&L Gates
October 4, 2010
Page 4

      3.     The objection is not well taken.  If BQHC has custody or control of these clearly relevant records, it must produce them.

      4.     The objections are not well taken.  Records from January 1, 2006 to the present were requested.  The records produced did not cover that entire time period.  All requested records should be produced.

      6.     The objections are not well taken.  It appears that BQHC did not produce any responsive records.

      7.     These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

      8.     The requests are relevant to piercing claims and defendants' claims that BQHC has or had few assets.  They are also relevant to the question of whether BQHC's board may have improperly transferred assets from BQHC to make it judgment proof.

      9.     These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

      10.     These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

      11.     The requests are relevant to the piercing claims at issue in this action and defendants' claims that BQHC has or had no assets.  They are also relevant to the question of whether BQHC's board may have improperly transferred assets from BQHC to make it judgment proof.  No responsive records were produced.

      12.     The requests are relevant to the piercing claims at issue in this action and defendants' claims that BQHC has or had no assets.  They are also relevant to the question of whether BQHC's board may have improperly transferred assets from BQHC to make it judgment proof.

      13.     The requests are relevant to the piercing claims at issue in this action and defendants' claims that BQHC has or had no assets.  They are also relevant to the question of whether BQHC's board may have improperly transferred assets from BQHC to make it judgment proof.

# Baker Hostetler

Walter P. Loughlin
K&L Gates
October 4, 2010
Page 5

15.    No responsive records were produced.   These requests go to the piercing claims at issue in this action.   Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

16.    These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

17.    These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

18.    These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

19.    These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

20.    These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

21.    These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

22.    These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

23.    All responsive documents clearly have not been produced.   The requests go to defendants' assertion that FTI and its employees lacked authority in these transactions.

24.    All responsive documents clearly have not been produced.   The requests go to defendants' assertion that FTI and its employees lacked authority in these transactions.

25.    These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

# Baker Hostetler

Walter P. Loughlin
K&L Gates
October 4, 2010
Page 6

26.     These requests go to the piercing claims at issue in this action.  The records produced clearly do not constitute all responsive documents.  All requested records should be produced.

27.     These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

34.     These requests go to the piercing claims at issue in this action.  All requested records should be produced.

35-36. All responsive documents plainly have not been produced.    All requested records should be produced.

37-41. These requests go to issues of contract interpretation, performance, and breach.  All requested records should be produced.

44.     All documents, not just a selected bylaws and the like should be produced.

46-48. The objections are not well-taken.  These requests go to the piercing claims at issue in this action.  All requested records should be produced.

## WYCKOFF RESPONSES TO DOCUMENT REQUESTS

2.     BQHC clearly did not produce all responsive records.  They should all be produced.

3.     The objection is not well taken.  If BQHC has custody or control of these clearly relevant records, it must produce them.

4.     The objections are not well taken.  Records from January 1, 2006 to the present were requested.  The records produced did not cover that entire time period. All requested records should be produced.

6.     The objections are not well taken.  It appears that BQHC did not produce any responsive records.

7.     These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

Baker Hostetler

Walter P. Loughlin
K&L Gates
October 4, 2010
Page 7

8.    The requests are relevant to the piercing claims and defendants' claims that BQHC has or had few assets.  They are also relevant to the question of whether BQHC's board may have improperly transferred assets from BQHC to make it judgment proof.

9.    These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

10.    These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

11.    The requests are relevant to the piercing claims at issue in this action and defendants' claims that BQHC has or had no assets.  They are also relevant to the question of whether BQHC's board may have improperly transferred assets from BQHC to make it judgment proof.  No responsive records were produced.

12.    The requests are relevant to the piercing claims at issue in this action and defendants' claims that BQHC has or had no assets.  They are also relevant to the question of whether BQHC's board may have improperly transferred assets from BQHC to make it judgment proof.

13.    The requests are relevant to the piercing claims at issue in this action and defendants' claims that BQHC has or had no assets.  They are also relevant to the question of whether BQHC's board may have improperly transferred assets from BQHC to make it judgment proof.

15.    No responsive records were produced.   These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

16.    These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

17.   These requests go to the piercing claims at issue in this action.  Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

18.    These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record.  All requested records should be produced.

# Baker Hostetler

Walter P. Loughlin
K&L Gates
October 4, 2010
Page 8

    19.   These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record. All requested records should be produced.

    20.   These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record. All requested records should be produced.

    21.   These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record. All requested records should be produced.

    22.   These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record. All requested records should be produced.

    23.   All responsive documents clearly have not been produced. The requests go to defendants' assertion that FTI and its employees lacked authority in these transactions.

    24.   All responsive documents clearly have not been produced. The requests go to defendants' assertion that FTI and its employees lacked authority in these transactions.

    25.   These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record. All requested records should be produced.

    26.   These requests go to the piercing claims at issue in this action. The records produced clearly do not constitute all responsive documents. All requested records should be produced.

    27.   These requests go to the piercing claims at issue in this action. Improper transfers among the BQHC affiliates at issue here are a matter of public record. All requested records should be produced.

    34.   These requests go to the piercing claims at issue in this action. All requested records should be produced.

    35-36. All responsive documents plainly have not been produced. All requested records should be produced.

# Baker Hostetler

Walter P. Loughlin
K&L Gates
October 4, 2010
Page 9

     37-41. These requests go to issues of contract interpretation, performance, and breach.  All requested records should be produced.

     44.     All documents, not just a selected bylaws and the like should be produced.

     46-48. The objections are not well-taken.  These requests go to the piercing claims at issue in this action.  All requested records should be produced.

Sincerely,

George J. Tzanetopoulos

## Tzanetopoulos, George J.

| | |
|---|---|
| **From:** | Loughlin, Walter P. [Walter.Loughlin@klgates.com] |
| **Sent:** | Tuesday, October 12, 2010 9:14 AM |
| **To:** | Tzanetopoulos, George J. |
| **Subject:** | Re: Ross School of Medicine v. BQHC |

Just email or fax them.
Walter P. Loughlin
K & L Gates
599 Lexington Avenue
New York, New York 10022
212 536-4065 (o)
917 251-5574 (cell)
walter.loughlin@klgates.com

---

**From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]
**Sent:** Tuesday, October 12, 2010 10:02 AM
**To:** Loughlin, Walter P.
**Subject:** RE: Ross School of Medicine v. BQHC

Pat:

  You were not in the office when my colleagues tried to drop off the subpoenas on Friday. Is it acceptable to you to leave them with your mail room? Thanks.

Best regards,
George Tzanetopoulos

---

**From:** Loughlin, Walter P. [mailto:Walter.Loughlin@klgates.com]
**Sent:** Wednesday, October 06, 2010 10:45 AM
**To:** Tzanetopoulos, George J.
**Subject:** RE: Ross School of Medicine v. BQHC

I was able to determine that I can accept service of the subpoenas. Just send them on to me. And I understand you want to set up a time next week to discuss the objections to the interrogatories. How about Tues or Wed afternoon the 12th or 13th?

---

**From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]
**Sent:** Tuesday, October 05, 2010 2:47 PM
**To:** Loughlin, Walter P.
**Subject:** Ross School of Medicine v. BQHC

Pat:

  I left a voice message for you yesterday. I have a couple of questions. First, plaintiff

intends to serve additional subpoenas duces tecum on the trustees of defendants' boards.  Will you accept service of those subpoenas or shall we serve them directly?

Also, we have not received any response to the earlier served subpoenas to defendants' trustees.  Are you the right person with whom to discuss that issue or shall I take that matter up with the trustees themselves?

Best regards,
George Tzanetopoulos

**My Bio**  |  **Web site**  |  **V-card**

T 312.416.6225
F 312.416.6201

www.bakerlaw.com

George J. Tzanetopoulos
gtzanetopoulos@bakerlaw.com

Baker & Hostetler LLP
191 North Wacker Drive
Chicago, Illinois 60601-1901



------------------------------------------

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that, unless we expressly state otherwise in this communication (including any attachments), any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or other matter addressed herein.

------------------------------------------

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

2/4/2011

This electronic message contains information from the law firm of K&L Gates LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at Walter.Loughlin@klgates.com.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

## Tzanetopoulos, George J.

**From:**    Loughlin, Walter P. [Walter.Loughlin@klgates.com]
**Sent:**    Tuesday, November 02, 2010 7:31 AM
**To:**      Tzanetopoulos, George J.
**Subject:** Re: Ross v. BQHC

George: Can we push our meeting to the afternoon? I have a conf call I have to do from home at 9 my time so I will be en route to the office afterwards and may not be there by 11. I have a 3 pm call my time on another matter. Would 2 pm my time work for you or do you want me to call whenever I reach the office? Pat
Walter P. Loughlin
K & L Gates
599 Lexington Avenue
New York, New York 10022
212 536-4065 (o)
917 251-5574 (cell)
walter.loughlin@klgates.com

---

**From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]
**Sent:** Monday, November 01, 2010 06:29 PM
**To:** Loughlin, Walter P.
**Subject:** RE: Ross v. BQHC

How about 11 eastern / 10 central?

---

**From:** Loughlin, Walter P. [mailto:Walter.Loughlin@klgates.com]
**Sent:** Monday, November 01, 2010 4:55 PM
**To:** Tzanetopoulos, George J.
**Subject:** RE: Ross v. BQHC

you pick a time and I will be sure to hold it and not let the urgent crowd out the important.

---

**From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]
**Sent:** Monday, November 01, 2010 4:18 PM
**To:** Loughlin, Walter P.
**Subject:** FW: Ross v. BQHC

Pat - what time tomorrow would you be available to talk? We need to make arrangements regarding mediation and also with the Court regarding scheduling.

Thanks.
George Tzanetopoulos

---

**From:** Tzanetopoulos, George J.
**Sent:** Friday, October 29, 2010 2:54 PM
**To:** Loughlin, Walter P.

2/3/2011

**Subject:** RE: Ross v. BQHC

Any time before noon central / 1 eastern would work.

> **From:** Loughlin, Walter P. [mailto:Walter.Loughlin@klgates.com]
> **Sent:** Friday, October 29, 2010 2:34 PM
> **To:** Tzanetopoulos, George J.
> **Cc:** Roeber, Justin H.
> **Subject:** Re: Ross v. BQHC
>
> I am out of the office. You want to suggest a time on Monday? We are also preparing some additional discovery which should go to you on Monday.
> Walter P. Loughlin
> K & L Gates
> 599 Lexington Avenue
> New York, New York 10022
> 212 536-4065 (o)
> 917 251-5574 (cell)
> walter.loughlin@klgates.com

> **From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]
> **Sent:** Friday, October 29, 2010 12:35 PM
> **To:** Loughlin, Walter P.
> **Subject:** RE: Ross v. BQHC
>
> Is there a time this afternoon that works for you?

> > **From:** Loughlin, Walter P. [mailto:Walter.Loughlin@klgates.com]
> > **Sent:** Wednesday, October 27, 2010 12:02 PM
> > **To:** Tzanetopoulos, George J.
> > **Subject:** RE: Ross v. BQHC
> >
> > George: I am sorry I have been so out of touch. I was able to speak with David Hoffman yesterday. We are in the process of pushing out some additional discovery to you. However, more importantly, David has authorized me to say that we are interested in your suggestion of mediation. Why don't we get you the additional discovery while also sending a letter to Judge Mann extending the discovery period and then focusing primarily on identifying mediator candidates and exchanging names. I am out of pocket until Friday due to another mediation scheduled for tomorrow for which I must prepare. I could speak to you Friday morning if you want. Pat

> > **From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]
> > **Sent:** Wednesday, October 27, 2010 10:10 AM
> > **To:** Loughlin, Walter P.
> > **Subject:** RE: Ross v. BQHC
> >
> > Pat:  I still have not heard from you.  We obviously need to talk.  What time today works for you?

Regards,
George Tzanetopoulos

---

**From:** Tzanetopoulos, George J.
**Sent:** Tuesday, October 26, 2010 3:08 PM
**To:** Loughlin, Walter P.
**Subject:** FW: Ross v. BQHC

Pat:  What time this afternoon are you available for this one?

Thanks.
George Tzanetopoulos

---

**From:** Tzanetopoulos, George J.
**Sent:** Monday, October 25, 2010 10:16 AM
**To:** Loughlin, Walter P.
**Subject:** RE: Ross v. BQHC

Yes.  What time?

---

**From:** Loughlin, Walter P. [mailto:Walter.Loughlin@klgates.com]
**Sent:** Monday, October 25, 2010 10:15 AM
**To:** Tzanetopoulos, George J.
**Subject:** RE: Ross v. BQHC

George: I am not going to be able to meet with David Hoffman until
tomorrow. Can we move our call to Tuesday afternoon instead today?

---

**From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]

**Sent:** Thursday, October 21, 2010 11:40 AM
**To:** Loughlin, Walter P.
**Subject:** RE: Ross v. BQHC

I had 2:30 NY time down, but 4:00 NY time works fine at this end.
 I'll call you then.

---

**From:** Loughlin, Walter P.
[mailto:Walter.Loughlin@klgates.com]
**Sent:** Thursday, October 21, 2010 10:39 AM
**To:** Tzanetopoulos, George J.
**Subject:** Re: Ross v. BQHC

George: I don't remember whether we agreed on a time for a
call this afternoon. Would 4 pm NY time work for you?
Walter P. Loughlin
K & L Gates

2/3/2011

599 Lexington Avenue
New York, New York 10022
212 536-4065 (o)
917 251-5574 (cell)
walter.loughlin@klgates.com

---

**From:** Tzanetopoulos, George J.
[mailto:gtzanetopoulos@bakerlaw.com]
**Sent:** Wednesday, October 13, 2010 04:37 PM
**To:** Loughlin, Walter P.
**Subject:** Ross v. BQHC

Pat:

It was good to talk to you this afternoon. To
confirm our conversation, you and your colleagues will go
over defendants' discovery responses again and determine
what revisions to interrogatory answers you will make and
what additional documents you will produce. We will have
another telephone conference on Thursday, October 21,
2010 to discuss where you are on those issues. If
information can be produced before that time, you will do
so.

Best regards,
George Tzanetopoulos

My Bio  |  Web site  |  V-card

T 312.416.6225        George J. Tzanetopoulos
F 312.416.6201        gtzanetopoulos@bakerlaw.com

www.bakerlaw.com     Baker & Hostetler LLP
                      191 North Wacker Drive
                      Chicago, Illinois 60601-1901



--------------------------------------------

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed
by the IRS in Circular 230, we inform you that,
unless we expressly state otherwise in this

communication (including any attachments), any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or other matter addressed herein.

-------------------------------------------

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This electronic message contains information from the law firm of K&L Gates LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at Walter.Loughlin@klgates.com.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

2/3/2011

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

## Tzanetopoulos, George J.

| | |
|---|---|
| **From:** | Loughlin, Walter P. [Walter.Loughlin@klgates.com] |
| **Sent:** | Tuesday, December 07, 2010 9:55 AM |
| **To:** | Tzanetopoulos, George J. |
| **Subject:** | Re: Ross v. BQHC |

George: It was just Thursday that it was decided who would make a choice. I was in court on Friday and had a deposition yesterday. I am filing a reply brief tomorrow. Since Thursday, amid these other deadlines, I have been conferring with my client and gathering information to make a choice from your candidates, which I expect to be able to do in short order. I know we owe the Court a report on our mediation efforts by Friday. My goal is to be able to report that we have selected a mediator and have contacted that person to discuss scheduling. I am prepared to agree to an extension of fact discovery to a period of time that works for you after the mediation in the event that process does not lead to a resolution.

Walter P. Loughlin
K & L Gates
599 Lexington Avenue
New York, New York 10022
212 536-4065 (o)
917 251-5574 (cell)
walter.loughlin@klgates.com

---

**From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]
**Sent:** Monday, December 06, 2010 11:11 AM
**To:** Loughlin, Walter P.
**Subject:** FW: Ross v. BQHC

Pat:

I still haven't heard from you. My client is running out of patience with the pattern of delay. Please let me know your clients' choice and let's schedule a session. Also, let's talk about the report due to the court.

Regards,
George Tzanetopoulos.

---

**From:** Tzanetopoulos, George J.
**Sent:** Thursday, December 02, 2010 7:57 AM
**To:** 'Loughlin, Walter P.'
**Subject:** RE: Ross v. BQHC

Pat:

Yesterday's S&P close was 1206. So, you pick one from our list. Let me know who you choose and then let's talk about scheduling and the like.

Regards,

George Tz.

---

**From:** Tzanetopoulos, George J.
**Sent:** Tuesday, November 30, 2010 3:21 PM
**To:** Loughlin, Walter P.
**Subject:** RE: Ross v. BQHC

Not quite that bad.  How about this:  If the last whole number of tomorrow's S&P 500 close as reported by the Wall Street Journal is an odd number, we must pick from one of the three mediators that you have proposed.  If the last whole number of tomorrow's S&P 500 close as reported by the Wall Street Journal is an even number you must pick from one of the three mediators that we have proposed.  On Thursday, we'll get on the phone and begin working on scheduling the chosen mediator.

---

**From:** Loughlin, Walter P. [mailto:Walter.Loughlin@klgates.com]
**Sent:** Tuesday, November 30, 2010 2:39 PM
**To:** Tzanetopoulos, George J.
**Subject:** RE: Ross v. BQHC

You pick. I can't remember but it seemed more complicated than the BCS formula.

---

**From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]
**Sent:** Tuesday, November 30, 2010 3:36 PM
**To:** Loughlin, Walter P.
**Subject:** RE: Ross v. BQHC

So long as we settle on the tie-breaker in advance, I don't think that it matters.

---

**From:** Loughlin, Walter P. [mailto:Walter.Loughlin@klgates.com]
**Sent:** Tuesday, November 30, 2010 1:36 PM
**To:** Tzanetopoulos, George J.
**Subject:** RE: Ross v. BQHC

We are ready to participate in the process you suggested. What's the first step? Do we act simultaneously or does one of us go first?

---

**From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]
**Sent:** Tuesday, November 30, 2010 2:29 PM
**To:** Loughlin, Walter P.
**Subject:** RE: Ross v. BQHC

Pat:

          All things being equal, I would tend to agree.  However, it was in October when your clients first acceded to Ross' suggestion that the parties mediate and we still have not been able to settle on a mediator.  On November 18th I proposed a means for breaking through the deadlock on selecting a mediator.  We still have

not received a response from your clients to that proposal, let alone made any progress on scheduling a session with whomever the mediator might be.

We have already asked the court for (and received) a number of extensions of the discovery deadlines.   Ross is not willing be put in a position where discovery rights are lost due to defendants' inability to get to the mediation table promptly.

Thus, if we can agree on a mediator and make substantial progress on scheduling a session by the close of business this Thursday, Ross will agree to defer the discovery responses due from defendants pending further instruction from the Court.  If not, we must insist on receiving the discovery responses on Friday.

Best regards,
George Tzanetopoulos

---

**From:** Loughlin, Walter P. [mailto:Walter.Loughlin@klgates.com]
**Sent:** Tuesday, November 30, 2010 7:38 AM
**To:** Tzanetopoulos, George J.
**Subject:** RE: Ross v. BQHC

George: Wouldn't it make more sense to focus our attention on the effort to see if mediation can work to resolve this case than to spend more time, effort, and our client's resources on discovery. I am willing to agree to suspend discovery with the proviso that it is understood that Ross retains its right to demand all the discovery it is entitled to, if mediation doesn't work. Now that I understand better the method of selection you proposed, do you think we can settle on a specific mediator this week? Pat

---

**From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]
**Sent:** Monday, November 29, 2010 10:53 AM
**To:** Loughlin, Walter P.
**Subject:** Ross v. BQHC

Pat:

We have not received a response to our proposal for mediator selection.  Ross still wishes to attempt to resolve this dispute through mediation, but we cannot hold up the discovery process any longer while we await agreement on a means of selecting a mediator.

Please provide to us no later than Friday of this week (December 3, 2010), the outstanding discovery information that was discussed in my letter to you of October 4, 2010 and the records that were requested in the subpoenas to the individuals that you represent.

Best regards,
George Tzanetopoulos

2/3/2011

My Bio | Web site | V-card

T 312.416.6225
F 312.416.6201

www.bakerlaw.com

George J. Tzanetopoulos
gtzanetopoulos@bakerlaw.com

Baker & Hostetler LLP
191 North Wacker Drive
Chicago, Illinois 60601-1901



---------------------------------------------

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that, unless we expressly state otherwise in this communication (including any attachments), any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or other matter addressed herein.

---------------------------------------------

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Walter.Loughlin@klgates.com.

2/3/2011

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

2/3/2011