The Court reluctantly reopens fact discovery, but only to the limited extent requested in defendants' letter of December 13, 2010. Fact discovery is reopened, on an expedited basis, until March 15, 2011. All outstanding discovery demands must be responded to by February 22, 2011. Plaintiff's expert disclosure shall be served by April 7, 2011; defendants' is due by May 5, 2011; expert depositions shall be completed by May 31, 2011. By May 31, 2011, the parties shall advise the Court whether they intend to file dispositive motions.

SO ORDERED:
/s/
Roanne L. Mann
U.S. Magistrate Judge
Dated: 2/10/11

BakerHostetler

Baker&Hostetler LLP
191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901
T 312.416.6200
F 312.416.6201
www.bakerlaw.com

George J. Tzanetopoulos
direct dial: 312.416.6225
gtzanetopoulos@bakerlaw.com

February 4, 2011

VIA ECF

Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Ross University School of Medicine v. Brooklyn-Queens Health Care Inc. and Wyckoff Heights Medical Center*
No. 09 Civ. 1410 (KAM) (RLM)

Dear Judge Mann:

Pursuant to the Court's order of December 14, 2010, I write to report on the parties' mediation efforts. Defense counsel and I exchanged messages earlier in the week with a view toward having a discussion for the submission of a joint report. Unfortunately, we were never able to connect. Thus, please note that this report is made from Plaintiff Ross University School of Medicine's ("Ross") perspective.

**Background**

As the Court will recall, this case is an action brought by Ross against defendants Brooklyn Queens Health Care, Inc. ("BQHC") and Wyckoff Heights Medical Center ("Wyckoff") for breach of a contract under which Ross advanced substantial sums to BQHC in exchange for the promise that clinical clerkship rotations would be provided for Ross' students at two (now defunct) hospitals controlled by BQHC and, if those two hospitals ceased to operate, at Wyckoff. The hospitals have ceased to operate, but defendants refuse to provide the rotations at Wyckoff.

**Mediation Efforts**

The parties made significant efforts in the mediation. They selected well-known mediator, Jonathan Marks, to preside over the sessions. The mediation was held in Mr.

Marks' Bethesda, Maryland offices. Plaintiff was represented at the mediation by plaintiff's outside counsel, Ross' CFO, the general counsel of Ross' corporate parent, DeVry, Inc., and an executive from DeVry, Inc.'s Healthcare Group. Defendants were represented by defendants' outside counsel and defendants' general counsel. The mediation session lasted for two days.

The parties were, however, not able to reach a settlement during the mediation. Both parties have had separate post-session telephone conferences with the mediator, who has expressed his willingness to continue to assist with discussions.

**Ross Request For Next Steps**

While Ross is willing to continue settlement discussions on a parallel path with the litigation, we believe that the parties' positions remain a significant distance apart. Thus, Ross respectfully requests that the Court order the parties to complete discovery and move forward with the case while any further settlement discussions are conducted.

**Status Of Discovery**

Ross has issued document requests and interrogatories to defendants, and document subpoenas to BQHC's trustees and a third party. Defendants have produced some, but not all, requested documents, and answered some, but not all, of the interrogatories. No records have been produced in response to the subpoenas. Defendants' counsel is representing the trustees in their response to the subpoenas. The parties have corresponded about the deficiencies in these responses and have had a number of "meet and confer" calls about them. Attached to this report is a selection of the correspondence that has been exchanged between counsel concerning the same.

At the same time as the "meet and confer" discussions were being conducted, the parties also discussed the possibility of mediation. The parties agreed to defer pressing their positions on the discovery disputes and focus on the mediation.

As a result, Ross respectfully requests that the Court order defendants to produce the outstanding documents, order defendants to fully answer the outstanding interrogatory at a time that the Court believes reasonable (perhaps in 14 or 21 days), and set a deadline for remaining fact discovery 60 days from that production. Plaintiff anticipates that it may introduce expert testimony on damages issues but does not at this point anticipate other expert testimony in its case. Thus, a short period for expert discovery would cover the plaintiff's side of the case.

Defendants have served Ross with document requests and interrogatories. Ross has responded (although we believe there may be a small supplemental production that will be required to complete Ross' response to the document requests). We are unaware of any dispute about Ross' responses.

We also note that in December defendants filed suit against a consulting firm whose employees signed a number of the documents at issue in this case. That case seeks indemnity or contribution for any sums awarded to Ross in this case. Defendants have filed a notice of a related case in connection with that filing.

Very truly yours,

/s/ George J. Tzanetopoulos

Attachments

cc: Walter P. Loughlin, Esq.