# Baker Hostetler

Baker&Hostetler LLP

191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

T 312.416.6200
F 312.416.6201
www.bakerlaw.com

George J. Tzanetopoulos
direct dial: 312.416.6225
gtzanetopoulos@bakerlaw.com

March 1, 2011

**BY ECF**

Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Ross University School of Medicine Ltd. v. Brooklyn-Queens Health Care Inc. and Wyckoff Heights Medical Center*, Case No. 09 Civ. 1410 (KAM) (RLM)

Dear Judge Mann:

I represent plaintiff Ross University School of Medicine, Ltd. ("Ross") and write pursuant to Local Rule 37(3)(c) and Your Honor's Individual Rule III. On February 10, 2011, following receipt of the plaintiff's report that the parties' mediation had not settled the case, the Court ordered that expedited fact discovery be completed by March 15, 2011 and "all outstanding discovery demands must be responded to by 2/22/11." (Docket # 47).

Defendants still have not complied with the Court's order. Although, defendants did make an additional production of a small collection of the outstanding documents, important documents remain unproduced, defendants have done nothing to supplement the insufficient interrogatory answers that are outstanding, and defendants have indicated that they possess at least 35 GB of electronically stored information that they retrieved but have not yet produced. *See* Exh. 1. In addition, counsel for defendants represents defendants' board members from whom Ross subpoenaed documents. Not a single document has been produced in response to those subpoenas. Counsel have had numerous phone calls and correspondence exchanges regarding these issues. *See* Group Exh. 2.

Ross respectfully requests that, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the Court sanction defendants by rendering a default judgment against defendants. Ross understands the severity of the sanction sought and does not make this request lightly. However, because the Court's order requires that expedited fact discovery be completed by March 15, 2011 – and we note that Ross fully understands and respects the reasons for the Court's imposition of this deadline – a default judgment is the most appropriate sanction. *See U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954 (2d Cir.

1983). The information that remains outstanding goes to the heart of the liability issues in this case. Defendants' continued refusal to comply with its discovery obligations has hamstrung plaintiff's ability to gather evidence from defendants and third parties to prove liability. Thus, defaulting defendants is the only sanction that effectively remedies the harm caused by defendants' failure to comply with the Court's order. Alternatively, if the Court does not default defendants, plaintiff reluctantly requests that the Court order that the information be produced and extend the discovery schedule to permit only plaintiff additional time to complete fact discovery.[1]

**Summary of Ross' Claims.** In connection with its purchase of two hospitals (the "Hospitals"), defendant Wyckoff set up a corporate structure in which defendant Brooklyn Queens Healthcare, Inc. ("BQHC") held Wyckoff and also held a new entity, Caritas Health Care, Inc., which in turn held the Hospitals. BQHC entered into a contract with Ross under which Ross advanced substantial sums in exchange for BQHC's promise to provide clinical clerkship rotations at the Hospitals for Ross' medical students. The contract provided that if the Hospitals ceased to operate, BQHC would provide the promised clerkships at another of its facilities. Ross believes that the only such other facility is Wyckoff. The Hospitals have ceased to operate, but BQHC and Wyckoff refuse to provide replacement clerkships as the parties' contract requires.

Ross' complaint asserts claims for breach of contract. Ross seeks specific performance, damages, and "reverse piercing" of the corporate veil to require Wyckoff to satisfy any damages award that BQHC cannot pay.

The piercing claims are significant in the case and are the focus of much of the discovery to which defendants have failed to respond. We believe that BQHC may have few remaining assets and there is substantial indicia of abuse of the corporate form here. BQHC is and apparently always was undercapitalized. The Department of Health imposed a restructuring officer on the defendant entities (and Caritas) because the hospitals wrongfully transferred funds between entities. *See* Exh. 3. A subordination agreement reveals millions of dollars of undocumented intercompany "loans" and "equipment leases." *See* Exh. 4 at p. 1. Senior management employees were apparently transferred between entities to manipulate intercompany debts. BQHC's board minutes indicate that, in the midst of discussions regarding potential bankruptcy filings by the Hospitals, the BQHC board voted

---

[1] The order of February 10, 2011 expressly noted that the Court granted the last extension only reluctantly. Thus, we advance this alternative with hesitation. However, if defendants are not defaulted, but permitted to produce late (or not at all) without further relief from the deadline granted to plaintiff, defendants' violation of their discovery obligations and the Court's order will have the result of severely disadvantaging Ross and granting equal advantage to the defendants who failed to comply.

# Baker Hostetler

Honorable Roanne L. Mann
March 1, 2011
Page 3

to "transfer all ancillary properties currently owned by BQHC, Inc. into a new holding corporation." *See* Exh. 5 at p. 2.

**Disputed Requests.** Space limitations prevent setting forth in full each request in dispute. Thus, we summarize the issues below. Defendants' electronically stored information may be the item that is most readily addressed. Defense counsel has indicated that at least 35 GB of such information has been gathered. Exh. 1. None has been produced. The subpoenas to the board members are also easily addressed. The subpoenas sought documents related to the piercing claims and defenses asserted by defendants. Group Exh. 6. No records have been produced.

Numerous document requests remain at issue. Exhs. 7-10. The categories of requested documents that remain unproduced include a host of financial records that go to the piercing claims (books of account, and journal entries; bank account records; documents concerning intercompany transfers; records concerning the improper transfers of funds that lead to the Department of Health's actions, interactions with the Department, and audits that the Department required; documents concerning a lawsuit brought against defendants and won by another medical school concerning defendants' breach of a similar prepaid clerkship contract; documents concerning which entity engaged and paid at the relevant periods the defendants' overlapping officers, employees, and directors; and records concerning the transfer of assets out of BQHC).

Interrogatories 1-4 ask defendants to specify which board members, officers and employees served which entity (and when). The answers refer to documents that do not answer the questions. Exhs. 11-14. Interrogatory 5 ask that defendants identify "the other facilities" referred to by the contract's provision that replacement clerkships would be provided at one of BQHC's other facilities. Defendants' answer evades. Interrogatory 7 asks defendants to identify the "statute and government regulations" to which they refer in their Defenses. The answer dodges the question.

Accordingly, plaintiff respectfully requests that the Court enter an order sanctioning defendants with entry of a default judgment against them.

Sincerely,

George J. Tzanetopoulos