# Group Exhibit 6 – Part 1

S-AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Eastern District of New York

ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD.

V.

BROOKLYN-QUEENS HEALTH CARE, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:09-CV-01410-KAM-RLM

TO:   VITO J. D'ALESSANDRO, M.D. - WYCKOFF HEIGHTS MC
374 STOCKHOLM STREET
BROOKLYN, NEWYORK 11237-4006

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE A

| PLACE     BAKER & HOSTETLER LLP, 45 ROCKEFELLER PLAZA, 11TH FLOOR, NEW YORK, NEWYORK 10111 | DATE AND TIME    9/14/2010 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    RYAN P. FARLEY, ESQ.  ATTORNEY FOR PLAINTIFF | DATE    8/30/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
RYAN P. FARLEY, ESQ. 45 ROCKEFELLER PLAZA - 10TH FLOOR, NEW YORK, NEW YORK 10111
(212)589-4200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify a subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

DEFINITIONS

"BQHC" means Brooklyn Queens Healthcare, Inc. and any affiliate, member, hospital, predecessor, or successor of Brooklyn Queens Healthcare, Inc.

"Caritas" means Caritas Health Care, Inc. and any affiliate, member, hospital, predecessor, or successor of Caritas Health Care, Inc., including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Mary Immaculate" means Mary Immaculate Hospital.

"Ross" means the Ross University School of Medicine School of Veterinary

"St. Johns" means St. Johns Hospital.

"SVCMC" means St. Vincent Catholic Medical Centers and any affiliate, member, hospital, predecessor, or successor of St. Vincent Catholic Medical Centers, including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Wyckoff" means Wyckoff Heights Medical Center and any affiliate, member, predecessor, or successor of Wyckoff Heights Medical Center.

DOCUMENTS TO BE PRODUCED

All documents from 2004 to the present that refer, relate, constitute, or pertain to:

1.     The acquisition or potential acquisition by Wyckoff, Caritas, and/or BQHC of any interest in any hospital or entity affiliated with SVCMC.

2.     The development, formation, and structure of the BQHC System.

3.     The development, formation, and structure of Caritas.

4.     The acquisition or potential acquisition by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

5.     Information packages and all other documents that refer, relate, or pertain to the topics that were or were to be discussed at meetings of Wyckoff's Board of Trustees.

6.     Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of BQHC's Board of Trustees.

7.     Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of Caritas' Board of Trustees.

8.     The authority of any chief restructuring officer concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

9.    The authority of Thomas Singleton concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

10.    The authority of Paul Goldberg concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

11.    The authority of Harold MacDonald concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

12.    The authority of Neil Mandava concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

13.    Any and all affiliation agreements between any medical school and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

14.    Any and all funds paid by any medical school to Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in connection with the provision of clinical portions rotation for students of that school.

15.    The transfer of funds or any other thing of value between Caritas and Wyckoff.

16.    Any and all audits of financial transactions and transfers between Caritas and Wyckoff (and/or the affiliates of Caritas or Wyckoff).

17.    All documents prepared by the New York Department of Health concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

18.    All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

19.    All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning a restructuring officer for Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

20.    The New York Department of Health Recommendation and/or argument that Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate hire a consultant or restructuring officer.

21.    Conditions that the New York Department of Health imposed upon Wyckoff, Caritas, and/or BQHC as a condition for the provision by the New York Department of Health of any loan or other financial assistance.

22.    The transfer or potential transfer of assets out of BQHC.

23.    The formation or potential formation of any new entity in order to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

24.     All actions taken to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

25.     All transactions between Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the one hand, and FTI Cambio, Thomas Singleton, and/or Paul Goldberg on the other hand.

26.     The provision at Wyckoff of clinical rotation slots for medical students that at any time Wyckoff, Caritas, and/or BQHC contemplated would be provided at St. Johns Hospital or Mary Immaculate Hospital.

27.     All communications, contracts, or other records of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate concerning the provision of clinical rotation slots for the students of [insert all other medical schools that we care about].

28.     The sums received by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in exchange for providing clinical rotation slots to students of any and all medical schools.

29.     All agreements under which Wyckoff was to provide clinical rotation slots to students of any and all medical school(s).

30.     All agreements from 2006 to the present in which Wyckoff, Caritas, and/or BQHC agreed to provide at Wyckoff clinical rotation slots to the students of any and all medical school(s).

31.     All communications between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

32.     The lawsuit between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

33.     Communications between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

34.     Any affiliation agreement or potential affiliation agreement between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Eastern District of New York

ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD.

V.

BROOKLYN-QUEENS HEALTH CARE, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:09-CV-01410-KAM-RLM

TO:  EDMONDO MODICA, M.D. - WYCKOFF HEIGHTS MC
374 STOCKHOLM STREET
BROOKLYN, NEWYORK 11237-4006

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE A

| PLACE      BAKER & HOSTETLER LLP, 45 ROCKEFELLER PLAZA, 11TH FLOOR, NEW YORK, NEWYORK 10111 | DATE AND TIME   9/14/2010 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   RYAN P. FARLEY, ESQ.  ATTORNEY FOR PLAINTIFF | DATE   8/30/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
RYAN P. FARLEY, ESQ. 45 ROCKEFELLER PLAZA - 10TH FLOOR, NEW YORK, NEW YORK 10111 (212)589-4200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person - - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Schedule A**

DEFINITIONS

"BQHC" means Brooklyn Queens Healthcare, Inc. and any affiliate, member, hospital, predecessor, or successor of Brooklyn Queens Healthcare, Inc.

"Caritas" means Caritas Health Care, Inc. and any affiliate, member, hospital, predecessor, or successor of Caritas Health Care, Inc., including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Mary Immaculate" means Mary Immaculate Hospital.

"Ross" means the Ross University School of Medicine School of Veterinary

"St. Johns" means St. Johns Hospital.

"SVCMC" means St. Vincent Catholic Medical Centers and any affiliate, member, hospital, predecessor, or successor of St. Vincent Catholic Medical Centers, including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Wyckoff" means Wyckoff Heights Medical Center and any affiliate, member, predecessor, or successor of Wyckoff Heights Medical Center.

DOCUMENTS TO BE PRODUCED

All documents from 2004 to the present that refer, relate, constitute, or pertain to:

1.    The acquisition or potential acquisition by Wyckoff, Caritas, and/or BQHC of any interest in any hospital or entity affiliated with SVCMC.

2.    The development, formation, and structure of the BQHC System.

3.    The development, formation, and structure of Caritas.

4.    The acquisition or potential acquisition by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

5.    Information packages and all other documents that refer, relate, or pertain to the topics that were or were to be discussed at meetings of Wyckoff's Board of Trustees.

6.    Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of BQHC's Board of Trustees.

7.    Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of Caritas' Board of Trustees.

8.    The authority of any chief restructuring officer concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

9.     The authority of Thomas Singleton concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

10.     The authority of Paul Goldberg concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

11.     The authority of Harold MacDonald concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

12.     The authority of Neil Mandava concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

13.     Any and all affiliation agreements between any medical school and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

14.     Any and all funds paid by any medical school to Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in connection with the provision of clinical portions rotation for students of that school.

15.     The transfer of funds or any other thing of value between Caritas and Wyckoff.

16.     Any and all audits of financial transactions and transfers between Caritas and Wyckoff (and/or the affiliates of Caritas or Wyckoff).

17.     All documents prepared by the New York Department of Health concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

18.     All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

19.     All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning a restructuring officer for Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

20.     The New York Department of Health Recommendation and/or argument that Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate hire a consultant or restructuring officer.

21.     Conditions that the New York Department of Health imposed upon Wyckoff, Caritas, and/or BQHC as a condition for the provision by the New York Department of Health of any loan or other financial assistance.

22.     The transfer or potential transfer of assets out of BQHC.

23.     The formation or potential formation of any new entity in order to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

24.     All actions taken to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

25.     All transactions between Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the one hand, and FTI Cambio, Thomas Singleton, and/or Paul Goldberg on the other hand.

26.     The provision at Wyckoff of clinical rotation slots for medical students that at any time Wyckoff, Caritas, and/or BQHC contemplated would be provided at St. Johns Hospital or Mary Immaculate Hospital.

27.     All communications, contracts, or other records of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate concerning the provision of clinical rotation slots for the students of [insert all other medical schools that we care about].

28.     The sums received by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in exchange for providing clinical rotation slots to students of any and all medical schools.

29.     All agreements under which Wyckoff was to provide clinical rotation slots to students of any and all medical school(s).

30.     All agreements from 2006 to the present in which Wyckoff, Caritas, and/or BQHC agreed to provide at Wyckoff clinical rotation slots to the students of any and all medical school(s).

31.     All communications between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

32.     The lawsuit between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

33.     Communications between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

34.     Any affiliation agreement or potential affiliation agreement between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

S̲AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
#### Eastern District of New York

ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD.

V.

BROOKLYN-QUEENS HEALTH CARE, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:09-CV-01410-KAM-RLM

TO:   RAJIV GARG, M.D. - WYCKOFF HEIGHTS MC
374 STOCKHOLM STREET
BROOKLYN, NEWYORK 11237-4006

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE A

| PLACE   BAKER & HOSTETLER LLP, 45 ROCKEFELLER PLAZA, 11TH FLOOR, NEW YORK, NEWYORK 10111 | DATE AND TIME   9/14/2010 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| RYAN P. FARLEY, ESQ.  ATTORNEY FOR PLAINTIFF | 8/30/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
RYAN P. FARLEY, ESQ. 45 ROCKEFELLER PLAZA - 10TH FLOOR, NEW YORK, NEW YORK 10111
(212)589-4200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007;

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Schedule A**

DEFINITIONS

"BQHC" means Brooklyn Queens Healthcare, Inc. and any affiliate, member, hospital, predecessor, or successor of Brooklyn Queens Healthcare, Inc.

"Caritas" means Caritas Health Care, Inc. and any affiliate, member, hospital, predecessor, or successor of Caritas Health Care, Inc., including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Mary Immaculate" means Mary Immaculate Hospital.

"Ross" means the Ross University School of Medicine School of Veterinary

"St. Johns" means St. Johns Hospital.

"SVCMC" means St. Vincent Catholic Medical Centers and any affiliate, member, hospital, predecessor, or successor of St. Vincent Catholic Medical Centers, including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Wyckoff" means Wyckoff Heights Medical Center and any affiliate, member, predecessor, or successor of Wyckoff Heights Medical Center.

DOCUMENTS TO BE PRODUCED

All documents from 2004 to the present that refer, relate, constitute, or pertain to:

1.      The acquisition or potential acquisition by Wyckoff, Caritas, and/or BQHC of any interest in any hospital or entity affiliated with SVCMC.

2.      The development, formation, and structure of the BQHC System.

3.      The development, formation, and structure of Caritas.

4.      The acquisition or potential acquisition by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

5.      Information packages and all other documents that refer, relate, or pertain to the topics that were or were to be discussed at meetings of Wyckoff's Board of Trustees.

6.      Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of BQHC's Board of Trustees.

7.      Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of Caritas' Board of Trustees.

8.      The authority of any chief restructuring officer concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

9.     The authority of Thomas Singleton concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

10.     The authority of Paul Goldberg concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

11.     The authority of Harold MacDonald concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

12.     The authority of Neil Mandava concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

13.     Any and all affiliation agreements between any medical school and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

14.     Any and all funds paid by any medical school to Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in connection with the provision of clinical portions rotation for students of that school.

15.     The transfer of funds or any other thing of value between Caritas and Wyckoff.

16.     Any and all audits of financial transactions and transfers between Caritas and Wyckoff (and/or the affiliates of Caritas or Wyckoff).

17.     All documents prepared by the New York Department of Health concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

18.     All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

19.     All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning a restructuring officer for Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

20.     The New York Department of Health Recommendation and/or argument that Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate hire a consultant or restructuring officer.

21.     Conditions that the New York Department of Health imposed upon Wyckoff, Caritas, and/or BQHC as a condition for the provision by the New York Department of Health of any loan or other financial assistance.

22.     The transfer or potential transfer of assets out of BQHC.

23.     The formation or potential formation of any new entity in order to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

24.     All actions taken to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

25.     All transactions between Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the one hand, and FTI Cambio, Thomas Singleton, and/or Paul Goldberg on the other hand.

26.     The provision at Wyckoff of clinical rotation slots for medical students that at any time Wyckoff, Caritas, and/or BQHC contemplated would be provided at St. Johns Hospital or Mary Immaculate Hospital.

27.     All communications, contracts, or other records of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate concerning the provision of clinical rotation slots for the students of [insert all other medical schools that we care about].

28.     The sums received by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in exchange for providing clinical rotation slots to students of any and all medical schools.

29.     All agreements under which Wyckoff was to provide clinical rotation slots to students of any and all medical school(s).

30.     All agreements from 2006 to the present in which Wyckoff, Caritas, and/or BQHC agreed to provide at Wyckoff clinical rotation slots to the students of any and all medical school(s).

31.     All communications between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

32.     The lawsuit between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

33.     Communications between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

34.     Any affiliation agreement or potential affiliation agreement between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

Eastern District of New York

ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD.

V.

BROOKLYN-QUEENS HEALTH CARE, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:09-CV-01410-KAM-RLM

TO:  FRANK CHIARELLO
64 BAY 20TH STREET
BROOKLYN, NEW YORK 11214

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE A

| PLACE | BAKER & HOSTETLER LLP, 45 ROCKEFELLER PLAZA, 11TH FLOOR, NEW YORK, NEWYORK 10111 | DATE AND TIME 9/14/2010 10:00 am |
|---|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  RYAN P. FARLEY, ESQ.  ATTORNEY FOR PLAINTIFF | DATE 8/30/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
RYAN P. FARLEY, ESQ. 45 ROCKEFELLER PLAZA - 10TH FLOOR, NEW YORK, NEW YORK 10111
(212)589-4200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Schedule A**

DEFINITIONS

"BQHC" means Brooklyn Queens Healthcare, Inc. and any affiliate, member, hospital, predecessor, or successor of Brooklyn Queens Healthcare, Inc.

"Caritas" means Caritas Health Care, Inc. and any affiliate, member, hospital, predecessor, or successor of Caritas Health Care, Inc., including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Mary Immaculate" means Mary Immaculate Hospital.

"Ross" means the Ross University School of Medicine School of Veterinary

"St. Johns" means St. Johns Hospital.

"SVCMC" means St. Vincent Catholic Medical Centers and any affiliate, member, hospital, predecessor, or successor of St. Vincent Catholic Medical Centers, including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Wyckoff" means Wyckoff Heights Medical Center and any affiliate, member, predecessor, or successor of Wyckoff Heights Medical Center.

DOCUMENTS TO BE PRODUCED

All documents from 2004 to the present that refer, relate, constitute, or pertain to:

1.      The acquisition or potential acquisition by Wyckoff, Caritas, and/or BQHC of any interest in any hospital or entity affiliated with SVCMC.

2.      The development, formation, and structure of the BQHC System.

3.      The development, formation, and structure of Caritas.

4.      The acquisition or potential acquisition by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

5.      Information packages and all other documents that refer, relate, or pertain to the topics that were or were to be discussed at meetings of Wyckoff's Board of Trustees.

6.      Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of BQHC's Board of Trustees.

7.      Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of Caritas' Board of Trustees.

8.      The authority of any chief restructuring officer concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

9.     The authority of Thomas Singleton concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

10.    The authority of Paul Goldberg concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

11.    The authority of Harold MacDonald concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

12.    The authority of Neil Mandava concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

13.    Any and all affiliation agreements between any medical school and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

14.    Any and all funds paid by any medical school to Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in connection with the provision of clinical portions rotation for students of that school.

15.    The transfer of funds or any other thing of value between Caritas and Wyckoff.

16.    Any and all audits of financial transactions and transfers between Caritas and Wyckoff (and/or the affiliates of Caritas or Wyckoff).

17.    All documents prepared by the New York Department of Health concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

18.    All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

19.    All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning a restructuring officer for Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

20.    The New York Department of Health Recommendation and/or argument that Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate hire a consultant or restructuring officer.

21.    Conditions that the New York Department of Health imposed upon Wyckoff, Caritas, and/or BQHC as a condition for the provision by the New York Department of Health of any loan or other financial assistance.

22.    The transfer or potential transfer of assets out of BQHC.

23.    The formation or potential formation of any new entity in order to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

24.    All actions taken to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

25.    All transactions between Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the one hand, and FTI Cambio, Thomas Singleton, and/or Paul Goldberg on the other hand.

26.    The provision at Wyckoff of clinical rotation slots for medical students that at any time Wyckoff, Caritas, and/or BQHC contemplated would be provided at St. Johns Hospital or Mary Immaculate Hospital.

27.    All communications, contracts, or other records of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate concerning the provision of clinical rotation slots for the students of [insert all other medical schools that we care about].

28.    The sums received by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in exchange for providing clinical rotation slots to students of any and all medical schools.

29.    All agreements under which Wyckoff was to provide clinical rotation slots to students of any and all medical school(s).

30.    All agreements from 2006 to the present in which Wyckoff, Caritas, and/or BQHC agreed to provide at Wyckoff clinical rotation slots to the students of any and all medical school(s).

31.    All communications between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

32.    The lawsuit between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

33.    Communications between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

34.    Any affiliation agreement or potential affiliation agreement between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

S.AO88. (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### Eastern District of New York

ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD.

V.

BROOKLYN-QUEENS HEALTH CARE, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:09-CV-01410-KAM-RLM

TO:  NIRMAL MATTOO, M.D. - WYCKOFF HEIGHTS MC
374 STOCKHOLM STREET
BROOKLYN, NEWYORK 11237-4006

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| BAKER & HOSTETLER LLP, 45 ROCKEFELLER PLAZA, 11TH FLOOR, NEW YORK, NEWYORK 10111 | 9/14/2010 10:00 am |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| RYAN P. FARLEY, ESQ.  ATTORNEY FOR PLAINTIFF | 8/30/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
RYAN P. FARLEY, ESQ. 45 ROCKEFELLER PLAZA - 10TH FLOOR, NEW YORK, NEW YORK 10111
(212)589-4200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Schedule A**

DEFINITIONS

"BQHC" means Brooklyn Queens Healthcare, Inc. and any affiliate, member, hospital, predecessor, or successor of Brooklyn Queens Healthcare, Inc.

"Caritas" means Caritas Health Care, Inc. and any affiliate, member, hospital, predecessor, or successor of Caritas Health Care, Inc., including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Mary Immaculate" means Mary Immaculate Hospital.

"Ross" means the Ross University School of Medicine School of Veterinary

"St. Johns" means St. Johns Hospital.

"SVCMC" means St. Vincent Catholic Medical Centers and any affiliate, member, hospital, predecessor, or successor of St. Vincent Catholic Medical Centers, including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Wyckoff" means Wyckoff Heights Medical Center and any affiliate, member, predecessor, or successor of Wyckoff Heights Medical Center.

DOCUMENTS TO BE PRODUCED

All documents from 2004 to the present that refer, relate, constitute, or pertain to:

1.     The acquisition or potential acquisition by Wyckoff, Caritas, and/or BQHC of any interest in any hospital or entity affiliated with SVCMC.

2.     The development, formation, and structure of the BQHC System.

3.     The development, formation, and structure of Caritas.

4.     The acquisition or potential acquisition by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

5.     Information packages and all other documents that refer, relate, or pertain to the topics that were or were to be discussed at meetings of Wyckoff's Board of Trustees.

6.     Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of BQHC's Board of Trustees.

7.     Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of Caritas' Board of Trustees.

8.     The authority of any chief restructuring officer concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

9.      The authority of Thomas Singleton concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

10.     The authority of Paul Goldberg concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

11.     The authority of Harold MacDonald concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

12.     The authority of Neil Mandava concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

13.     Any and all affiliation agreements between any medical school and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

14.     Any and all funds paid by any medical school to Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in connection with the provision of clinical portions rotation for students of that school.

15.     The transfer of funds or any other thing of value between Caritas and Wyckoff.

16.     Any and all audits of financial transactions and transfers between Caritas and Wyckoff (and/or the affiliates of Caritas or Wyckoff).

17.     All documents prepared by the New York Department of Health concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

18.     All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

19.     All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning a restructuring officer for Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

20.     The New York Department of Health Recommendation and/or argument that Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate hire a consultant or restructuring officer.

21.     Conditions that the New York Department of Health imposed upon Wyckoff, Caritas, and/or BQHC as a condition for the provision by the New York Department of Health of any loan or other financial assistance.

22.     The transfer or potential transfer of assets out of BQHC.

23.     The formation or potential formation of any new entity in order to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

24.     All actions taken to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

25.     All transactions between Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the one hand, and FTI Cambio, Thomas Singleton, and/or Paul Goldberg on the other hand.

26.     The provision at Wyckoff of clinical rotation slots for medical students that at any time Wyckoff, Caritas, and/or BQHC contemplated would be provided at St. Johns Hospital or Mary Immaculate Hospital.

27.     All communications, contracts, or other records of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate concerning the provision of clinical rotation slots for the students of [insert all other medical schools that we care about].

28.     The sums received by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in exchange for providing clinical rotation slots to students of any and all medical schools.

29.     All agreements under which Wyckoff was to provide clinical rotation slots to students of any and all medical school(s).

30.     All agreements from 2006 to the present in which Wyckoff, Caritas, and/or BQHC agreed to provide at Wyckoff clinical rotation slots to the students of any and all medical school(s).

31.     All communications between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

32.     The lawsuit between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

33.     Communications between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

34.     Any affiliation agreement or potential affiliation agreement between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
Eastern District of New York

ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD.

V.

BROOKLYN-QUEENS HEALTH CARE, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:09-CV-01410-KAM-RLM

TO:  A.C. RAO, M.D. - WYCKOFF HEIGHTS MC
374 STOCKHOLM STREET
BROOKLYN, NEWYORK 11237-4006

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE A

| PLACE    BAKER & HOSTETLER LLP, 45 ROCKEFELLER PLAZA, 11TH FLOOR, NEW YORK, NEWYORK 10111 | DATE AND TIME    9/14/2010 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   RYAN P. FARLEY, ESQ.  ATTORNEY FOR PLAINTIFF | DATE    8/30/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
RYAN P. FARLEY, ESQ. 45 ROCKEFELLER PLAZA - 10TH FLOOR, NEW YORK, NEW YORK 10111
(212)589-4200

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Schedule A**

DEFINITIONS

"BQHC" means Brooklyn Queens Healthcare, Inc. and any affiliate, member, hospital, predecessor, or successor of Brooklyn Queens Healthcare, Inc.

"Caritas" means Caritas Health Care, Inc. and any affiliate, member, hospital, predecessor, or successor of Caritas Health Care, Inc., including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Mary Immaculate" means Mary Immaculate Hospital.

"Ross" means the Ross University School of Medicine School of Veterinary

"St. Johns" means St. Johns Hospital.

"SVCMC" means St. Vincent Catholic Medical Centers and any affiliate, member, hospital, predecessor, or successor of St. Vincent Catholic Medical Centers, including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Wyckoff" means Wyckoff Heights Medical Center and any affiliate, member, predecessor, or successor of Wyckoff Heights Medical Center.

DOCUMENTS TO BE PRODUCED

All documents from 2004 to the present that refer, relate, constitute, or pertain to:

1. The acquisition or potential acquisition by Wyckoff, Caritas, and/or BQHC of any interest in any hospital or entity affiliated with SVCMC.

2. The development, formation, and structure of the BQHC System.

3. The development, formation, and structure of Caritas.

4. The acquisition or potential acquisition by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

5. Information packages and all other documents that refer, relate, or pertain to the topics that were or were to be discussed at meetings of Wyckoff's Board of Trustees.

6. Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of BQHC's Board of Trustees.

7. Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of Caritas' Board of Trustees.

8. The authority of any chief restructuring officer concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

9.    The authority of Thomas Singleton concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

10.    The authority of Paul Goldberg concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

11.    The authority of Harold MacDonald concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

12.    The authority of Neil Mandava concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

13.    Any and all affiliation agreements between any medical school and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

14.    Any and all funds paid by any medical school to Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in connection with the provision of clinical portions rotation for students of that school.

15.    The transfer of funds or any other thing of value between Caritas and Wyckoff.

16.    Any and all audits of financial transactions and transfers between Caritas and Wyckoff (and/or the affiliates of Caritas or Wyckoff).

17.    All documents prepared by the New York Department of Health concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

18.    All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

19.    All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning a restructuring officer for Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

20.    The New York Department of Health Recommendation and/or argument that Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate hire a consultant or restructuring officer.

21.    Conditions that the New York Department of Health imposed upon Wyckoff, Caritas, and/or BQHC as a condition for the provision by the New York Department of Health of any loan or other financial assistance.

22.    The transfer or potential transfer of assets out of BQHC.

23.    The formation or potential formation of any new entity in order to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

24.     All actions taken to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

25.     All transactions between Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the one hand, and FTI Cambio, Thomas Singleton, and/or Paul Goldberg on the other hand.

26.     The provision at Wyckoff of clinical rotation slots for medical students that at any time Wyckoff, Caritas, and/or BQHC contemplated would be provided at St. Johns Hospital or Mary Immaculate Hospital.

27.     All communications, contracts, or other records of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate concerning the provision of clinical rotation slots for the students of [insert all other medical schools that we care about].

28.     The sums received by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in exchange for providing clinical rotation slots to students of any and all medical schools.

29.     All agreements under which Wyckoff was to provide clinical rotation slots to students of any and all medical school(s).

30.     All agreements from 2006 to the present in which Wyckoff, Caritas, and/or BQHC agreed to provide at Wyckoff clinical rotation slots to the students of any and all medical school(s).

31.     All communications between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

32.     The lawsuit between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

33.     Communications between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

34.     Any affiliation agreement or potential affiliation agreement between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Eastern DISTRICT OF  New York

ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD.

V.

BROOKLYN-QUEENS HEALTH CARE, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:09-CV-01410-KAM-RLM

TO: ANDREW BOISELLE
    C/O WALTER LOUGHLIN
    K&L GATES LLP
    599 LEXINGTON AVENUE
    NEW YORK, NEW YORK 10022

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED SCHEDULE A

| PLACE<br>BAKER & HOSTETLER, LLP, 45 ROCKEFELLER PLAZA, 11TH FLOOR, NEW YORK, NEW YORK 10111 | DATE AND TIME<br>10/25/2010 10:00am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>RYAN P. FARLEY, ESQ.  ATTORNEY FOR PLAINTIFF   *Ryan P. Farley* | DATE<br>10/07/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
RYAN P. FARLEY, ESQ. 45 ROCKEFELLER PLAZA - 10TH FLOOR, NEW YORK, NEW YORK 10111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] f action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE SERVED: | PLACE |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

**Schedule A**

DEFINITIONS

"BQHC" means Brooklyn Queens Healthcare, Inc. and any affiliate, member, hospital, predecessor, or successor of Brooklyn Queens Healthcare, Inc.

"Caritas" means Caritas Health Care, Inc. and any affiliate, member, hospital, predecessor, or successor of Caritas Health Care, Inc., including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Mary Immaculate" means Mary Immaculate Hospital.

"Ross" means the Ross University School of Medicine School of Veterinary

"St. Johns" means St. Johns Hospital.

"SVCMC" means St. Vincent Catholic Medical Centers and any affiliate, member, hospital, predecessor, or successor of St. Vincent Catholic Medical Centers, including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Wyckoff" means Wyckoff Heights Medical Center and any affiliate, member, predecessor, or successor of Wyckoff Heights Medical Center.

DOCUMENTS TO BE PRODUCED

All documents from 2004 to the present that refer, relate, constitute, or pertain to:

1. The acquisition or potential acquisition by Wyckoff, Caritas, and/or BQHC of any interest in any hospital or entity affiliated with SVCMC.

2. The development, formation, and structure of the BQHC System.

3. The development, formation, and structure of Caritas.

4. The acquisition or potential acquisition by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

5. Information packages and all other documents that refer, relate, or pertain to the topics that were or were to be discussed at meetings of Wyckoff's Board of Trustees.

6. Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of BQHC's Board of Trustees.

7. Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of Caritas' Board of Trustees.

8. The authority of any chief restructuring officer concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

9.      The authority of Thomas Singleton concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

10.     The authority of Paul Goldberg concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

11.     The authority of Harold MacDonald concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

12.     The authority of Neil Mandava concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

13.     Any and all affiliation agreements between any medical school and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

14.     Any and all funds paid by any medical school to Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in connection with the provision of clinical portions rotation for students of that school.

15.     The transfer of funds or any other thing of value between Caritas and Wyckoff.

16.     Any and all audits of financial transactions and transfers between Caritas and Wyckoff (and/or the affiliates of Caritas or Wyckoff).

17.     All documents prepared by the New York Department of Health concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

18.     All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

19.     All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning a restructuring officer for Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

20.     The New York Department of Health Recommendation and/or argument that Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate hire a consultant or restructuring officer.

21.     Conditions that the New York Department of Health imposed upon Wyckoff, Caritas, and/or BQHC as a condition for the provision by the New York Department of Health of any loan or other financial assistance.

22.     The transfer or potential transfer of assets out of BQHC.

23.     The formation or potential formation of any new entity in order to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

24.    All actions taken to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

25.    All transactions between Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the one hand, and FTI Cambio, Thomas Singleton, and/or Paul Goldberg on the other hand.

26.    The provision at Wyckoff of clinical rotation slots for medical students that at any time Wyckoff, Caritas, and/or BQHC contemplated would be provided at St. Johns Hospital or Mary Immaculate Hospital.

27.    All communications, contracts, or other records of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate concerning the provision of clinical rotation slots for the students of [insert all other medical schools that we care about].

28.    The sums received by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in exchange for providing clinical rotation slots to students of any and all medical schools.

29.    All agreements under which Wyckoff was to provide clinical rotation slots to students of any and all medical school(s).

30.    All agreements from 2006 to the present in which Wyckoff, Caritas, and/or BQHC agreed to provide at Wyckoff clinical rotation slots to the students of any and all medical school(s).

31.    All communications between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

32.    The lawsuit between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

33.    Communications between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

34.    Any affiliation agreement or potential affiliation agreement between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Eastern DISTRICT OF New York

ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD.

V.

BROOKLYN-QUEENS HEALTH CARE, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:09-CV-01410-KAM-RLM

TO: EMIL RUCIGAY, ESQ.
C/O WALTER LOUGHLIN
K&L GATES LLP
599 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED SCHEDULE A

| PLACE<br>BAKER & HOSTETLER, LLP, 45 ROCKEFELLER PLAZA, 11TH FLOOR, NEW YORK, NEW YORK 10111 | DATE AND TIME<br>10/25/2010 10:00am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>RYAN P. FARLEY, ESQ.  ATTORNEY FOR PLAINTIFF     *Ryan P. Farley* | DATE<br>10/07/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
RYAN P. FARLEY, ESQ. 45 ROCKEFELLER PLAZA - 10TH FLOOR, NEW YORK, NEW YORK 10111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE        | PLACE |
|-------------|-------|
| SERVED:     |       |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc
www.USCourtForms.com

Schedule A

DEFINITIONS

"BQHC" means Brooklyn Queens Healthcare, Inc. and any affiliate, member, hospital, predecessor, or successor of Brooklyn Queens Healthcare, Inc.

"Caritas" means Caritas Health Care, Inc. and any affiliate, member, hospital, predecessor, or successor of Caritas Health Care, Inc., including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Mary Immaculate" means Mary Immaculate Hospital.

"Ross" means the Ross University School of Medicine School of Veterinary

"St. Johns" means St. Johns Hospital.

"SVCMC" means St. Vincent Catholic Medical Centers and any affiliate, member, hospital, predecessor, or successor of St. Vincent Catholic Medical Centers, including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Wyckoff" means Wyckoff Heights Medical Center and any affiliate, member, predecessor, or successor of Wyckoff Heights Medical Center.

DOCUMENTS TO BE PRODUCED

All documents from 2004 to the present that refer, relate, constitute, or pertain to:

1. The acquisition or potential acquisition by Wyckoff, Caritas, and/or BQHC of any interest in any hospital or entity affiliated with SVCMC.

2. The development, formation, and structure of the BQHC System.

3. The development, formation, and structure of Caritas.

4. The acquisition or potential acquisition by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

5. Information packages and all other documents that refer, relate, or pertain to the topics that were or were to be discussed at meetings of Wyckoff's Board of Trustees.

6. Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of BQHC's Board of Trustees.

7. Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of Caritas' Board of Trustees.

8. The authority of any chief restructuring officer concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

9.     The authority of Thomas Singleton concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

10.    The authority of Paul Goldberg concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

11.    The authority of Harold MacDonald concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

12.    The authority of Neil Mandava concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

13.    Any and all affiliation agreements between any medical school and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

14.    Any and all funds paid by any medical school to Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in connection with the provision of clinical portions rotation for students of that school.

15.    The transfer of funds or any other thing of value between Caritas and Wyckoff.

16.    Any and all audits of financial transactions and transfers between Caritas and Wyckoff (and/or the affiliates of Caritas or Wyckoff).

17.    All documents prepared by the New York Department of Health concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

18.    All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

19.    All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning a restructuring officer for Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

20.    The New York Department of Health Recommendation and/or argument that Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate hire a consultant or restructuring officer.

21.    Conditions that the New York Department of Health imposed upon Wyckoff, Caritas, and/or BQHC as a condition for the provision by the New York Department of Health of any loan or other financial assistance.

22.    The transfer or potential transfer of assets out of BQHC.

23.    The formation or potential formation of any new entity in order to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

24.     All actions taken to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

25.     All transactions between Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the one hand, and FTI Cambio, Thomas Singleton, and/or Paul Goldberg on the other hand.

26.     The provision at Wyckoff of clinical rotation slots for medical students that at any time Wyckoff, Caritas, and/or BQHC contemplated would be provided at St. Johns Hospital or Mary Immaculate Hospital.

27.     All communications, contracts, or other records of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate concerning the provision of clinical rotation slots for the students of [insert all other medical schools that we care about].

28.     The sums received by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in exchange for providing clinical rotation slots to students of any and all medical schools.

29.     All agreements under which Wyckoff was to provide clinical rotation slots to students of any and all medical school(s).

30.     All agreements from 2006 to the present in which Wyckoff, Caritas, and/or BQHC agreed to provide at Wyckoff clinical rotation slots to the students of any and all medical school(s).

31.     All communications between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

32.     The lawsuit between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

33.     Communications between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

34.     Any affiliation agreement or potential affiliation agreement between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Eastern DISTRICT OF New York

ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD.

**SUBPOENA IN A CIVIL CASE**

V.

BROOKLYN-QUEENS HEALTH CARE, LTD.

Case Number:[1] 1:09-CV-01410-KAM-RLM

TO: FRANK CHIARELLO
    C/O WALTER LOUGHLIN
    K&L GATES LLP
    599 LEXINGTON AVENUE
    NEW YORK, NEW YORK 10022

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED SCHEDULE A

| PLACE<br>BAKER & HOSTETLER, LLP, 45 ROCKEFELLER PLAZA, 11TH FLOOR, NEW YORK, NEW YORK 10111 | DATE AND TIME<br>10/25/2010 10:00am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>RYAN P. FARLEY, ESQ.  ATTORNEY FOR PLAINTIFF | DATE<br>10/07/2010 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
RYAN P. FARLEY, ESQ. 45 ROCKEFELLER PLAZA - 10TH FLOOR, NEW YORK, NEW YORK 10111

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] f action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| | SIGNATURE OF SERVER |
|-|---------------------|

| | ADDRESS OF SERVER |
|-|-------------------|

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc
www.USCourtForms.com

**Schedule A**

DEFINITIONS

"BQHC" means Brooklyn Queens Healthcare, Inc. and any affiliate, member, hospital, predecessor, or successor of Brooklyn Queens Healthcare, Inc.

"Caritas" means Caritas Health Care, Inc. and any affiliate, member, hospital, predecessor, or successor of Caritas Health Care, Inc., including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Mary Immaculate" means Mary Immaculate Hospital.

"Ross" means the Ross University School of Medicine School of Veterinary

"St. Johns" means St. Johns Hospital.

"SVCMC" means St. Vincent Catholic Medical Centers and any affiliate, member, hospital, predecessor, or successor of St. Vincent Catholic Medical Centers, including without limitation the bankruptcy estate and/or bankruptcy trustee of any of the foregoing.

"Wyckoff" means Wyckoff Heights Medical Center and any affiliate, member, predecessor, or successor of Wyckoff Heights Medical Center.

DOCUMENTS TO BE PRODUCED

All documents from 2004 to the present that refer, relate, constitute, or pertain to:

1.      The acquisition or potential acquisition by Wyckoff, Caritas, and/or BQHC of any interest in any hospital or entity affiliated with SVCMC.

2.      The development, formation, and structure of the BQHC System.

3.      The development, formation, and structure of Caritas.

4.      The acquisition or potential acquisition by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

5.      Information packages and all other documents that refer, relate, or pertain to the topics that were or were to be discussed at meetings of Wyckoff's Board of Trustees.

6.      Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of BQHC's Board of Trustees.

7.      Information packages and all other documents that refer, relate or pertain to the topics that were or were to be discussed at meetings of Caritas' Board of Trustees.

8.      The authority of any chief restructuring officer concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

9.      The authority of Thomas Singleton concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

10.     The authority of Paul Goldberg concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

11.     The authority of Harold MacDonald concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

12.     The authority of Neil Mandava concerning the affairs of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

13.     Any and all affiliation agreements between any medical school and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

14.     Any and all funds paid by any medical school to Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in connection with the provision of clinical portions rotation for students of that school.

15.     The transfer of funds or any other thing of value between Caritas and Wyckoff.

16.     Any and all audits of financial transactions and transfers between Caritas and Wyckoff (and/or the affiliates of Caritas or Wyckoff).

17.     All documents prepared by the New York Department of Health concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

18.     All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning financial transactions and transfers between Caritas and Wyckoff (and/or their affiliates).

19.     All communications between the New York Department of Health, on the one hand, and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the other hand, concerning a restructuring officer for Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

20.     The New York Department of Health Recommendation and/or argument that Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate hire a consultant or restructuring officer.

21.     Conditions that the New York Department of Health imposed upon Wyckoff, Caritas, and/or BQHC as a condition for the provision by the New York Department of Health of any loan or other financial assistance.

22.     The transfer or potential transfer of assets out of BQHC.

23.     The formation or potential formation of any new entity in order to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

24.     All actions taken to protect the assets of Wyckoff and/or BQHC from the creditors of Caritas.

25.     All transactions between Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate, on the one hand, and FTI Cambio, Thomas Singleton, and/or Paul Goldberg on the other hand.

26.     The provision at Wyckoff of clinical rotation slots for medical students that at any time Wyckoff, Caritas, and/or BQHC contemplated would be provided at St. Johns Hospital or Mary Immaculate Hospital.

27.     All communications, contracts, or other records of Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate concerning the provision of clinical rotation slots for the students of [insert all other medical schools that we care about].

28.     The sums received by Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate in exchange for providing clinical rotation slots to students of any and all medical schools.

29.     All agreements under which Wyckoff was to provide clinical rotation slots to students of any and all medical school(s).

30.     All agreements from 2006 to the present in which Wyckoff, Caritas, and/or BQHC agreed to provide at Wyckoff clinical rotation slots to the students of any and all medical school(s).

31.     All communications between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

32.     The lawsuit between American University of the Caribbean and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

33.     Communications between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.

34.     Any affiliation agreement or potential affiliation agreement between Ross University School of Medicine and Wyckoff, Caritas, BQHC, St. Johns, and/or Mary Immaculate.