# Exhibit 7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – x

ROSS UNIVERSITY SCHOOL OF         :
MEDICINE, LTD.,                              09 Civ. 1410 (KAM) (RLM)

                    Plaintiff,       :

                                     : **PLAINTIFF'S FIRST**
                                       **REQUEST TO WYCKOFF**
                                      **FOR THE PRODUCTION**
      – against –                 : **OF DOCUMENTS**

                                        :

BROOKLYN-QUEENS HEALTH CARE,
INC. and WYCKOFF HEIGHTS MEDICAL    :
CENTER,

                                     :

                Defendants.     :

– – – – – – – – – – – – – – – – – – – x

        Pursuant to Fed. R. Civ. P. 34, plaintiff Ross University School of

Medicine, Ltd. hereby requests that defendant Wyckoff Heights Medical Center produce

and permit the inspection and copying of the documents described below the offices of

Mayer Brown LLP, 1675 Broadway, New York, New York 10019, at 11:00 A.M. on

January 8, 2010, or at such other place and time as counsel may agree.

<strong>Definitions of Terms Used in Request</strong>

        A.     The definitions, instructions and rules of construction set forth in the

Court's Local Rules 26.2 and 26.3 are incorporated herein reference.

        B.     "Administrative Services Agreement" means the Administrative

Services Agreement, dated as of August 21, 2006, pursuant to which BQHC was to

provide certain administrative services to Caritas respecting the Caritas Hospitals,

including: development of certain budgets, financial projections, and financial statements;

selection and administration of financial and accounting systems; and development of clinical and administrative policies and procedures.

C.   "Administrative Services Subcontract" means the Administrative Services Subcontract, dated as of August 21, 2006, pursuant to which Wyckoff provided the administrative services required under the Administrative Services Agreement to Caritas, and Wyckoff would be paid the fees due thereunder.

D.   "Affiliation Agreement" the Affiliation Agreement entered into between Ross and BQHC on December 28, 2006, including all amendments and exhibits to the same.

E.   "AUC Lawsuit" means the action in the United States District Court for the Southern District of Florida, Case No. 08-20374, in which American University of the Caribbean and others are plaintiffs and Wyckoff and BQHC are defendants.

F.   "BQHC Companies" means all of BQHC, Wyckoff and Caritas, and (a) any other company of or in which any of BQHC, Wyckoff and Caritas was a member or investor or had board reputation; or (b) any other company (other than a corporation registered with the New York secretary of state as a professional corporation) which used any trademark or trade dress of BQHC, Wyckoff or Caritas; or (c) any company (other than a corporation registered with the New York secretary of state as a professional corporation) which was considered by itself or by BQHC, Wyckoff or Caritas to be an affiliate of any of BQHC, Wyckoff and Caritas.

G.   "BQHC" means Brooklyn-Queens Health Care, Inc.

H.   "Caritas Hospitals" means St. Johns Queens Hospital and Mary Immaculate Hospital.

2

I.    "Caritas" means the corporation which at various times was named Caritas Health Care, Inc. and Caritas Health Care Planning, Inc.

J.    "DOH" means the New York State Department of Health.

K.    "FTI Cambio" means FTI Cambio Health Solutions LLC f/k/a Cambio Health Solutions LLC, any affiliate thereof, and any other company trading under a name including the phrase "FTI Cambio."

L.    "Relevant Period" means the period from January 1, 2006 through the date of your response.

M.    "Ross" means Ross University School of Medicine, Ltd.

N.    "Wyckoff" means Wyckoff Heights Medical Center.

## Documents Requested

1.    All certificates of incorporation, by-laws, articles of association and any other charter document as in effect at any time during the Relevant Period for each of the BQHC Companies.

2.    All documents concerning the formation or establishment of BQHC.

3.    All documents concerning the formation or establishment of Caritas.

4.    The minutes of all meetings of the boards of the BQHC Companies during the Relevant Period.

5.    All financial statements, general ledgers, or other books of accounts of all BQHC Companies prepared during or covering periods within the Relevant Period.

6.    All documents concerning any real property interests of BQHC or Wyckoff during the Relevant Period.

7.   All documents concerning the transfer of money, services, goods or employees between or among the BQHC Companies during the Relevant Period.

8.   All documents concerning (a) bills or debts incurred by or on behalf of BQHC; and/or (b) the payment of any such bills or debts.

9.   All documents concerning bank accounts during the Relevant Period of BQHC or Wyckoff, whether held in the name of BQHC or Wyckoff or in another name such as 397 Himrod.

10.   All documents that constitute, relate or refer to journal or other accounting entries to record amounts due any BQHC, Wyckoff, and Caritas.

11.   All bank statements of BQHC during the Relevant Period.

12.   All documents concerning donations of any kind received by BQHC during the Relevant Period.

13.   All documents that refer, relate or pertain to revenue generated by BQHC during the Relevant Period.

14.   Documents sufficient to show the assets and liabilities of BQHC at December 28, 2006, at December 5, 2007, and at February 28, 2008.

15.   All documents concerning accounts used by any of the BQHC Companies as slush funds, such as 397 Himrod.

16.   All documents concerning any audit or investigation of any of the BQHC Companies during the Relevant Period.

17.   All documents concerning any March 2007 meetings between DOH and any of the BQHC Companies.

4

18.   All documents concerning the transfer of funds between Caritas and Wyckoff made contrary to prior representations to DOH.

19.   All documents concerning the admission by any of the BQHC Companies to DOH in March 2007 that funds had been transferred among BQHC Companies contrary to prior representations to DOH.

20.   All documents concerning the "financial problems" and "serious management and governance issues" at the BQHC Companies which DOH publicly noted in March 2007.

21.   All documents concerning the loan to at least some of the BQHC Companies announced by DOH in March 2007.

22.   All documents concerning the analyses, evaluations and assessments which DOH announced in March 2007 that it would require of some or all of the BQHC Companies.

23.   All documents concerning the services FTI Cambio provided to any of the BQHC Companies.

24.   All documents concerning all contracts to which BQHC has been a party during the Relevant Period.

25.   All documents that refer, relate or pertain to any contract between or among BQHC Companies during the Relevant Period.

26.   Documents sufficient to identify all persons employed by BQHC during the Relevant Period.

27.   All documents concerning the relationship between Wyckoff and BQHC.

5

28.   All documents concerning the Administrative Services Agreement.

29.   All documents concerning the Administrative Services Subcontract.

30.   All documents concerning any promise, agreement, covenant or contract made or purporting to be made by BQHC on behalf of Wyckoff.

31.   All documents concerning any promise, agreement, covenant or contract made or purporting to be made by BQHC on behalf of Caritas or the Caritas Hospitals.

32.   All documents concerning any promise, agreement, covenant or contract made or purporting to be made by Wyckoff on behalf of Caritas or the Caritas Hospitals.

33.   All documents concerning any promise, agreement, covenant or contract made or purporting to be made by Wyckoff on behalf of BQHC.

34.   All documents concerning the negotiation, execution, implementation and funding of any contract between the company known as Reliance Globalcom on the one hand and any of the BQHC Companies on the other.

35.   All documents concerning Ross or the Affiliation Agreement.

36.   All documents concerning the possible or actual placement of Ross students in clinical rotations at Wyckoff or at the Caritas Hospitals during the Relevant Period.

37.   All documents concerning the possible or actual placement of students of medical schools other than Ross in clinical rotations at Wyckoff or at the Caritas Hospitals during the Relevant Period.

38.   All documents that refer, relate, or pertain to the "expansion of medical student clerkships at MIH and SJQ" referenced in Dominic Gio's letter of August 21, 2006 (attached hereto as Ex. A).

39.   All documents served in the AUC Lawsuit.

40.   All documents produced in the AUC Lawsuit.

41.   Transcripts of and exhibits to all testimony taken or given in the AUC Lawsuit.

42.   All documents concerning the initial registration of the domain name bqhcny.net and any amendments to that registration.

43.   All documents concerning the establishment, maintenance and elimination of bqhcny.net Web sites and email systems.

44.   All documents concerning, relevant to or bearing on the allegation of the Fourth Affirmative Defense alleged in BQHC and Wyckoff's Answer to Second Amended Complaint that the Affiliation Agreement is barred by the doctrine of impossibility.

45.   All documents concerning, relevant to or bearing on the allegation of the Fifth Affirmative Defense alleged in BQHC and Wyckoff's Answer to Second Amended Complaint that the Affiliation Agreement is ultra vires.

46.   All documents concerning any employment contracts in effect at any time during the Relevant Period for each of the persons identified by BQHC in response to Interrogatory Nos. 1-3 of Plaintiff's First Set of Interrogatories to BQHC.

7

47.    All documents concerning any employment contracts in effect at any time during the Relevant Period for each of the persons identified by Wyckoff in response to Interrogatory Nos. 1-3 of Plaintiff's First Set of Interrogatories to Wyckoff.

48.    All documents concerning any employment contracts in effect at any time during the Relevant Period for each of Harold McDonald, Thomas Singleton, Paul Goldberg, Julius Romero, Dominic Gio, David Hoffman and Edward J. (Buzz) Dowling, Jr.

49.    All documents BQHC or Wyckoff will use in this action at trial, at any hearings and in motion practice.

Dated: New York, New York
       December 9, 2009

                                    MAYER BROWN LLP

                                    By:  _____
                                           Michael O. Ware
                                           *mware@mayerbrown.com*
                                           Andrew J. Calica
                                           *acalica@mayerbrown.com*

                                    1675 Broadway
                                    New York, N.Y. 10019
                                    (212) 506-2500

                                    *Attorneys for plaintiff*

*Of Counsel:*

George J. Tzanetopoulos
David K. Cole, III
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, Ill. 60606
(312) 782-0600

                                    8

# Exhibit 8

K&L GATES LLP
Walter P. Loughlin (WL 4760)
Justin Roeber (JR 9100)
599 Lexington Avenue
New York, NY 10022
Telephone: 212-536-3900
Fax: 212-536-3901

*Attorneys for Defendants*
*Brooklyn-Queens Health Care, Inc.*
*and Wyckoff Heights Medical Center*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD., | ) ) ) ) 09 Civ. 1410 (KAM) (RLM) |
| Plaintiff, | ) ) |
| -against- | ) **DEFENDANT WYCKOFF** ) **HEIGHTS MEDICAL CENTER'S** ) **RESPONSES AND OBJECTIONS** |
| BROOKLYN-QUEENS HEALTH CARE, INC. and WYCKOFF HEIGHTS MEDICAL CENTER, | ) **TO PLAINTIFF'S FIRST** ) **REQUEST FOR THE** ) **PRODUCTION OF DOCUMENTS** ) |
| Defendants. | ) ) |

-------------------------------------------------------------x

Defendant Wyckoff Heights Medical Center ("Wyckoff"), by its attorneys K&L Gates

LLP, hereby objects and responds pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure, and the Local Rules of the United States District Court for the Eastern District of

New York ("Local Rules"), including but not limited to Local Civil Rule 26.3, to Plaintiff Ross

University School of Medicine ("Ross University")'s First Request for the Production of

Documents (the "Document Requests," and, individually, a "Document Request") as set forth

below and on the grounds specified herein.

## OBJECTIONS TO DEFINITIONS

1.      WYCKOFF objects to the definition of "BQHC Companies" to the extent it requires Wyckoff to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.  WYCKOFF responds to these requests only on behalf of itself.

## GENERAL OBJECTIONS

WYCKOFF makes the following objections to the Document Requests, regardless of whether such objections are stated separately in response to each Document Request.  These objections form a part of the response to each and every Document Request, and are set forth here to avoid duplication and repetition.  Although these General Objections may be specifically referred to in a response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection.

1.      WYCKOFF objects to each Document Request to the extent it is premature and seeks to impose obligations on WYCKOFF that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, Local Rules, any other applicable rule, and any court order that may be entered that governs discovery.

2.      WYCKOFF objects to each Document Request to the extent it calls for the production of documents subject to the attorney-client, attorney work product, legal-professional, common interest, joint defense, or other privileges under applicable law.  Information and documents covered by one or more privilege or immunity will not be produced.  In the event that any privileged or protected document is disclosed by WYCKOFF, the disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

2

3.      WYCKOFF objects to each Document Request to the extent it seeks information protected from disclosure by any protective order, non-disclosure agreement, privacy law, or any other applicable law.

4.      WYCKOFF objects to each Document Request to the extent it is vague and ambiguous, overly broad or unduly burdensome or calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.

5.      WYCKOFF objects to each Document Request to the extent it purports to require WYCKOFF to reach a legal conclusion about any document, thing or event.

6.      WYCKOFF objects to each Document Request to the extent it requires WYCKOFF to produce "all" documents in a specified category or categories.  WYCKOFF objects to each Document Request to the extent it is not reasonably practicable to review each document in every one of Defendants' files to determine if any document contained therein may be responsive to the request.  WYCKOFF objects to each Document Request to the extent it requires WYCKOFF to search for and produce information, including e-mails and similar electronic information, that is not reasonably accessible.

7.      WYCKOFF objects to each Document Request to the extent it is overbroad with respect to time and is not limited on its face to a reasonable time period.

8.      WYCKOFF objects to each Document Request to the extent it is duplicative of any other Document Request.

9.      WYCKOFF objects to each Document Request to the extent it seeks documents that are not within Defendants' actual possession, custody, or control, seeks documents that are not maintained by WYCKOFF in its normal course of business, or seeks information that is no longer available to WYCKOFF.

10.    Each of WYCKOFF's responses which state that any non-privileged documents will be produced does not constitute a representation that such documents exist.

11.    WYCKOFF objects to each Document Request to the extent it seeks documents that are publicly available or to which Plaintiff has equal access.

12.    WYCKOFF objects to each Document Request to the extent it seeks production of confidential, proprietary, or sensitive business information.  To the extent WYCKOFF produces documents in response to Plaintiff's Requests in these actions, such production will be subject to the entry of a stipulated protective order among all the parties regarding the use of confidential information.

13.    In providing responses to the Document Requests, WYCKOFF does not in any way waive or intend to waive:

(a)    objections as to relevancy, materiality and/or admissibility;

(b)    rights to object on any ground to the use of any of the responses herein, in any subsequent proceedings, including the trial of this action or any other action;

(c)    objections as to vagueness or ambiguity; and

(d)    rights to object on any ground to any further document requests or other discovery requests involving or related to the Document Requests.

14.    The objections and responses herein are based on WYCKOFF's present knowledge and information and belief and will be supplemented or amended, if necessary, should WYCKOFF discover additional information or grounds for response or objection.

4

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the foregoing General Objections, WYCKOFF hereby specifically responds and objects to the Document Requests as follows:

### Document Request No. 1

All certificates of incorporation, by-laws, articles of association and any other charter document as in effect at any time during the Relevant Period for each of the BQHC Companies.

**RESPONSE**: WYCKOFF objects on the ground that this Document Request is overbroad in scope and unduly burdensome. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. WYCKOFF responds only for itself. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

### Document Request No. 2

All documents concerning the formation or establishment of BQHC.

**RESPONSE:** Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

### Document Request No. 3

All documents concerning the formation or establishment of Caritas.

**RESPONSE:** WYCKOFF objects to this Document Request on the ground that it is unduly burdensome in that Caritas is in bankruptcy proceeding and WYCKOFF does not control Caritas, nor does WYCKOFF have possession, custody, or control of its documents. WYCKOFF further objects to this Document Request on the ground that it seeks documents

neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 4**

The minutes of all meetings of the boards of the BQHC Companies during the Relevant Period.

**RESPONSE**: WYCKOFF objects on the ground that this Document Request is overbroad in scope and unduly burdensome. WYCKOFF also objects to this Request to the extent it seeks documents containing confidential or proprietary information. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. WYCKOFF responds only for itself. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 5**

All financial statements, general ledgers, or other books of accounts of all BQHC Companies prepared during or covering periods within the Relevant Period.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. WYCKOFF responds only for itself. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 6**

All documents concerning any real property interests of BQHC or Wyckoff during the Relevant Period.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 7**

All documents concerning the transfer of money, services, goods or employees between or among the BQHC Companies during the Relevant Period.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects on the ground that this Request is vague, ambiguous and incomprehensible.  WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

**Document Request No. 8**

All documents concerning (a) bills or debts incurred by or on behalf of BQHC; and/or (b) the payment of any such bills or debts.

**RESPONSE:**  WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects on the ground that this Request is vague, ambiguous and incomprehensible.  WYCKOFF also objects to the definition of BQHC

7

Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

**Document Request No. 9**

All documents concerning bank accounts during the Relevant Period of BQHC or Wyckoff, whether held in the name of BQHC or Wyckoff or in another name such as 397 Himrod.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, vague, and unduly burdensome. WYCKOFF also objects to this Document Request to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

**Document Request No. 10**

All documents that constitute, relate or refer to journal or other accounting entries to record amounts due any BQHC, Wyckoff, and Caritas.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope and unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects to the extent this Document Request seeks documents related to Caritas. Caritas is in bankruptcy and WYCKOFF does not control Caritas.

**Document Request No. 11**

All bank statements of BQHC during the Relevant Period.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope and unduly burdensome. WYCKOFF further objects to this Document Request on the ground that this Document Request is duplicative of other requests. Subject to

and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents, if any exist.

**Document Request No. 12**

All documents concerning donations of any kind received by BQHC during the Relevant Period.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is vague, ambiguous, overbroad in scope, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 13**

All documents that refer, relate or pertain to revenue generated by BQHC during the Relevant Period.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope and unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF further objects to this Request to the extent it is duplicative of other requests.

**Document Request No. 14**

Documents sufficient to show the assets and liabilities of BQHC at December 28, 2006, at December 5, 2007, and at February 28, 2008.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is duplicative of other requests. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents, if any.

**Document Request No. 15**

All documents concerning accounts used by any of the BQHC Companies as slush funds, such as 397 Himrod.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. WYCKOFF responds only for itself. WYCKOFF further objects to this Document Request to the extent it is duplicative of other requests.

### Document Request No. 16

All documents concerning any audit or investigation of any of the BQHC Companies during the Relevant Period.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, vague, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. WYCKOFF also objects to this Document Request to the extent it seeks privileged or other confidential information.

### Document Request No. 17

All documents concerning any March 2007 meetings between DOH and any of the BQHC Companies.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, vague, and seeks documents not reasonably calculated to lead to the

discovery of admissible evidence. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. WYCKOFF also objects to this Document Request to the extent it seeks confidential or privileged information.

**Document Request No. 18**

All documents concerning the transfer of funds between Caritas and Wyckoff made contrary to prior representations to DOH.

**RESPONSE**: WYCKOFF objects on the ground that this Document Request seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF further objects to the extent this Document Request is duplicative of other requests.

**Document Request No. 19**

All documents concerning the admission by any of the BQHC Companies to DOH in March 2007 that funds had been transferred among BQHC Companies contrary to prior representations to DOH.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is vague, unduly burdensome, overly broad and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF further objects to the extent this Document Request is duplicative of other requests. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

11

**Document Request No. 20**

All documents concerning the "financial problems" and "serious management and governance issues" at the BQHC Companies which DOH publicly noted in March 2007.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is vague, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF further objects to the extent this Document Request is duplicative of other requests. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

**Document Request No. 21**

All documents concerning the loan to at least some of the BQHC Companies announced by DOH in March 2007.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF further objects to the extent this Document Request is duplicative of other requests. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents, if any.

**Document Request No. 22**

All documents concerning the analyses, evaluations and assessments which DOH announced in March 2007 that it would require of some or all of the BQHC Companies.

**RESPONSE**: WYCKOFF objects on the ground that this Document Request is vague, overly broad and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF further objects to the extent this Document Request is duplicative of other requests. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

**Document Request No. 23**

All documents concerning the services FTI Cambio provided to any of the BQHC Companies.

**RESPONSE**: WYCKOFF objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. WYCKOFF responds only for itself. Subject to and without waiving the foregoing objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 24**

All documents concerning all contracts to which BQHC has been a party during the Relevant Period.

**RESPONSE**: WYCKOFF objects on the ground that this Document Request is vague, overbroad in scope and unduly burdensome. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive documents.

**Document Request No. 25**

All documents that refer, relate, or pertain to any contract-between or among BQHC Companies during the Relevant Period.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is vague, overbroad in scope, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects to this Document Request to the extent it is duplicative of other requests. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents, if any.

**Document Request No. 26**

Documents sufficient to identify all persons employed by BQHC during the Relevant Period.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request overbroad in scope, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents, if any.

**Document Request No. 27**

All documents concerning the relationship between Wyckoff and BQHC.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is vague and overbroad in scope. WYCKOFF further objects to the extent this Document Request is duplicative of other requests.

14

**Document Request No. 28**

All documents concerning the Administrative Services Agreement.

**RESPONSE:** WYCKOFF objects to this Document Request on the ground that it is overly broad and unduly burdensome and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 29**

All documents concerning the Administrative Services Subcontract.

**RESPONSE:** WYCKOFF objects to this Document Request on the ground that it is overly broad and unduly burdensome and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 30**

All documents concerning any promise, agreement, covenant or contract made or purporting to be made by BQHC on behalf of Wyckoff.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is vague, overbroad in scope and unduly burdensome. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 31**

All documents concerning any promise, agreement, covenant or contract made or purporting to be made by BQHC on behalf of Caritas or the Caritas Hospitals.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope and unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 32**

All documents concerning any promise, agreement, covenant or contract made or purporting to be made by Wyckoff on behalf of Caritas or the Caritas Hospitals.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope and unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 33**

All documents concerning any promise, agreement, covenant or contract made or purporting to be made by Wyckoff on behalf of BQHC.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is vague, overbroad in scope and unduly burdensome.  Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 34**

All documents concerning the negotiation, execution, implementation and funding of any contract between the company known as Reliance Globalcom on the one hand and any of the BQHC Companies on the other.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope and seeks documents neither relevant to the claims or defenses in this

action nor reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

**Document Request No. 35**

All documents concerning Ross or the Affiliation Agreement.

**RESPONSE**: Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 36**

All documents concerning the possible or actual placement of Ross students in clinical rotations at Wyckoff or at the Caritas Hospitals during the Relevant Period.

**RESPONSE:** Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 37**

All documents concerning the possible or actual placement of students of medical schools other than Ross in clinical rotations at Wyckoff or at the Caritas Hospitals during the Relevant Period.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope and unduly burdensome. WYCKOFF responds only for itself. Caritas is in bankruptcy proceeding and it is not controlled by WYCKOFF. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive, non-privileged documents.

**Document Request No. 38**

All documents that refer, relate, or pertain to the "expansion of medical student clerkships at MIH and SJQ" referenced in Dominic Gio's letter of August 21, 2006 (attached hereto as Ex. A).

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is ambiguous, overbroad in scope, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF further objects to this Document Request on the ground that it seeks materials outside the possession, custody, or control of Wyckoff.

**Document Request No. 39**

All documents served in the AUC Lawsuit.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 40**

All documents produced in the AUC Lawsuit.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 41**

Transcripts of and exhibits to all testimony taken or given in the AUC Lawsuit.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 42**

All documents concerning the initial registration of the domain name bqhcny.net and any amendments to that registration.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is vague, ambiguous, unduly burdensome, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF states that it is not aware of any documents responsive to this Request.

**Document Request No. 43**

All documents concerning the establishment, maintenance and elimination of bqhcny.net Web sites and email systems.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is vague, ambiguous, unduly burdensome, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF states that it is not aware of any documents responsive to this Request.

**Document Request No. 44**

All documents concerning, relevant to or bearing on the allegation of the Fourth Affirmative Defense alleged in BQHC and Wyckoff's Answer to Second Amended Complaint that the Affiliation Agreement is barred by the doctrine of impossibility.

**RESPONSE**: Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce responsive documents such as bylaws, resolutions and other responsive corporate records.

### Document Request No. 45

All documents concerning, relevant to or bearing on the allegation of the Fifth Affirmative Defense alleged in BQHC and Wyckoff's Answer to Second Amended Complaint that the Affiliation Agreement is ultra vires.

**RESPONSE**: Subject to and without waiving the foregoing General and Specific Objections, WYCKOFF will produce the agreement with FTI Cambio, and other responsive corporate records.

### Document Request No. 46

All documents concerning any employment contracts in effect at any time during the Relevant Period for each of the persons identified by BQHC in response to Interrogatory Nos. 1-3 of Plaintiff's First Set of Interrogatories to BQHC.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. WYCKOFF responds only for itself.

**Document Request No. 47**

All documents concerning any employment contracts in effect at any time during the Relevant Period for each of the persons identified by Wyckoff in response to Interrogatory 1-3 of Plaintiffs First Set of Interrogatories to Wyckoff.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. WYCKOFF responds only for itself.

**Document Request No. 48**

All documents concerning any employment contracts in effect at any time during the Relevant Period for each of Harold McDonald, Thomas Singleton, Paul Goldberg, Julius Romero, Dominic Gio, David Hoffman and Edward J. (Buzz) Dowling, Jr.

**RESPONSE:** WYCKOFF objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. WYCKOFF also objects to the definition of BQHC Companies to the extent it requires WYCKOFF to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. WYCKOFF responds only for itself.

**Document Request No. 49**

All documents BQHC or Wyckoff will use in this action at trial, at any hearings and in motion practice.

**RESPONSE:** WYCKOFF objects to this Document Requests as being premature at this stage of the litigation.

Dated: New York, New York
   March 10, 2010

               K&L GATES LLP

         By:                
             Walter P. Loughlin (WL 4760)
             Justin Roeber (JR 9100)
             599 Lexington Avenue
             New York, NY 10022
             Telephone: 212-536-3900
             Fax: 212-536-3901

# Exhibit 9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – x

ROSS UNIVERSITY SCHOOL OF
MEDICINE, LTD.,                :      09 Civ. 1410 (KAM) (RLM)

              :

           Plaintiff,      :      **PLAINTIFF'S FIRST**

                                  **REQUEST TO BQHC**

              :      **FOR THE PRODUCTION**

   – against –         :      **OF DOCUMENTS**

              :

BROOKLYN-QUEENS HEALTH CARE,
INC. and WYCKOFF HEIGHTS MEDICAL  :
CENTER,

              :

          Defendants.    :

– – – – – – – – – – – – – – – – – – x

      Pursuant to Fed. R. Civ. P. 34, plaintiff Ross University School of

Medicine, Ltd. hereby requests that defendant Brooklyn Queens Health Care, Inc. produce

and permit the inspection and copying of the documents described below the offices of

Mayer Brown LLP, 1675 Broadway, New York, New York 10019, at 11:00 A.M. on

January 8, 2010, or at such other place and time as counsel may agree.

### Definitions of Terms Used in Request

      A.    The definitions, instructions and rules of construction set forth in the

Court's Local Rules 26.2 and 26.3 are incorporated herein reference.

      B.    "Administrative Services Agreement" means the Administrative

Services Agreement, dated as of August 21, 2006, pursuant to which BQHC was to

provide certain administrative services to Caritas respecting the Caritas Hospitals,

including: development of certain budgets, financial projections, and financial statements;

selection and administration of financial and accounting systems; and development of clinical and administrative policies and procedures.

        C.    "Administrative Services Subcontract" means the Administrative Services Subcontract, dated as of August 21, 2006, pursuant to which Wyckoff provided the administrative services required under the Administrative Services Agreement to Caritas, and Wyckoff would be paid the fees due thereunder.

        D.    "Affiliation Agreement" the Affiliation Agreement entered into between Ross and BQHC on December 28, 2006, including all amendments and exhibits to the same.

        E.    "AUC Lawsuit" means the action in the United States District Court for the Southern District of Florida, Case No. 08-20374, in which American University of the Caribbean and others are plaintiffs and Wyckoff and BQHC are defendants.

        F.    "BQHC Companies" means all of BQHC, Wyckoff and Caritas, and (a) any other company of or in which any of BQHC, Wyckoff and Caritas was a member or investor or had board reputation; or (b) any other company (other than a corporation registered with the New York secretary of state as a professional corporation) which used any trademark or trade dress of BQHC, Wyckoff or Caritas; or (c) any company (other than a corporation registered with the New York secretary of state as a professional corporation) which was considered by itself or by BQHC, Wyckoff or Caritas to be an affiliate of any of BQHC, Wyckoff and Caritas.

        G.    "BQHC" means Brooklyn-Queens Health Care, Inc.

        H.    "Caritas Hospitals" means St. Johns Queens Hospital and Mary Immaculate Hospital.

I.    "Caritas" means the corporation which at various times was named Caritas Health Care, Inc. and Caritas Health Care Planning, Inc.

J.    "DOH" means the New York State Department of Health.

K.    "FTI Cambio" means FTI Cambio Health Solutions LLC f/k/a Cambio Health Solutions LLC, any affiliate thereof, and any other company trading under a name including the phrase "FTI Cambio."

L.    "Relevant Period" means the period from January 1, 2006 through the date of your response.

M.    "Ross" means Ross University School of Medicine, Ltd.

N.    "Wyckoff" means Wyckoff Heights Medical Center.

### Documents Requested

1.    All certificates of incorporation, by-laws, articles of association and any other charter document as in effect at any time during the Relevant Period for each of the BQHC Companies.

2.    All documents concerning the formation or establishment of BQHC.

3.    All documents concerning the formation or establishment of Caritas.

4.    The minutes of all meetings of the boards of the BQHC Companies during the Relevant Period.

5.    All financial statements, general ledgers, or other books of accounts of all BQHC Companies prepared during or covering periods within the Relevant Period.

6.    All documents concerning any real property interests of BQHC or Wyckoff during the Relevant Period.

7.   All documents concerning the transfer of money, services, goods or employees between or among the BQHC Companies during the Relevant Period.

8.   All documents concerning (a) bills or debts incurred by or on behalf of BQHC; and/or (b) the payment of any such bills or debts.

9.   All documents concerning bank accounts during the Relevant Period of BQHC or Wyckoff, whether held in the name of BQHC or Wyckoff or in another name such as 397 Himrod.

10.   All documents that constitute, relate or refer to journal or other accounting entries to record amounts due any BQHC, Wyckoff, and Caritas.

11.   All bank statements of BQHC during the Relevant Period.

12.   All documents concerning donations of any kind received by BQHC during the Relevant Period.

13.   All documents that refer, relate or pertain to revenue generated by BQHC during the Relevant Period.

14.   Documents sufficient to show the assets and liabilities of BQHC at December 28, 2006, at December 5, 2007, and at February 28, 2008.

15.   All documents concerning accounts used by any of the BQHC Companies as slush funds, such as 397 Himrod.

16.   All documents concerning any audit or investigation of any of the BQHC Companies during the Relevant Period.

17.   All documents concerning any March 2007 meetings between DOH and any of the BQHC Companies.

4

18. All documents concerning the transfer of funds between Caritas and Wyckoff made contrary to prior representations to DOH.

19. All documents concerning the admission by any of the BQHC Companies to DOH in March 2007 that funds had been transferred among BQHC Companies contrary to prior representations to DOH.

20. All documents concerning the "financial problems" and "serious management and governance issues" at the BQHC Companies which DOH publicly noted in March 2007.

21. All documents concerning the loan to at least some of the BQHC Companies announced by DOH in March 2007.

22. All documents concerning the analyses, evaluations and assessments which DOH announced in March 2007 that it would require of some or all of the BQHC Companies.

23. All documents concerning the services FTI Cambio provided to any of the BQHC Companies.

24. All documents concerning all contracts to which BQHC has been a party during the Relevant Period.

25. All documents that refer, relate or pertain to any contract between or among BQHC Companies during the Relevant Period.

26. Documents sufficient to identify all persons employed by BQHC during the Relevant Period.

27. All documents concerning the relationship between Wyckoff and BQHC.

28. All documents concerning the Administrative Services Agreement.

29. All documents concerning the Administrative Services Subcontract.

30. All documents concerning any promise, agreement, covenant or contract made or purporting to be made by BQHC on behalf of Wyckoff.

31. All documents concerning any promise, agreement, covenant or contract made or purporting to be made by BQHC on behalf of Caritas or the Caritas Hospitals.

32. All documents concerning any promise, agreement, covenant or contract made or purporting to be made by Wyckoff on behalf of Caritas or the Caritas Hospitals.

33. All documents concerning any promise, agreement, covenant or contract made or purporting to be made by Wyckoff on behalf of BQHC.

34. All documents concerning the negotiation, execution, implementation and funding of any contract between the company known as Reliance Globalcom on the one hand and any of the BQHC Companies on the other.

35. All documents concerning Ross or the Affiliation Agreement.

36. All documents concerning the possible or actual placement of Ross students in clinical rotations at Wyckoff or at the Caritas Hospitals during the Relevant Period.

37. All documents concerning the possible or actual placement of students of medical schools other than Ross in clinical rotations at Wyckoff or at the Caritas Hospitals during the Relevant Period.

38.   All documents that refer, relate, or pertain to the "expansion of medical student clerkships at MIH and SJQ" referenced in Dominic Gio's letter of August 21, 2006 (attached hereto as Ex. A).

39.   All documents served in the AUC Lawsuit.

40.   All documents produced in the AUC Lawsuit.

41.   Transcripts of and exhibits to all testimony taken or given in the AUC Lawsuit.

42.   All documents concerning the initial registration of the domain name bqhcny.net and any amendments to that registration.

43.   All documents concerning the establishment, maintenance and elimination of bqhcny.net Web sites and email systems.

44.   All documents concerning, relevant to or bearing on the allegation of the Fourth Affirmative Defense alleged in BQHC and Wyckoff's Answer to Second Amended Complaint that the Affiliation Agreement is barred by the doctrine of impossibility.

45.   All documents concerning, relevant to or bearing on the allegation of the Fifth Affirmative Defense alleged in BQHC and Wyckoff's Answer to Second Amended Complaint that the Affiliation Agreement is ultra vires.

46.   All documents concerning any employment contracts in effect at any time during the Relevant Period for each of the persons identified by BQHC in response to Interrogatory Nos. 1-3 of Plaintiff's First Set of Interrogatories to BQHC.

47.    All documents concerning any employment contracts in effect at any time during the Relevant Period for each of the persons identified by Wyckoff in response to Interrogatory Nos. 1-3 of Plaintiff's First Set of Interrogatories to Wyckoff.

48.    All documents concerning any employment contracts in effect at any time during the Relevant Period for each of Harold McDonald, Thomas Singleton, Paul Goldberg, Julius Romero, Dominic Gio, David Hoffman and Edward J. (Buzz) Dowling, Jr.

49.    All documents BQHC or Wyckoff will use in this action at trial, at any hearings and in motion practice.

Dated:  New York, New York
        December 9, 2009

MAYER BROWN LLP

By:  _____
        Michael O. Ware
        *mware@mayerbrown.com*
        Andrew J. Calica
        *acalica@mayerbrown.com*

1675 Broadway
New York, N.Y. 10019
(212) 506-2500

*Attorneys for plaintiff*

*Of Counsel:*

George J. Tzanetopoulos
David K. Cole, III
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, Ill. 60606
(312) 782-0600

8

# Exhibit 10

K&L GATES LLP
Walter P. Loughlin (WL 4760)
Justin Roeber (JR 9100)
599 Lexington Avenue
New York, NY 10022
Telephone: 212-536-3900
Fax: 212-536-3901

*Attorneys for Defendants*
*Brooklyn-Queens Health Care, Inc.*
*and Wyckoff Heights Medical Center*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD., ) | 09 Civ. 1410 (KAM) (RLM) |
| Plaintiff, ) | **DEFENDANT BROOKLYN-QUEENS HEALTH CARE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** |
| -against- ) | |
| BROOKLYN-QUEENS HEALTH CARE, INC. and WYCKOFF HEIGHTS MEDICAL CENTER, ) | |
| Defendants. ) | |

------------------------------------------------------------x

Defendant Brooklyn-Queens Health Care, Inc. ("BQHC"), by its attorneys K&L Gates

LLP, hereby objects and responds pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure, and the Local Rules of the United States District Court for the Eastern District of

New York ("Local Rules"), including but not limited to Local Civil Rule 26.3, to Plaintiff Ross

University School of Medicine ("Ross University")'s First Request for the Production of

Documents (the "Document Requests," and, individually, a "Document Request") as set forth

below and on the grounds specified herein.

## OBJECTIONS TO DEFINITIONS

1.    BQHC objects to the definition of "BQHC Companies" to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. BQHC responds to these requests only on behalf of itself.

## GENERAL OBJECTIONS

BQHC makes the following objections to the Document Requests, regardless of whether such objections are stated separately in response to each Document Request. These objections form a part of the response to each and every Document Request, and are set forth here to avoid duplication and repetition. Although these General Objections may be specifically referred to in a response, failure to mention a General Objection specifically should not be construed as a waiver of any such objection.

1.    BQHC objects to each Document Request to the extent it is premature and seeks to impose obligations on BQHC that are inconsistent with or greater than the obligations imposed by the Federal Rules of Civil Procedure, Local Rules, any other applicable rule, and any court order that may be entered that governs discovery.

2.    BQHC objects to each Document Request to the extent it calls for the production of documents subject to the attorney-client, attorney work product, legal-professional, common interest, joint defense, or other privileges under applicable law. Information and documents covered by one or more privilege or immunity will not be produced. In the event that any privileged or protected document is disclosed by BQHC, the disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

3.      BQHC objects to each Document Request to the extent it seeks information

protected from disclosure by any protective order, non-disclosure agreement, privacy law, or any

other applicable law.

4.      BQHC objects to each Document Request to the extent it is vague and ambiguous,

overly broad or unduly burdensome or calls for the production of documents that are not

reasonably calculated to lead to the discovery of admissible evidence.

5.      BQHC objects to each Document Request to the extent it purports to require

BQHC to reach a legal conclusion about any document, thing or event.

6.      BQHC objects to each Document Request to the extent it requires BQHC to

produce "all" documents in a specified category or categories.  BQHC objects to each Document

Request to the extent it is not reasonably practicable to review each document in every one of

Defendants' files to determine if any document contained therein may be responsive to the

request.  BQHC objects to each Document Request to the extent it requires BQHC to search for

and produce information, including e-mails and similar electronic information, that is not

reasonably accessible.

7.      BQHC objects to each Document Request to the extent it is overbroad with

respect to time and is not limited on its face to a reasonable time period.

8.      BQHC objects to each Document Request to the extent it is duplicative of any

other Document Request.

9.      BQHC objects to each Document Request to the extent it seeks documents  that

are not within Defendants' actual possession, custody, or control, seeks documents that are not

maintained by BQHC in its normal course of business, or seeks information that is no longer

available to BQHC.

10.     Each of BQHC's responses which state that any non-privileged documents will be produced does not constitute a representation that such documents exist.

11.     BQHC objects to each Document Request to the extent it seeks documents that are publicly available or to which Plaintiff has equal access.

12.     BQHC objects to each Document Request to the extent it seeks production of confidential, proprietary, or sensitive business information.  To the extent BQHC produces documents in response to Plaintiff's Requests in these actions, such production will be subject to the entry of a stipulated protective order among all the parties regarding the use of confidential information.

13.     In providing responses to the Document Requests, BQHC does not in any way waive or intend to waive:

> (a)     objections as to relevancy, materiality and/or admissibility;
>
> (b)     rights to object on any ground to the use of any of the responses herein, in any subsequent proceedings, including the trial of this action or any other action;
>
> (c)     objections as to vagueness or ambiguity; and
>
> (d)     rights to object on any ground to any further document requests or other discovery requests involving or related to the Document Requests.

14.     The objections and responses herein are based on BQHC's present knowledge and information and belief and will be supplemented or amended, if necessary, should BQHC discover additional information or grounds for response or objection.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiving the foregoing General Objections, BQHC hereby specifically responds and objects to the Document Requests as follows:

### Document Request No. 1

All certificates of incorporation, by-laws, articles of association and any other charter document as in effect at any time during the Relevant Period for each of the BQHC Companies.

**RESPONSE**: BQHC objects on the ground that this Document Request is overbroad in scope and unduly burdensome.  BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.  BQHC responds only for itself.  Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

### Document Request No. 2

All documents concerning the formation or establishment of BQHC.

**RESPONSE:** Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

### Document Request No. 3

All documents concerning the formation or establishment of Caritas.

**RESPONSE:**  BQHC objects to this Document Request on the ground that it is unduly burdensome in that Caritas is in bankruptcy proceeding and BQHC does not control Caritas, nor does BQHC have possession, custody, or control of its documents.  BQHC further objects to this

Document Request on the ground that it seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 4**

The minutes of all meetings of the boards of the BQHC Companies during the Relevant Period.

**RESPONSE**: BQHC objects on the ground that this Document Request is overbroad in scope and unduly burdensome. BQHC also objects to this Request to the extent it seeks documents containing confidential or proprietary information. BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. BQHC responds only for itself. Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 5**

All financial statements, general ledgers, or other books of accounts of all BQHC Companies prepared during or covering periods within the Relevant Period.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. BQHC responds only for itself. Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 6**

6

All documents concerning any real property interests of BQHC or Wyckoff during the Relevant Period.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 7**

All documents concerning the transfer of money, services; goods or employees between or among the BQHC Companies during the Relevant Period.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. BQHC also objects on the ground that this Request is vague, ambiguous and incomprehensible.  BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

**Document Request No. 8**

All documents concerning (a) bills or debts incurred by or on behalf of BQHC; and/or (b) the payment of any such bills or debts.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. BQHC also objects on the ground that this Request is vague, ambiguous and incomprehensible.  BQHC also objects to the definition of BQHC Companies to

the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe

had any involvement in the subject matter of this litigation.

### Document Request No. 9

All documents concerning bank accounts during the Relevant Period of BQHC or

Wyckoff, whether held in the name of BQHC or Wyckoff or in another name such as 397

Himrod.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in

scope, vague, and unduly burdensome. BQHC also objects to this Document Request to the

extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had

any involvement in the subject matter of this litigation.

### Document Request No. 10

All documents that constitute, relate or refer to journal or other accounting entries to

record amounts due any BQHC, Wyckoff, and Caritas.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in

scope and unduly burdensome and seeks documents not reasonably calculated to lead to the

discovery of admissible evidence. BQHC also objects to the extent this Document Request seeks

documents related to Caritas. Caritas is in bankruptcy and BQHC does not control Caritas.

### Document Request No. 11

All bank statements of BQHC during the Relevant Period.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in

scope and unduly burdensome. BQHC further objects to this Document Request on the ground

that this Document Request is duplicative of other requests. Subject to and without waiving the

foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents, if any exist.

**Document Request No. 12**

All documents concerning donations of any kind received by BQHC during the Relevant Period.

**RESPONSE:** BQHC objects on the ground that this Document Request is vague, ambiguous, overbroad in scope, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 13**

All documents that refer, relate or pertain to revenue generated by BQHC during the Relevant Period.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope and unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. BQHC further objects to this Request to the extent it is duplicative of other requests.

**Document Request No. 14**

Documents sufficient to show the assets and liabilities of BQHC at December 28, 2006, at December 5, 2007, and at February 28, 2008.

**RESPONSE:** BQHC objects on the ground that this Document Request is duplicative of other requests. Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents, if any.

**Document Request No. 15**

9

All documents concerning accounts used by any of the BQHC Companies as slush funds, such as 397 Himrod.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. BQHC responds only for itself. BQHC further objects to this Document Request to the extent it is duplicative of other requests.

### Document Request No. 16

All documents concerning any audit or investigation of any of the BQHC Companies during the Relevant Period.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, vague, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. BQHC also objects to this Document Request to the extent it seeks privileged or other confidential information.

### Document Request No. 17

All documents concerning any March 2007 meetings between DOH and any of the BQHC Companies.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, vague, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. BQHC also objects to the definition of BQHC Companies to the extent it

10

requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.   BQHC also objects to this Document Request to the extent it seeks confidential or privileged information.

**Document Request No. 18**

All documents concerning the transfer of funds between Caritas and Wyckoff made contrary to prior representations to DOH.

**RESPONSE:** BQHC objects on the ground that this Document Request seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.   BQHC further objects to the extent this Document Request is duplicative of other requests.

**Document Request No. 19**

All documents concerning the admission by any of the BQHC Companies to DOH in March 2007 that funds had been transferred among BQHC Companies contrary to prior representations to DOH.

**RESPONSE:** BQHC objects on the ground that this Document Request is vague, unduly burdensome, overly broad and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.   BQHC further objects to the extent this Document Request is duplicative of other requests.   BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

**Document Request No. 20**

All documents concerning the "financial problems" and "serious management and governance issues" at the BQHC Companies which DOH publicly noted in March 2007.

**RESPONSE:** BQHC objects on the ground that this Document Request is vague, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. BQHC further objects to the extent this Document Request is duplicative of other requests. BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

### Document Request No. 21

All documents concerning the loan to at least some of the BQHC Companies announced by DOH in March 2007.

**RESPONSE:**  BQHC objects on the ground that this Document Request seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. BQHC further objects to the extent this Document Request is duplicative of other requests. BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents, if any.

### Document Request No. 22

All documents concerning the analyses, evaluations and assessments which DOH announced in March 2007 that it would require of some or all of the BQHC Companies.

**RESPONSE**: BQHC objects on the ground that this Document Request is vague, overly broad and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. BQHC further objects to the extent this Document Request is duplicative of other requests. BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

**Document Request No. 23**

All documents concerning the services FTI Cambio provided to any of the BQHC Companies.

**RESPONSE**: BQHC objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. BQHC responds only for itself. Subject to and without waiving the foregoing objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 24**

All documents concerning all contracts to which BQHC has been a party during the Relevant Period.

**RESPONSE**: BQHC objects on the ground that this Document Request is vague, overbroad in scope and unduly burdensome. Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive documents.

**Document Request No. 25**

All documents that refer, relate, or pertain to any contract between or among BQHC Companies during the Relevant Period.

**RESPONSE:** BQHC objects on the ground that this Document Request is vague, overbroad in scope, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  BQHC also objects to this Document Request to the extent it is duplicative of other requests.  BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.  Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents, if any.

**Document Request No. 26**

Documents sufficient to identify all persons employed by BQHC during the Relevant Period.

**RESPONSE:** BQHC objects on the ground that this Document Request overbroad in scope, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents, if any.

**Document Request No. 27**

All documents concerning the relationship between Wyckoff and BQHC.

**RESPONSE:** BQHC objects on the ground that this Document Request is vague and overbroad in scope.  BQHC further objects to the extent this Document Request is duplicative of other requests.

**Document Request No. 28**

All documents concerning the Administrative Services Agreement.

14

**RESPONSE:** BQHC objects to this Document Request on the ground that it is overly broad and unduly burdensome and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 29**

All documents concerning the Administrative Services Subcontract.

**RESPONSE:** BQHC objects to this Document Request on the ground that it is overly broad and unduly burdensome and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 30**

All documents concerning any promise, agreement, covenant or contract made or purporting to be made by BQHC on behalf of Wyckoff.

**RESPONSE:** BQHC objects on the ground that this Document Request is vague, overbroad in scope and unduly burdensome. Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 31**

All documents concerning any promise, agreement, covenant or contract made or purporting to be made by BQHC on behalf of Caritas or the Caritas Hospitals.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope and unduly burdensome and seeks documents not reasonably calculated to lead to the

15

discovery of admissible evidence. Subject to and without waiving the foregoing General and

Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 32**

All documents concerning any promise, agreement, covenant or contract made or

purporting to be made by Wyckoff on behalf of Caritas or the Caritas Hospitals.

**RESPONSE**: BQHC objects on the ground that this Document Request is overbroad in

scope and unduly burdensome and seeks documents not reasonably calculated to lead to the

discovery of admissible evidence.  Subject to and without waiving the foregoing General and

Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 33**

All documents concerning any promise, agreement, covenant or contract made or

purporting to be made by Wyckoff on behalf of BQHC.

**RESPONSE**: BQHC objects on the ground that this Document Request is vague,

overbroad in scope and unduly burdensome.  Subject to and without waiving the foregoing

General and Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 34**

All documents concerning the negotiation, execution, implementation and funding of any

contract between the company known as Reliance Globalcom on the one hand and any of the

BQHC Companies on the other.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in

scope and seeks documents neither relevant to the claims or defenses in this action nor

reasonably calculated to lead to the discovery of admissible evidence.  BQHC also objects to

the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of

16

entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.

**Document Request No. 35**

All documents concerning Ross or the Affiliation Agreement.

**RESPONSE**: Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 36**

All documents concerning the possible or actual placement of Ross students in clinical rotations at Wyckoff or at the Caritas Hospitals during the Relevant Period.

**RESPONSE:** Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 37**

All documents concerning the possible or actual placement of students of medical schools other than Ross in clinical rotations at Wyckoff or at the Caritas Hospitals during the Relevant Period.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope and unduly burdensome. BQHC responds only for itself. Caritas is in bankruptcy proceeding and it is not controlled by BQHC. Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive, non-privileged documents.

**Document Request No. 38**

All documents that refer, relate, or pertain to the "expansion of medical student clerkships at MIH and SJQ" referenced in Dominic Gio's letter of August 21, 2006 (attached hereto as Ex. A).

17

**RESPONSE**: BQHC objects on the ground that this Document Request is ambiguous, overbroad in scope, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.   BQHC further objects to this Document Request on the ground that it seeks materials outside the possession, custody, or control of Wyckoff.

**Document Request No. 39**

All documents served in the AUC Lawsuit.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, unduly burdensome, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 40**

All documents produced in the AUC Lawsuit.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, unduly burdensome, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 41**

Transcripts of and exhibits to all testimony taken or given in the AUC Lawsuit.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, unduly burdensome, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 42**

All documents concerning the initial registration of the domain name bqhcny.net and any amendments to that registration.

**RESPONSE**: BQHC objects on the ground that this Document Request is vague, ambiguous, unduly burdensome, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, BQHC states that it is not aware of any documents responsive to this Request.

**Document Request No. 43**

All documents concerning the establishment, maintenance and elimination of bqhcny.net Web sites and email systems.

**RESPONSE**: BQHC objects on the ground that this Document Request is vague, ambiguous, unduly burdensome, and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, BQHC states that it is not aware of any documents responsive to this Request.

**Document Request No. 44**

All documents concerning, relevant to or bearing on the allegation of the Fourth Affirmative Defense alleged in BQHC and Wyckoff's Answer to Second Amended Complaint that the Affiliation Agreement is barred by the doctrine of impossibility.

**RESPONSE**: Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce responsive documents such as bylaws, resolutions and other responsive corporate records.

**Document Request No. 45**

All documents concerning, relevant to or bearing on the allegation of the Fifth Affirmative Defense alleged in BQHC and Wyckoff's Answer to Second Amended Complaint that-the Affiliation Agreement is ultra vires.

**RESPONSE**: Subject to and without waiving the foregoing General and Specific Objections, BQHC will produce the agreement with FTI Cambio, and other responsive corporate records.

### Document Request No. 46

All documents concerning any employment contracts in effect at any time during the Relevant Period for each of the persons identified by BQHC in response to Interrogatory Nos. 1-3 of Plaintiff's First Set of Interrogatories to BQHC.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation. BQHC responds only for itself.

### Document Request No. 47

All documents concerning any employment contracts in effect at any time during the Relevant Period for each of the persons identified by Wyckoff in response to Interrogatory 1-3 of Plaintiffs First Set of Interrogatories to Wyckoff.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in scope, unduly burdensome and seeks documents neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. BQHC

20

also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on

behalf of entities as to which there is no basis to believe had any involvement in the subject matter

of this litigation.  BQHC responds only for itself.

**Document Request No. 48**

All documents concerning any employment contracts in effect at any time during the

Relevant Period for each of Harold McDonald, Thomas Singleton, Paul Goldberg, Julius

Romero, Dominic Gio, David Hoffman and Edward J. (Buzz) Dowling, Jr.

**RESPONSE:** BQHC objects on the ground that this Document Request is overbroad in

scope, unduly burdensome and seeks documents neither relevant to the claims or defenses in

this action nor reasonably calculated to lead to the discovery of admissible evidence.  BQHC

also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on

behalf of entities as to which there is no basis to believe had any involvement in the subject matter

of this litigation.  BQHC responds only for itself.

**Document Request No. 49**

All documents BQHC or Wyckoff will use in this action at trial, at any hearings and in

motion practice.

**RESPONSE:** BQHC objects to this Document Requests as being premature at this stage

of the litigation.

Dated: New York, New York
      March 10, 2010

                      K&L GATES LLP

By:

                      Walter P. Loughlin (WL 4760)
                      Justin Roeber (JR 9100)
                      599 Lexington Avenue
                      New York, NY 10022
                      Telephone: 212-536-3900
                      Fax: 212-536-3901