# Exhibit 11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – x

ROSS UNIVERSITY SCHOOL OF
MEDICINE, LTD.,                                  :          09 Civ. 1410 (KAM) (RLM)

                   Plaintiff,            :          **PLAINTIFF'S FIRST SET OF
INTERROGATORIES
TO WYCKOFF**

  – against –                                    :

                                                   :

BROOKLYN-QUEENS HEALTH CARE,
INC. and WYCKOFF HEIGHTS MEDICAL          :
CENTER,

                   Defendants.          :

– – – – – – – – – – – – – – – – – – – – x

        Pursuant to Fed. R. Civ. P. 33, plaintiff Ross University School of

Medicine, Ltd. hereby requests that defendant Wyckoff Heights Medical Center answer the

interrogatories set out below separately and fully in writing within the time provided by

Fed. R. Civ. P. 33((b)(2).

### Definitions of Terms Used in Interrogatories

        A.    The definitions, instructions and rules of construction set forth in the

Court's Local Rules 26.2 and 26.3 are incorporated herein reference.

        B.    "Affiliation Agreement" the Affiliation Agreement entered into

between Ross and BQHC on December 28, 2006, including all amendments and exhibits to

the same.

        C.    "BQHC Companies" means all of BQHC, Wyckoff and Caritas, and

(a) any other company of or in which any of BQHC, Wyckoff and Caritas was a member

or investor or had board reputation; or (b) any other company (other than a corporation registered with the New York secretary of state as a professional corporation) which used any trademark or trade dress of BQHC, Wyckoff or Caritas; or (c) any company (other than a corporation registered with the New York secretary of state as a professional corporation) which was considered by itself or by BQHC, Wyckoff or Caritas to be an affiliate of any of BQHC, Wyckoff and Caritas.

        D.    "BQHC" means Brooklyn-Queens Health Care, Inc.

        E.    "Caritas Hospitals" means St. Johns Queens Hospital and Mary Immaculate Hospital.

        F.    "Caritas" means the corporation which at various times was named Caritas Health Care, Inc. and Caritas Health Care Planning, Inc.

        G.    "Eleventh Defense" means the Eleventh Affirmative Defense alleged in BQHC and Wyckoff's Answer to Second Amended Complaint.

        H.    "FTI Cambio" means  FTI Cambio Health Solutions LLC f/k/a Cambio Health Solutions LLC, any affiliate thereof, and any other company trading under a name including the phrase "FTI Cambio."

        I.    "Officer" means a person who (a) held a statutory corporate office (including by way of illustration only president, secretary or treasurer) or a familiar corporate title (including by way of illustration only) chief executive officer, chief financial officer, chief information officer or general counsel; or (b) exercised executive authority.

        J.    "Relevant Period" means the period from January 1, 2006 through the date of your response.

K.     "Ross" means Ross University School of Medicine, Ltd.

L.     "Wyckoff" means Wyckoff Heights Medical Center.

**Interrogatories**

1.     Identify each person who was a member of the boards of any of the BQHC Companies at any time during the Relevant Period, specifying for each person so identified the board or boards on which he or she served and the periods of service and any periods of board chairmanship.

2.     Identify each person who served as an Officer of any of the BQHC Companies at any time during the Relevant Period, specifying for each person so identified titles held and functions performed and the periods of service.

3.     Identify the employer or employers during the Relevant Period of each person identified in response to Interrogatory Nos. 1 and 2 above, noting periods of employment and changes from time to time, and the sources and amounts of that person's compensation from any of the BQHC Companies.

4.     To the extent not covered in your answers to Interrogatory Nos. 1-2 above, specify the board memberships, titles and positions held at, and the emoluments received from, each of the BQHC Companies from time to time during the Relevant Period by each of Harold McDonald, Thomas Singleton, Paul Goldberg, Julius Romero, Dominic Gio, David Hoffman and Edward J. (Buzz) Dowling, Jr.

5.     Identify the "other facilities" mentioned in Exhibit B to the Affiliation Agreement, which states: "In the event the Hospitals are not operative, and the University is not in material breach of the Agreement, BQHC agrees to provide the University with an equivalent number of clerkships as agreed to herein at one or more of its other facilities."

3

6.     Describe in detail all services that FTI Cambio provided to the BQHC

Companies, specifying the names and roles of all persons involved in the provision of such

services.

7.     To what "statute and government regulations" does the Eleventh

Defense refer?

Dated: New York, New York
       December 9, 2009

MAYER BROWN LLP

By: _____
       Michael O. Ware
       *mware@mayerbrown.com*
       Andrew J. Calica
       *acalica@mayerbrown.com*

1675 Broadway
New York, N.Y. 10019
(212) 506-2500

*Attorneys for plaintiff*

*Of Counsel:*

George J. Tzanetopoulos
David K. Cole, III
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, Ill. 60606
(312) 782-0600

4

Exhibit 12

K&L GATES LLP
Walter P. Loughlin (WL 4760)
Justin Roeber (JR 9100)
599 Lexington Avenue
New York, NY 10022
Telephone: 212-536-3900
Fax: 212-536-3901

*Attorneys for Defendants*
*Brooklyn-Queens Health Care, Inc.*
*and Wyckoff Heights Medical Center*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | |
|---|---|
| ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD., | ) ) ) |
| | ) 09 Civ. 1410 (KAM) (RLM) |
| Plaintiff, | ) |
| | ) **DEFENDANT WYCKOFF** |
| -against- | ) **HEIGHTS MEDICAL CENTER'S** |
| | ) **RESPONSES AND OBJECTIONS** |
| BROOKLYN-QUEENS HEALTH CARE, INC. and WYCKOFF HEIGHTS MEDICAL CENTER, | ) **TO PLAINTIFF'S FIRST SET OF** ) **INTERROGATORIES** ) |
| | ) |
| Defendants. | ) ) |

------------------------------------------------------x

Defendant Wyckoff Heights Medical Center ("Wyckoff"), by its attorneys K&L Gates

LLP, hereby objects and responds pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure, and the Local Rules of the United States District Court for the Eastern District of

New York ("Local Rules"), to Plaintiff Ross University School of Medicine ("Ross

University")'s First Set of Interrogatories to Wyckoff (the "Interrogatories") as set forth below

and on the grounds specified herein.

## OBJECTIONS TO DEFINITIONS

1.      Wyckoff objects to the definition of "BQHC Companies" to the extent it requires

Wyckoff to respond on behalf of entities as to which there is no basis to believe had any

involvement in the subject matter of this litigation.  Wyckoff responds to these interrogatories only on behalf of itself.

## GENERAL RESPONSES AND OBJECTIONS

1.     Wyckoff objects to the Interrogatories to the extent that they are intended or could be interpreted to call for information that is protected by (i) the attorney-client privilege; (ii) attorney work product doctrine; or (iii) any other applicable privilege or protection.

2.     Wyckoff objects to the Interrogatories to the extent that they purport to require Wyckoff to produce information outside the scope of discovery under the Federal Rules of Civil Procedure, as modified, explained and/or clarified by the Local Rules and the Rules of this Court (the "Rules").

3.     Wyckoff objects to the Interrogatories to the extent that they are unduly duplicative, repetitive and cumulative, containing multiple questions seeking the same information.

4.     Wyckoff objects to the Interrogatories to the extent they seek information of which Wyckoff is not aware, or information that is not in the possession, custody or control of Wyckoff.

5.     Wyckoff objects to the Interrogatories to the extent they seek or require a response that is not relevant to the subject matter of this case, not reasonably calculated to lead to the discovery of admissible evidence, or otherwise not within the scope of discovery as provided by the Rules.

6.     Wyckoff objects to the Interrogatories to the extent they fail to identify an applicable time period and/or purport to apply to a time period that is overly broad.

7.     Wyckoff objects to the Interrogatories to the extent they subject Wyckoff to undue burden or unnecessary expense as set forth in Rule 26(b)(2)(iii) of the Federal Rules of Civil Procedure.

8.     In providing these objections, and in producing the responses pursuant hereto, Wyckoff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

(a)     All objections as to competency, relevancy, materiality and admissibility of the responses and the subject matter thereof;

(b)     All objections as to vagueness, ambiguity and undue burden;

(c)     All rights to object on any ground to the use of any said responses to the Interrogatories or the subject matter thereof, in any subsequent proceedings, and during the trial of this or any other action; and

(d)     All rights to object on any ground to any request for further responses to these or any other Interrogatories or other discovery Request involving or related to the subject matter of these Interrogatories.

9.     The inadvertent or mistaken production of irrelevant or non-responsive information subject to the protections of the attorney-client privilege, work product doctrine, or other privileges shall not constitute a general, inadvertent, implicit, subject matter, separate, independent or other waiver of any objection or any such privilege or protection, and does not put in issue or constitute the affirmative use of advice of counsel or of any privileged communications. All such inadvertently produced information, if any, shall be returned to Wyckoff, along with any copies made thereof.

10.     The objections set forth herein applicable to all Interrogatories shall be applicable
to each specific Interrogatory as if set forth in full in response to each specific Interrogatory and,
accordingly, will not be repeated therein.

11.     Wyckoff expressly reserves the right under the Rules to amend or supplement its
responses if it should obtain additional information after the date hereof.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiving any of the foregoing General Objections, Wyckoff
responds as follows to Plaintiff's individual interrogatories:

**Interrogatory No. 1:** Identify each person who was a member of the boards of any of
the BQHC Companies at any time during the Relevant Period, specifying for each person so
identified the board or boards on which he or she served and the periods of service and any
periods of board chairmanship.

**Answer:** Wyckoff objects on the ground that this Interrogatory is overbroad in scope and
unduly burdensome. Wyckoff also objects to the definition of BQHC Companies to the extent it
requires Wyckoff to respond on behalf of entities as to which there is no basis to believe had any
involvement in the subject matter of this litigation. Wyckoff responds only for itself. Subject to
and without waiving the foregoing and all general objections set forth above, Wyckoff states that
pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it will produce documents within
its possession, custody, or control responsive to this interrogatory.

**Interrogatory No. 2:** Identify each person who served as an Officer of any of the BQHC
Companies at any time during the Relevant Period, specifying for each person so identified titles
held and functions performed and the periods of service.

- 4 -

**Answer:**  Wyckoff objects on the ground that this Interrogatory is overbroad in scope and unduly burdensome.  Wyckoff also objects to the definition of BQHC Companies to the extent it requires Wyckoff to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.  Wyckoff responds only for itself.  Subject to and without waiving the foregoing and all general objections set forth above, Wyckoff states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it will produce documents within its possession, custody, or control responsive to this interrogatory.

**Interrogatory No. 3:**  Identify the employer or employers during the Relevant Period of each person identified in response to Interrogatory Nos. 1 and 2 above, noting periods of employment and changes from time to time, and the sources and amounts of that person's compensation from any of the BQHC Companies.

**Answer:**  Wyckoff objects on the ground that this Interrogatory is overbroad in scope and unduly burdensome.  Wyckoff also objects to the definition of BQHC Companies to the extent it requires Wyckoff to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.  Wyckoff responds only for itself.  Subject to and without waiving the foregoing and all general objections set forth above, Wyckoff states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it will produce documents within its possession, custody, or control responsive to this interrogatory.

**Interrogatory No. 4:**  To the extent not covered in your answers to Interrogatory Nos. 1-2 above, specify the board memberships, titles and positions held at, and the emoluments received from, each of the BQHC Companies from time to time during the Relevant Period by each of Harold McDonald, Thomas Singleton, Paul Goldberg, Julius Romero, Dominic Gio, David Hoffman and Edward J. (Buzz) Dowling, Jr.

**Answer:**  Wyckoff objects on the ground that this Interrogatory is overbroad in scope and unduly burdensome.  Wyckoff also objects to the definition of BQHC Companies to the extent it requires Wyckoff to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.  Wyckoff responds only for itself.  Subject to and without waiving the foregoing and all general objections set forth above, Wyckoff states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it will produce documents within its possession, custody, or control responsive to this interrogatory.

**Interrogatory No. 5:**  Identify the "other facilities" mentioned in Exhibit B to the Affiliation Agreement, which states: "In the event the Hospitals are not operative, and the University is not in material breach of the Agreement, BQHC agrees to provide the University with an equivalent number of clerkships as agreed to herein at one or more of its other facilities."

**Answer:**  Subject to and without waiving the foregoing and all general objections set forth above, Wyckoff states that the "other facilities" mentioned in Exhibit B to the Affiliation Agreement refers to any and all BQHC affiliated facilities at which BQHC may be able to offer clerkships, including, but not limited to, Wyckoff Heights Medical Center.

**Interrogatory No. 6:**  Describe in detail all services that FTI Cambio provided to the BQHC Companies, specifying the names and roles of all persons involved in the provision of such services.

**Answer:**  Wyckoff objects on the ground that this Interrogatory is overbroad in scope and unduly burdensome.  Subject to and without waiving the foregoing and all general objections set forth above, Wyckoff states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it will produce documents within its possession, custody, or control responsive to this interrogatory.

**Interrogatory No. 7:**  To what "statute and government regulations" does the Eleventh Defense refer?

**Answer:**  Wyckoff objects to this Interrogatory on the grounds that it calls for information protected by the attorney-client privilege and work product doctrine.  Wyckoff further objects to this Interrogatory on the grounds that it calls for legal analysis and conclusions inappropriate at this stage in the litigation.

Dated: New York, New York
       March 10, 2010

                                          K&L GATES LLP

                                   By:

                                          Walter P. Loughlin (WL 4760)
                                          Justin Roeber (JR 9100)
                                          599 Lexington Avenue
                                          New York, NY 10022
                                          Telephone: 212-536-3900
                                          Fax: 212-536-3901

## VERIFICATION

STATE OF NEW YORK          )
                           )  ss.:
COUNTY OF KINGS            )

    I, David Hoffman, being duly sworn, do hereby verify that I have read the foregoing

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF**

**INTERROGATORIES TO DEFENDANT WYCKOFF HEIGHTS MEDICAL CENTER**

and that the information contained in the responses is true and complete to the best of my

knowledge, information and belief.

Dated:  Brooklyn, New York
        March 11, 2010

WYCKOFF HEIGHTS MEDICAL CENTER

By: _____

Title: _General Counsel_

Sworn to before me
this ___ day of _March_ 2010

_____
Notary Public

PATRICIA MILLSPAUGH
Notary Public, State of New York
No. 01MI4861742
Qualified in Queens County
Commission Expires June 23, 20__

NY-733233 v1

# Exhibit 13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – x

ROSS UNIVERSITY SCHOOL OF          :
MEDICINE, LTD.,                                              09 Civ. 1410 (KAM) (RLM)

                                                   :

                    Plaintiff,                     :    **PLAINTIFF'S FIRST SET OF
                                                        INTERROGATORIES
                                                   :    TO BQHC**

        – against –                                :


                                                   :

BROOKLYN-QUEENS HEALTH CARE,
INC. and WYCKOFF HEIGHTS MEDICAL   :
CENTER,
                                                   :

                    Defendants.                    :

– – – – – – – – – – – – – – – – x

Pursuant to Fed. R. Civ. P. 33, plaintiff Ross University School of

Medicine, Ltd. hereby requests that defendant Brooklyn Queens Health Care, Inc. answer

the interrogatories set out below separately and fully in writing within the time provided by

Fed. R. Civ. P. 33((b)(2).

### Definitions of Terms Used in Interrogatories

        A.       The definitions, instructions and rules of construction set forth in the

Court's Local Rules 26.2 and 26.3 are incorporated herein reference.

        B.       "Affiliation Agreement" the Affiliation Agreement entered into

between Ross and BQHC on December 28, 2006, including all amendments and exhibits to

the same.

        C.       "BQHC Companies" means all of BQHC, Wyckoff and Caritas, and

(a) any other company of or in which any of BQHC, Wyckoff and Caritas was a member

or investor or had board reputation; or (b) any other company (other than a corporation registered with the New York secretary of state as a professional corporation) which used any trademark or trade dress of BQHC, Wyckoff or Caritas; or (c) any company (other than a corporation registered with the New York secretary of state as a professional corporation) which was considered by itself or by BQHC, Wyckoff or Caritas to be an affiliate of any of BQHC, Wyckoff and Caritas.

   D. "BQHC" means Brooklyn-Queens Health Care, Inc.

   E. "Caritas Hospitals" means St. Johns Queens Hospital and Mary Immaculate Hospital.

   F. "Caritas" means the corporation which at various times was named Caritas Health Care, Inc. and Caritas Health Care Planning, Inc.

   G. "Eleventh Defense" means the Eleventh Affirmative Defense alleged in BQHC and Wyckoff's Answer to Second Amended Complaint.

   H. "FTI Cambio" means FTI Cambio Health Solutions LLC f/k/a Cambio Health Solutions LLC, any affiliate thereof, and any other company trading under a name including the phrase "FTI Cambio."

   I. "Officer" means a person who (a) held a statutory corporate office (including by way of illustration only president, secretary or treasurer) or a familiar corporate title (including by way of illustration only) chief executive officer, chief financial officer, chief information officer or general counsel; or (b) exercised executive authority.

   J. "Relevant Period" means the period from January 1, 2006 through the date of your response.

K.   "Ross" means Ross University School of Medicine, Ltd.

L.   "Wyckoff" means Wyckoff Heights Medical Center.

### Interrogatories

1.   Identify each person who was a member of the boards of any of the BQHC Companies at any time during the Relevant Period, specifying for each person so identified the board or boards on which he or she served and the periods of service and any periods of board chairmanship.

2.   Identify each person who served as an Officer of any of the BQHC Companies at any time during the Relevant Period, specifying for each person so identified titles held and functions performed and the periods of service.

3.   Identify the employer or employers during the Relevant Period of each person identified in response to Interrogatory Nos. 1 and 2 above, noting periods of employment and changes from time to time, and the sources and amounts of that person's compensation from any of the BQHC Companies.

4.   To the extent not covered in your answers to Interrogatory Nos. 1-2 above, specify the board memberships, titles and positions held at, and the emoluments received from, each of the BQHC Companies from time to time during the Relevant Period by each of Harold McDonald, Thomas Singleton, Paul Goldberg, Julius Romero, Dominic Gio, David Hoffman and Edward J. (Buzz) Dowling, Jr.

5.   Identify the "other facilities" mentioned in Exhibit B to the Affiliation Agreement, which states: "In the event the Hospitals are not operative, and the University is not in material breach of the Agreement, BQHC agrees to provide the University with an equivalent number of clerkships as agreed to herein at one or more of its other facilities."

3

6.   Describe in detail all services that FTI Cambio provided to the BQHC

Companies, specifying the names and roles of all persons involved in the provision of such

services.

7.   To what "statute and government regulations" does the Eleventh

Defense refer?

Dated: New York, New York
       December 9, 2009

MAYER BROWN LLP

By: _____
       Michael O. Ware
       *mware@mayerbrown.com*
       Andrew J. Calica
       *acalica@mayerbrown.com*

1675 Broadway
New York, N.Y. 10019
(212) 506-2500

*Attorneys for plaintiff*

*Of Counsel:*

George J. Tzanetopoulos
David K. Cole, III
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, Ill. 60606
(312) 782-0600

4

# Exhibit 14

K&L GATES LLP
Walter P. Loughlin (WL 4760)
Justin Roeber (JR 9100)
599 Lexington Avenue
New York, NY 10022
Telephone: 212-536-3900
Fax: 212-536-3901

*Attorneys for Defendants*
*Brooklyn-Queens Health Care, Inc.*
*and Wyckoff Heights Medical Center*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x
ROSS UNIVERSITY SCHOOL OF )
MEDICINE, LTD., )
                           )    09 Civ. 1410 (KAM) (RLM)
           Plaintiff, )
                           )    **DEFENDANT BROOKLYN-**
      -against- )   **QUEENS HEALTH CARE, INC.'S**
                           )    **RESPONSES AND OBJECTIONS**
BROOKLYN-QUEENS HEALTH CARE, )   **TO PLAINTIFF'S FIRST SET OF**
INC. and WYCKOFF HEIGHTS MEDICAL )   **INTERROGATORIES**
CENTER, )
                           )
          Defendants. )
-------------------------------------------------------x

       Defendant Brooklyn-Queens Health Care, Inc. ("BQHC"), by its attorneys K&L Gates

LLP, hereby objects and responds pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure, and the Local Rules of the United States District Court for the Eastern District of

New York ("Local Rules"), to Plaintiff Ross University School of Medicine ("Ross

University")'s First Set of Interrogatories to BQHC (the "Interrogatories") as set forth below and

on the grounds specified herein.

<u>**OBJECTIONS TO DEFINITIONS**</u>

      1.     BQHC objects to the definition of "BQHC Companies" to the extent it requires

BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement

in the subject matter of this litigation.  BQHC responds to these interrogatories only on behalf of itself.

## GENERAL RESPONSES AND OBJECTIONS

1.　　BQHC objects to the Interrogatories to the extent that they are intended or could be interpreted to call for information that is protected by (i) the attorney-client privilege; (ii) attorney work product doctrine; or (iii) any other applicable privilege or protection.

2.　　BQHC objects to the Interrogatories to the extent that they purport to require BQHC to produce information outside the scope of discovery under the Federal Rules of Civil Procedure, as modified, explained and/or clarified by the Local Rules and the Rules of this Court (the "Rules").

3.　　BQHC objects to the Interrogatories to the extent that they are unduly duplicative, repetitive and cumulative, containing multiple questions seeking the same information.

4.　　BQHC objects to the Interrogatories to the extent they seek information of which BQHC is not aware, or information that is not in the possession, custody or control of BQHC.

5.　　BQHC objects to the Interrogatories to the extent they seek or require a response that is not relevant to the subject matter of this case, not reasonably calculated to lead to the discovery of admissible evidence, or otherwise not within the scope of discovery as provided by the Rules.

6.　　BQHC objects to the Interrogatories to the extent they fail to identify an applicable time period and/or purport to apply to a time period that is overly broad.

7.　　BQHC objects to the Interrogatories to the extent they subject BQHC to undue burden or unnecessary expense as set forth in Rule 26(b)(2)(iii) of the Federal Rules of Civil Procedure.

8.     In providing these objections, and in producing the responses pursuant hereto, BQHC does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

      (a)     All objections as to competency, relevancy, materiality and admissibility of the responses and the subject matter thereof;

      (b)     All objections as to vagueness, ambiguity and undue burden;

      (c)     All rights to object on any ground to the use of any said responses to the Interrogatories or the subject matter thereof, in any subsequent proceedings, and during the trial of this or any other action; and

      (d)     All rights to object on any ground to any request for further responses to these or any other Interrogatories or other discovery Request involving or related to the subject matter of these Interrogatories.

9.     The inadvertent or mistaken production of irrelevant or non-responsive information subject to the protections of the attorney-client privilege, work product doctrine, or other privileges shall not constitute a general, inadvertent, implicit, subject matter, separate, independent or other waiver of any objection or any such privilege or protection, and does not put in issue or constitute the affirmative use of advice of counsel or of any privileged communications. All such inadvertently produced information, if any, shall be returned to BQHC, along with any copies made thereof.

10.     The objections set forth herein applicable to all Interrogatories shall be applicable to each specific Interrogatory as if set forth in full in response to each specific Interrogatory and, accordingly, will not be repeated therein.

11.     BQHC expressly reserves the right under the Rules to amend or supplement its responses if it should obtain additional information after the date hereof.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiving any of the foregoing General Objections, BQHC responds as follows to Plaintiff's individual interrogatories:

**Interrogatory No. 1:**  Identify each person who was a member of the boards of any of the BQHC Companies at any time during the Relevant Period, specifying for each person so identified the board or boards on which he or she served and the periods of service and any periods of board chairmanship.

**Answer:**  BQHC objects on the ground that this Interrogatory is overbroad in scope and unduly burdensome.  BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.  BQHC responds only for itself.  Subject to and without waiving the foregoing and all general objections set forth above, BQHC states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it will produce documents within its possession, custody, or control responsive to this interrogatory.

**Interrogatory No. 2:**  Identify each person who served as an Officer of any of the BQHC Companies at any time during the Relevant Period, specifying for each person so identified titles held and functions performed and the periods of service.

**Answer:**  BQHC objects on the ground that this Interrogatory is overbroad in scope and unduly burdensome.  BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.  BQHC responds only for itself.  Subject to and

without waiving the foregoing and all general objections set forth above, BQHC states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it will produce documents within its possession, custody, or control responsive to this interrogatory.

**Interrogatory No. 3**:  Identify the employer or employers during the Relevant Period of each person identified in response to Interrogatory Nos. 1 and 2 above, noting periods of employment and changes from time to time, and the sources and amounts of that person's compensation from any of the BQHC Companies.

**Answer:**  BQHC objects on the ground that this Interrogatory is overbroad in scope and unduly burdensome.  BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.  BQHC responds only for itself.  Subject to and without waiving the foregoing and all general objections set forth above, BQHC states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it will produce documents within its possession, custody, or control responsive to this interrogatory.

**Interrogatory No. 4**:  To the extent not covered in your answers to Interrogatory Nos. 1-2 above, specify the board memberships, titles and positions held at, and the emoluments received from, each of the BQHC Companies from time to time during the Relevant Period by each of Harold McDonald, Thomas Singleton, Paul Goldberg, Julius Romero, Dominic Gio, David Hoffman and Edward J. (Buzz) Dowling, Jr.

**Answer:**  BQHC objects on the ground that this Interrogatory is overbroad in scope and unduly burdensome.  BQHC also objects to the definition of BQHC Companies to the extent it requires BQHC to respond on behalf of entities as to which there is no basis to believe had any involvement in the subject matter of this litigation.  BQHC responds only for itself.  Subject to and

- 5 -

without waiving the foregoing and all general objections set forth above, BQHC states that

pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it will produce documents within

its possession, custody, or control responsive to this interrogatory.

**Interrogatory No. 5:** Identify the "other facilities" mentioned in Exhibit B to the

Affiliation Agreement, which states: "In the event the Hospitals are not operative, and the

University is not in material breach of the Agreement, BQHC agrees to provide the University

with an equivalent number of clerkships as agreed to herein at one or more of its other facilities."

**Answer:** Subject to and without waiving the foregoing and all general objections set

forth above, BQHC states that the "other facilities" mentioned in Exhibit B to the Affiliation

Agreement refers to any and all BQHC affiliated facilities at which BQHC may be able to offer

clerkships, including, but not limited to, Wyckoff Heights Medical Center.

**Interrogatory No. 6:** Describe in detail all services that FTI Cambio provided to the

BQHC Companies, specifying the names and roles of all persons involved in the provision of

such services.

**Answer:** BQHC objects on the ground that this Interrogatory is overbroad in scope and

unduly burdensome. Subject to and without waiving the foregoing and all general objections set

forth above, BQHC states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, it

will produce documents within its possession, custody, or control responsive to this

interrogatory.

**Interrogatory No. 7:** To what "statute and government regulations" does the Eleventh

Defense refer?

**Answer:** BQHC objects to this Interrogatory on the grounds that it calls for information

protected by the attorney-client privilege and work product doctrine. BQHC further objects to

this Interrogatory on the grounds that it calls for legal analysis and conclusions inappropriate at

this stage in the litigation.

Dated: New York, New York
      March 10, 2010

                                       K&L GATES LLP

                         By:

                                       Walter P. Loughlin (WL 4760)
                                       Justin Roeber (JR 9100)
                                       599 Lexington Avenue
                                       New York, NY 10022
                                       Telephone: 212-536-3900
                                       Fax: 212-536-3901

## VERIFICATION

STATE OF NEW YORK            )
                             )  ss.:
COUNTY OF KINGS        )

     I, Vincent Arcuri, being duly sworn, do hereby verify that I have read the foregoing

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF**

**INTERROGATORIES TO DEFENDANT BROOKLYN-QUEENS HEALTH CARE**

**INC.** and that the information contained in the responses is true and complete to the best of my

knowledge, information and belief.

Dated:  Brooklyn, New York
       March 11, 2010

BROOKLYN-QUEENS HEALTH CARE INC.

By: _____

Title: Vice -Chair_____

Sworn to before me
this// day of _March_ 2010

_____
Notary Public

PATRICIA MILLSPAUGH
Notary Public, State of New York
No. 01MI4861742
Qualified in Queens County
Commission Expires June 23, 20_10_

NY-733234 v1