# Baker Hostetler

Baker&Hostetler LLP

191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

T 312.416.6200
F 312.416.6201
www.bakerlaw.com

March 17, 2011

George J. Tzanetopoulos
direct dial:  312.416.6225
gtzanetopoulos@bakerlaw.com

**BY ECF**

Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   *Ross University School of Medicine Ltd. v. Brooklyn-Queens Health Care Inc. and Wycoff Heights Medical Center (Case No. 09 Civ. 1410 (KAM) (RLM))*

Dear Judge Mann:

Pursuant to the Court's order of March 11, 2011, please find enclosed a draft protective order to which the parties have agreed.

Respectfully submitted,

George J. Tzanetopoulos

Enclosure

cc:   Walter P. Loughlin (counsel for defendants)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
ROSS UNIVERSITY SCHOOL OF
MEDICINE, LTD.,

        09 Civ. 1410 (KAM) (RLM)

Plaintiff,

– against –

BROOKLYN-QUEENS HEALTH CARE,
INC. and WYCKOFF HEIGHTS MEDICAL
CENTER,

Defendants.

----------------------------------------------X

## AGREED PROTECTIVE ORDER

Plaintiff Ross University School of Medicine, Ltd. ("Ross") and Defendants Brooklyn-Queens Health Care Inc. ("BQHC") and Wyckoff Heights Medical Center ("WHMC") request the Court enter the following Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of trade secret or other commercial information that may need to be disclosed to adverse parties in connection with this case. The parties having agreed to the following terms, and the Court having found good cause exists for issuance of an order setting forth the conditions for obtaining and using confidential information produced in this litigation, hereby orders as follows:

ORDERED that any person subject to this Protective Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms, upon pain of contempt:

1. (a) Any document, data, source code, thing, or other information (collectively, "Material") that is filed with the Court or produced in discovery in this action that is, contains, or relates to any non-public trade secret or other non-public commercial proprietary information, may be designated by a party to this action or third party as "Confidential."

   (b) "Confidential" Material shall be called "Protected Material."

   (c) Protected Material produced for inspection may be designated as such by written notice at the time of production or within 15 days thereafter (or, for material produced before entry of this Order, within 15 days of the Order's entry); all information shall be treated as "Confidential" until the expiration of the 15 days unless the Court orders otherwise.

   (d) Documents may be designated as Protected Material by the legend "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" on each page for which such confidentiality is designated, or on the first page where the entirety is designated.

   (e) Protected Material not produced in paper form shall to the extent feasible be labeled or have a cover labeled "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" and such designation shall apply to the entire contents unless otherwise stated in writing by the producing party. Those entitled to access to such contents under this Protective Order may create paper from such contents provided the paper is appropriately stamped "CONFIDENTIAL" or

"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" prior to distribution.

(f) Duplications of Protected Material shall be labeled "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" if the duplicating process does not reproduce the original label or legend.

(g) Any party may designate a deposition or portion thereof as "Confidential" either on the record, or within fourteen (14) days after receipt of the transcript, by so informing all other parties of such designation in writing. Until that fourteen (14) days has passed, the deposition shall be treated as "Confidential." Deposition portions designated shall not be filed with the Court, except in accordance with paragraph 7 of this Protective Order.

2. Except as otherwise provided herein, Protected Material and any information contained in or derived from it, shall be subject to the provisions of this Protective Order until further order of the Court.

3. Any person may attend depositions to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or by agreement of the parties. However, to the extent a person is not entitled to access Protected Material, that person must leave the room before its discussion unless the parties agree otherwise.

4. No person shall use Protected Material for any purpose except as needed to prosecute, defend, or testify in this litigation. No access to Protected Material (or any extracts, summaries, images, or other things derived from it) shall be accorded any person except as follows:

3

  (a) The parties, including current and former employees of Ross, WHMC and BQHC;

  (b) Inside and outside attorneys for any party to this litigation and the employees of such attorneys;

  (c) Persons not employees of any party to this litigation who are expressly retained to assist such party's counsel ("retaining counsel") in the preparation of this action for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons (collectively "Outside Experts"), after such Outside Expert has signed and delivered to retaining counsel a statement in the form annexed hereto as Exhibit "A";

  (d) The Court or other court officials (including court reporters) and the trier of fact, pursuant to any sealing order;

  (e) The persons who authored or were named recipients of the particular Protected Material prior to commencement of this litigation, but no copies of such shall be given to such individuals for them to retain; and

  (f) Any court reporters or third party vendors engaged to reproduce and/or manage the documents produced in this litigation.

5. If a party's counsel wishes to disclose Protected Material to any person(s) not specified in paragraph 4 of this Protective Order or otherwise entitled to access under this Protective Order, the name of the person(s) and a description of the Protected Material shall be provided in writing to lead counsel for the producing party fourteen (14) days in advance of

proposed disclosure to afford the producing party an opportunity to object. If an objection cannot be resolved informally, disclosure shall not be made until resolution by the Court, and the parties shall cooperate in seeking that resolution. Any person(s) becoming authorized to access Protected Material pursuant to this paragraph (whether such authorization arises from lack of or Court resolution of an objection) shall, prior to the access, execute and deliver to the party's counsel a statement in the form annexed hereto as Exhibit "A."

6.  If any party desires to object that any Protected Material is not properly subject to the restrictions of this Protective Order, that party may so notify the producing party in writing (serving notice to all other parties) and provide a description of what the objecting party believes should be freed from those restrictions. If the objection cannot be resolved informally within seven (7) business days, the parties shall cooperate in seeking resolution by the Court. The protection afforded by this Protective Order shall continue until such resolution.

7.  Protected Material used in motions, briefs, or other documents filed with the Court, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court, and shall bear the legend: THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. To the extent that a motion, brief, or other document, memorandum, or pleading references any Protected Material, then the motion, brief, or other document shall refer the Court to the Protected Material filed under seal without disclosing the contents of any confidential information.

    (a)  Before any Protected Material is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the material as Protected Material to prepare, with the consent of the designating party, appropriate redactions to be made in the Protected

    Material for a version of that material that will be filed with the Court not under seal;

(b) Where the parties cannot agree before Protected Material is filed with the Clerk, the Protected Material shall be placed in a sealed envelope marked "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any Protected Material filed under seal shall also be delivered to the judicial officer's chambers and notice of such filing given to all other parties. The Court shall thereafter resolve the parties' dispute as to the appropriate redactions and a redacted version of the Protected Material shall be filed as directed by the Court's order; and

(c) To the extent that it is necessary for a party to discuss the contents of any Protected Material in a motion, brief, or other document, then such portion of the motion, brief, or other document shall be filed under seal. In such circumstances, counsel shall prepare two versions of the motion, brief, or other document, a public and a confidential version. The public version shall contain a redaction of references to the Protected Material. The confidential version shall be a full and complete version of motion, briefs, or other documents and shall be filed with the Clerk under seal as above. A copy of the unredacted motion, brief, or other document also shall be delivered to the judicial officer's chambers.

6

8. This Protective Order shall not be deemed a waiver of:

    (a) Any party's right to object to any discovery requests on any ground;

    (b) Any party's right to seek an order compelling discovery with respect to any discovery request;

    (c) Any party's right in any proceeding to object to the admission of any evidence on any ground;

    (d) Any party's right to use its own documents and its own Protected Material in its sole and complete discretion; or

    (e) The status of any material as a trade secret or commercial information.

9. (a) The restrictions of this Protective Order shall continue in effect with respect to any Protected Material until expressly released by the party furnishing it, and such restrictions shall survive the final determination of this action. The Court shall retain jurisdiction over all who are subject to this Protective Order to the extent necessary to enforce any obligations arising under it or to impose sanctions for any contempt. Any party or person may move the Court to lift or modify the restrictions or obligations, including to permit actual trial witnesses access to trial exhibits and transcripts of testimony that are reasonably necessary to assist such witnesses in preparation for that testimony.

    (b) Counsel for the parties furnished with Protected Material shall be responsible for restricting disclosure in accordance with this Protective Order and for securing execution of and retaining the statements in the form of Exhibit "A" as and when required.

10. Unless otherwise agreed by the producing party, within sixty (60) days of the final determination of this action, each party shall return all Protected Material in its possession or control, and all copies, derivations and summaries thereof, to the party who furnished it, or certify that it has been destroyed, except outside counsel for each party may maintain one archival copy of pleadings (including motions), deposition and court transcripts, and exhibits. "Final determination of this action shall be deemed to be the later of: (i) full settlement of all claims; (ii) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, or (iii) the expiration of all time limits under applicable federal or state law or the arbitration rules for the filing of or application for all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

11. Upon request by a party that has produced information which is claimed to be protected by attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, the receiving party shall promptly return all copies of the information and shall destroy any newly created derivative document such as a summary or comment on the produced information, or shall promptly move the Court for an Order that such information is not protected. The act of inadvertent production shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, and shall not be the basis for any motion that the information is not protected. The receiving party shall not use or distribute the information until any motion concerning the material is resolved.

12. In the event that information which a party believes is entitled to treatment as Protected Material is produced without previous designation, the producing party may so notify the receiving party and it shall thereafter be treated it as Protected Material. A receiving party

8

that prior to the notice has in good faith disseminated it to individuals not authorized to access Protected Material shall make a reasonable effort to retrieve what was disseminated and otherwise assure that the recipient(s) maintain its confidentiality, but shall have no other responsibility or obligation in respect to the information disseminated. The producing party will within ten (10) business days of such notification re-produce the Protected Material, properly designated, and the receiving party shall within ten (10) business days thereafter return the original information, or destroy and certify that it has been destroyed.

SO ORDERED.

SIGNED this _____ day of _____, 2011.

                                                  Hon. Roanne L. Mann
                                                  United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
ROSS UNIVERSITY SCHOOL OF
MEDICINE, LTD.,                                            09 Civ. 1410 (KAM) (RLM)

Plaintiff,

– against –

BROOKLYN-QUEENS HEALTH CARE,
INC. and WYCKOFF HEIGHTS MEDICAL
CENTER,

Defendants.

-------------------------------------------------X

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order in this action governing the non-disclosure of those portions of discovery Material that have been designated as "Confidential." I agree that I will not disclose such confidential discovery Materials to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party destroy it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date:_____        _____
                                                              Signature