# Baker Hostetler

Baker&Hostetler LLP

191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

T 312.416.6200
F 312.416.6201
www.bakerlaw.com

April 26, 2011

George J. Tzanetopoulos
direct dial: 312.416.6225
gtzanetopoulos@bakerlaw.com

**BY ECF**

Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Ross University. v. Brooklyn-Queens Health Care Inc., No. 09 Civ. 1410 (KAM) (RLM)*

Dear Judge Mann:

    I represent plaintiff Ross University School of Medicine, Ltd. ("Ross") and write pursuant to Local Rule 37(3)(c) and Your Honor's Individual Rule III. Plaintiff seeks: (1) an order compelling defendants to produce documents and answer interrogatories that remain in dispute; and (2) an extension of the discovery deadlines to accommodate unanticipated delays.

    The parties last addressed the Court on Friday, March 11, 2011 in connection with plaintiff's request for entry of a default judgment or, in the alternative, an order compelling discovery from defendants and extending the discovery deadlines to accommodate the ordered discovery. Plaintiff asked that the fact discovery deadline be extended 60-days beyond the date on which defendants were to produce. Upon the Court's inquiry, defense counsel indicated that defendants could produce their outstanding ESI on the following Monday (March 14, 2011) and the outstanding hardcopy records by March 25th. A number of objections to plaintiff's document requests and interrogatories remained in dispute, including a set of document requests to which defendants' response was not then yet due. The Court set the close of fact discovery for May 15, 2011 and instructed the parties to confer and raise discovery disputes with the Court by March 25th, when all of defendants' responses would have been served.

    Defendants' production has not gone according to the schedule set out in the conference. No records were produced on March 14. On March 15, defendants produced 8,455 pages of ESI and other documents; on March 22, defendants produced 3,089 pages of ESI and other documents; on March 25, defendants produced 36,229 pages of ESI and other documents, and April 12, 2011, defendants produced an additional 245 pages of material. *See*

*Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa*
*Denver   Houston   Los Angeles   New York   Orlando   Washington, DC*

# Baker Hostetler

Honorable Roanne L. Mann
April 26, 2011
Page 2

Group Ex. 1. Thus, a portion of the fact discovery period has been expended in receiving ESI after the date on which the Court's order anticipated that it would be produced.

**Outstanding Discovery Disputes**[1]

A reminder of the claims and defenses may assist the Court. In connection with defendant Wyckoff Heights Medical Center's ("Wyckoff") purchase of two hospitals (the "Hospitals"), Wyckoff set up a corporate structure in which defendant Brooklyn Queens Healthcare, Inc. ("BQHC") held Wyckoff and also held Caritas Health Care, Inc. ("Caritas"). Caritas in turn held the Hospitals. BQHC entered into a contract with Ross under which Ross advanced substantial sums in exchange for BQHC's promise to provide clinical clerkship rotations at the Hospitals for Ross' medical students. The contract provided that if the Hospitals ceased to operate, BQHC would provide the promised clerkships at another of its facilities. The only such other facility is Wyckoff. The Hospitals have ceased to operate, but defendants refuse to provide replacement clerkships at Wyckoff.

Ross' complaint asserts claims for breach of contract. BQHC may have few remaining assets and there is substantial indicia of abuse of the corporate form. Thus, among the remedies that Ross seeks are specific performance requiring that the promised clerkships be provided at Wyckoff and "reverse piercing" of the corporate veil to require Wyckoff to satisfy any damages award. Among the defenses asserted are claims that the individuals who signed the contract documents on behalf of BQHC did not have authority to do so and the contracts are incapable of being specifically performed.

The document requests at issue can be addressed in the following groups:

**Requests 1-2**: These requests seek clerkship contracts (and related documents) that Wyckoff entered into after the complaint in this action was filed. The documents relate to plaintiff's claim for specific performance and, more specifically, as the Court shapes a specific performance remedy, Wyckoff's clerkship capacity over time. Defendants have refused to produce the contracts and insisted that they will only answer an unspecified "interrogatory." An interrogatory answer prepared by defendants is no substitute for the documents.

**REDACTED**

---

[1] As reflected in the correspondence attached as Group Exhibit 2, plaintiff attempted to have meet and confer discussions in time to meet the Court's March 25th date for discussing and raising discovery disputes, but defense counsel was unavailable due to an automobile accident. The parties have been negotiating since that time. These negotiations narrowed the disputes. Defense counsel sent an email yesterday that finally closed defendants' position on the outstanding disputes. Thus, the remainder of the fact discovery period to date has been spent on the negotiations. The discovery responses that remain in dispute are attached as Exhs. 3, 4.

## Baker Hostetler

Honorable Roanne L. Mann
April 26, 2011
Page 3

Thus, there is little legitimate commercial sensitivity about the requested contracts. Ross has an independent right to know their terms. Nonetheless, in order to avoid the controversy here, plaintiff has offered to accept production subject to an "attorneys' eyes only" protective order.

**Requests 22-24**: These requests seek "board packages" distributed during the relevant period. The documents and the contracts and proposals considered at board meetings plainly are relevant to the defense claiming "lack of authority" to sign contracts and piercing issues. Defendants have responded with gamesmanship. Although defendants acknowledge that these packages comprise only 4,000 pages and plaintiff has requested that all be copied and forwarded, defendants have insisted that plaintiff's counsel must come to Wyckoff and "inspect" the requested board packages. The Court should put an end to this obstruction and order the packages produced.

**Request 35**: This requests asks for Wyckoff's bank records during the relevant period. The documents go to the piercing claims. This is no blind fishing expedition. There is substantial evidence of misuse of the corporate form here. The Department of Health imposed a restructuring officer on the defendant entities (and Caritas) because the hospitals wrongfully transferred funds between entities. *See* Exh. 6. A subordination agreement reveals millions of dollars of undocumented intercompany "loans" and "equipment leases." *See* Exh. 7 at p. 1. BQHC's board minutes indicate that, in the midst of discussions regarding potential bankruptcy filings by the Hospitals, the BQHC board voted to "transfer all ancillary properties currently owned by BQHC, Inc. into a new holding corporation." *See* Exh. 8 at p. 2. Indeed, a 2009

**REDACTED**

The requested bank records are obviously a source of information concerning the improper use of funds. Thus, these records should be produced.

The interrogatories raised in my last letter to the Court (1-4, 5, 7) also remain in dispute. (*See* Exh. 4.)

Ross respectfully requests that the Court enter the order to compel and extend the fact discovery deadline until 60 days after defendants' produce and answer.

Sincerely,

George J. Tzanetopoulos