**K&L|GATES**

K&L Gates LLP
599 Lexington Avenue
New York, NY 10022-6030

T 212.536.3900   www.klgates.com

May 27, 2011

Walter P. Loughlin
D 212.536.4065
F 212.536.3901
walter.loughlin@klgates.com

**By ECF**
Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Ross University School of Medicine v. Brooklyn-Queens Health Care Inc. and Wyckoff Heights Medical Center*, No. 09 Civ. 1410 (KAM) (RLM)

Dear Judge Mann:

My firm and I represent Defendants Brooklyn-Queens Health Care Inc. and Wyckoff Heights Medical Center in the above captioned action. I write to raise a single issue concerning the deposition of a third-party witness that I have not been able to resolve with counsel for Ross and counsel for the witness. Your Honor will recall the May 10, 2011 telephone conference on Ross' request for a 60 day extension of the prior May 15 fact discovery cutoff. At that time, your Honor was critical of the failure of Ross to have deposed any witnesses in the two year period after filing this lawsuit. Your Honor extended the fact discovery period 30 days, to June 10. On May 12, Ross' counsel contacted me to request the depositions of four Wyckoff witnesses during the last two weeks of the discovery period. Those depositions have been scheduled as well as the single deposition that I intend to take.

However, Ross' counsel has also issued subpoenas for the deposition testimony of five third-party witnesses for the same period. If each occurs, ten depositions will be taken in the last eight business days of the discovery period, in three different cities.

Only one deposition presents a difficulty. The deposition of third-party witness Thomas Singleton, now scheduled for June 8 in Nashville, TN, was scheduled by Ross' counsel and counsel for Mr. Singleton without consultation with me. I was notified on May 20 that the Singleton deposition had been scheduled for June 8. Subsequently, when I sought to raise the issue of scheduling, Ross' counsel said that he did not have "a say" in the scheduling and counsel for the witness indicated the June 8 date could not be changed. The General Counsel of my client, who has been asked by the client to be present at the Singleton deposition, has a schedule conflict with that date. Moreover, I fear that this deposition, following up to six successive depositions, may not allow sufficient opportunity for Defendants to prepare for and develop the deposition testimony of importance to our defense of this case. This is an important deposition. Mr. Singleton, acting as Chief Restructuring Officer, signed an extension of the Affiliation Agreement that is the basis of Ross' claim of breach of contract against BQHC.

# K&L|GATES

Honorable Roanne L. Mann
May 27, 2011
Page 2

My specific request is to guard against the risk of possible prejudice to the Defendants by permitting the defense to issue a subpoena to Mr. Singleton to secure his testimony at a date convenient to all, even if that is shortly after June 10, if we are not able to develop through examination at the June 8 deposition testimony of importance to the defense. Obviously, if we are able to accomplish our goals at the June 8 deposition and are not prejudiced by the scheduling of a deposition without consultation with the defense, a second deposition would not be necessary, and the subpoena could be withdrawn.

Respectfully submitted,

Walter P. Loughlin

cc: George J. Tzanetopolous, Esq. (by e-file and PDF)
Tom Sear, Esq. (by PDF)