**K&L|GATES**

K&L Gates LLP
599 Lexington Avenue
New York, NY 10022-6030

T 212.536.3900    www.klgates.com

May 30, 2011

Walter P. Loughlin
D 212.536.4065
F 212.536.3901
walter.loughlin@klgates.com

**By ECF**
Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Ross University School of Medicine v. Brooklyn-Queens Health Care Inc. and Wyckoff Heights Medical Center,* No. 09 Civ. 1410 (KAM) (RLM)

Dear Judge Mann:

I write on behalf of the Defendants in the above-captioned case to request an emergency conference with the Court at its earliest convenience on May 31, 2011.

As your Honor knows from the letter we submitted to the Court on Friday, May 27, about the prejudicial scheduling of a third-party witness deposition without consultation with Defendants' counsel, there are 10 depositions noticed or scheduled in the last 8 business days before the June 10 fact discovery cut-off.

Now, even more disturbingly, within hours of alerting the Court to that specific issue, at approximately 8:15 PM on Friday, on the eve of the Memorial Day weekend, Plaintiff's counsel produced via email approximately 16,000 pages of discovery material – an amount that nearly doubles what Ross had previously produced. This was a stealth production. Prior to the Friday night email, Plaintiff's counsel had not notified us in advance that this additional document production was to occur. When I inquired of Plaintiff's counsel what this could be, I was informed, without further explanation, that it was ESI material being produced in response to a defense discovery request served on Ross over two months ago, on March 21.[1]

The following day, on Saturday of Memorial Day weekend, I received another email from Plaintiff's counsel notifying me that documents related to Ross's cost of cover damages had been "located." These are documents relevant to Ross's claim that it incurred extra costs in

---

[1] In a subsequent "meet and confer" telephone conversation on May 30, Plaintiff's counsel explained the late production of ESI by pointing to the time and effort expended in identifying, reviewing, and preparing such material for production. At the risk of a tit-for-tat response, your Honor will recall that Ross' impatience with Defendants' ESI production prompted a motion for default judgment. Ross cannot plausibly claim that it lacked the resources to timely meet its discovery obligations. Ross is a for-profit medical school previously owned by a private equity investor and now owned by the DeVry, the for-profit educational conglomerate with $2 billion in annual revenue. Wyckoff, by contrast, is a not-for-profit hospital in the Bushwick neighborhood serving a disadvantaged patient population, and primarily dependent on Medicaid reimbursement as the source of its revenue.

K&L|GATES

Honorable Roanne L. Mann
May 30, 2011
Page 2

finding replacement clerkships for those lost when the Caritas hospitals closed. While Plaintiff's counsel initially took the position that he would not produce these documents but only disclose the underlying facts in response to an interrogatory, he has now proposed producing them pursuant to an "attorneys' eyes only" agreement. I have indicated that is agreeable though it does not cure the untimeliness of the production of this damages evidence and the 16,000 pages of ESI.

The critical issue is that Ross's production of a massive amount of discovery material, equal to the entire amount it has previously produced in this two-year litigation, as well as the separate damages discovery of an unknown amount yet to be produced – late at night on a holiday weekend, within two weeks of the fact discovery cut-off, and one business day before an intense period of depositions – threatens grave prejudice to the Defendants.

It is simply not possible for Defendants' counsel intelligently to review thousands of pages of discovery material for possible use at the depositions scheduled or noticed between June 1-10. It is, of course, fundamental to civil litigation discovery that the relevant documents are key to the depositions which follow the production and review of such documents. Had this material been produced earlier, Defendants' counsel would have used it to prepare our deposition witnesses, and would have, in all likelihood, noticed other depositions. In short, our deposition program would have been different in countless ways in light of this huge amount of new discovery material.

On May 30, Plaintiff's counsel and I had a "meet and confer" telephone conversation about this issue. Plaintiff's counsel indicated that he would consent to reasonable adjustments in the discovery schedule to accommodate the Defendants' need to review and respond to the new document production.

In response to the untimely production of discovery and to protect Defendants from the risk of prejudice, Defendants respectfully request that the Court enter an order (1) precluding Plaintiff's use of this evidence as a sanction for its untimely production, and (2) extending the fact discovery period solely for the Defendants until July 31, 2011, so that we can review the 16,000 pages of ESI just produced and the damages evidence yet to be produced, and depose witnesses in light of this new discovery.

In order to maintain progress in the discovery stage in the case, Defendants are prepared to proceed with the scheduled depositions of the CEO, General Counsel, and Board Chairman of Wyckoff, subject to the requested preclusion, without which these witnesses could be confronted with documents neither they nor their counsel have reviewed. Fairness requires postponing the deposition of Wyckoff's Associate Vice President for Medical Education, who is most frequently in communication with Ross. Even a cursory review of Friday's ESI production indicates at least 1,000 documents related to this witness.

Finally, fairness also requires the suspension of third-party witness depositions scheduled for this week and next. No third-party witness should be compelled to testify twice. Yet, once

K&L|GATES

Honorable Roanne L. Mann
May 30, 2011
Page 3

the new discovery material is reviewed, the Defendants may seek testimony from these witnesses.

                                                    Respectfully submitted,

                                                    Walter P. Loughlin

cc:     George J. Tzanetopolous, Esq. (by e-file and PDF)