# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: 212.326.3939 • FACSIMILE: 212.755.7306

Direct Number: (212) 326-3680
thsear@jonesday.com

559037-605021

May 31, 2011

**BY ECF**

The Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

        Re:  Ross University School of Medicine v. Brooklyn-Queens Health Care Inc. and Wyckoff Heights Medical Center, No. 09 Civ 1410 (KAM) (RLM)

Dear Judge Mann:

    We are counsel for Thomas Singleton, a non-party witness who has been subpoenaed to testify in a deposition in this matter. We write in response to the letter of counsel for Defendants filed late last Friday, May 27, 2011, requesting permission to possibly subpoena Mr. Singleton for a second deposition after the close of discovery. Mr. Singleton, a resident of Nashville, Tennessee, is set to be deposed on June 8, 2011 in Nashville. We oppose counsel's request for a possible second deposition of him and respectfully suggest that there is no basis for it.

    As a general matter we are not aware of any support for an order of the nature requested by counsel for the defendants. When counsel for a party wishes to cross examine a witness who has been deposed by counsel for another party, she or he does so and completes that examination during that deposition. Moreover, the facts in this instance further establish that there is no legitimate reason for Your Honor to order that counsel for the defendants be provided with the opportunity to possibly take a second deposition of Mr. Singleton at some unspecified point in the future.

    Specifically, during the relevant time frame Mr. Singleton was employed by FTI Cambio, a healthcare consulting firm. Pursuant to a contract between FTI Cambio and Brooklyn-Queens Health Care Inc., Wyckoff Heights Medical Center, and Caritas Health Care, Inc., Mr. Singleton provided services to the hospitals in 2007 and 2008. Well before this action was even brought in 2009, therefore, the Defendants were fully aware of Mr. Singleton's role in the events at issue in this case. Nevertheless, the Defendants have never made an attempt to obtain testimony from Mr. Singleton, including noticing his deposition, at any point since the case was filed in 2009.

    Mr. Singleton has diligently made himself available for his deposition on at least three separate occasions over the last few months. Specifically, on February 28, 2011, Plaintiff subpoenaed Mr. Singleton for a deposition on Thursday, March 10, 2011, in Nashville, Tennessee. Both Mr. Singleton and I made efforts to fully comply with that subpoena and were

planning to proceed with the deposition as scheduled. On March 8, 2011, however, counsel for Defendants, citing previously scheduled conflicts in another case and the fact that Mr. Singleton's deposition would require out-of-town travel, requested that the deposition of Mr. Singleton be allowed to proceed after the close of discovery. As an accommodation to counsel for Defendants, we did not oppose this request.

We did not hear anything about the case again until we were contacted by counsel for Plaintiff on April 21, 2011 to reschedule Mr. Singleton's deposition. Counsel asked that the deposition take place between May 2 and May 10, 2011. We promptly took steps to fix a deposition date in which Mr. Singleton and counsel were available during that time frame. After we provided possible dates, however, counsel for Plaintiff requested a postponement of Mr. Singleton's deposition because a motion to extend the discovery deadline in this matter was pending. As an accommodation to counsel, Mr. Singleton's deposition was again adjourned. We were later informed that the discovery cutoff had been subsequently extended to June 10, 2011.

We next heard from counsel for Plaintiff in mid-May with a specific request to schedule Mr. Singleton's deposition during the two-week period of May 31, 2011 to June 10, 2011. We expeditiously took steps to fix a date in which Mr. Singleton and counsel were available in that time frame. We promptly picked June 8, 2011 and planned to proceed with the deposition as scheduled. We first learned of an issue with scheduling when counsel for Defendants raised it last Thursday, May 26, 2011. Given the demanding schedules next week for both Mr. Singleton and counsel, we were unfortunately not in a position to move the June 8 date on such short notice.

Putting aside scheduling issues, there is no fair basis to compel a non-party witness to provide a second deposition under the Federal Rules of Civil Procedure and the facts here. Mr. Singleton's June 8 deposition is set to begin at 9:30 AM. We have been informed that counsel for Plaintiff intends to depose Mr. Singleton for 3-4 hours. Counsel for Defendants, therefore, will have all a full and fair opportunity to question Mr. Singleton on June 8. There is no reason for Mr. Singleton to be deposed on a second day sometime in the future.

Respectfully submitted,

Thomas H. Sear

cc: Walter P. Loughlin, Esq. (counsel for Defendants)
George J. Tzanetopolous, Esq. (counsel for Plaintiff)

JONES DAY