# Baker Hostetler

Baker&Hostetler LLP

191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

T 312.416.6200
F 312.416.6201
www.bakerlaw.com

George J. Tzanetopoulos
direct dial: 312.416.6225
gtzanetopoulos@bakerlaw.com

July 5, 2011

**BY ECF**

Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Ross University. v. Brooklyn-Queens Health Care Inc.*
No. 09 Civ. 1410 (KAM) (RLM)

Dear Judge Mann:

I represent Plaintiff Ross University School of Medicine, Ltd. ("Ross") and write pursuant to Local Rule 37(3)(c) and Your Honor's Individual Rule III. The witness that defendants presented in response to Plaintiff's Rule 30(b)(6) deposition was manifestly not prepared to testify regarding a number of topics for which the witness was presented. Plaintiff seeks an order compelling Defendants to re-designate and properly prepare a Rule 30(b)(6) witnesses to testify regarding those topics.

As the Court will recall, this case is an action brought by Ross against Defendants Brooklyn Queens Health Care, Inc. ("BQHC") and Wyckoff Heights Medical Center ("Wyckoff") for breach of a contract under which Ross advanced substantial sums to BQHC in exchange for the promise that clinical clerkship rotations would be provided for Ross' students at two (now defunct) hospitals controlled by BQHC and, if those two hospitals ceased to operate, at Wyckoff. The hospitals have ceased to operate, but Defendants refuse to provide the rotations at Wyckoff. BQHC apparently has few assets. Because Plaintiff seeks, *inter alia*, an award piercing the corporate veil to reach Wyckoff's assets and Defendants have asserted defenses denying the authority of the signatories of a number of contract documents at issue, the identity of the Defendants' corporate officers and board members, as well as corporate assets and intercompany transactions are in issue here. The topics in dispute relate to these issues.

On May 24, 2011, Plaintiff sent a notice for the deposition of a representative of Defendants. *See* Ex. A. Defendants designated Rajiv Garg ("Mr. Garg") as the representative and presented Mr. Garg for deposition on June 24, 2011.

# Baker Hostetler

Honorable Roanne L. Mann
July 5, 2011
Page 2

As discussed in more detail below, Mr. Garg was simply not prepared to testify regarding a number of the topics. Indeed, he testified that, while he met with the Defendants' in-house and outside counsel, he did not otherwise speak with anyone at the Defendant entities to obtain information about the topics and reviewed only the deposition notice itself to prepare. Exh. B, pp. 9-11, 15. Defendants' failure to prepare the witness to testify is inexplicable. In advance of the deposition, the parties negotiated over the scope of the topics, which resulted in Plaintiff withdrawing or narrowing a number of them. *See* Exh. C hereto.

## Rule 30(b)(6) Standards

"To satisfy *Rule 30(b)(6)*, the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf." *Reilly v. Natwest Mkts Group, Inc. et al.*, 181 F.3d 253, 268 (2nd Cir. 1999) (citations omitted). "It is not expected that the designee have personal knowledge as to all relevant facts; however, the designee must become educated and gain the requested knowledge to the extent reasonably available." *Kelly v. Provident Life and Accident Ins. Co.*, No. 04cv807-AJB(BGS), 2011 U.S. Dist. LEXIS 66066, at *8 (S.D. CA. June 20, 2011). "The designee may become educated by reasonably obtaining information from documents, past employees, or other sources." *Id.* "Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored. Similarly, in responding to a *Rule 30(b)(6)* notice or subpoena, a corporation may not take the position that its documents state the company's position." *Id.* (citations omitted). "Failure to designate an available, knowledgeable, and readily identifiable witness, . . . is, for all practical purposes, no appearance at all." *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993).

## Topics At Issue And The Witness' Lack Of Information

We set forth below the particular topics at issue and the Defendants' witness' lack of information regarding those topics:

*The identity and dates of service of the officers and trustees of BQHC, Wyckoff, And Caritas and, if salaries or board fees were paid to such officers or trustees, the identity of the entity that paid them.* (Notice Topic No. 10).

As it became abundantly clear in the deposition that Mr. Garg did not have information sufficient to testify to this topic, Defendants' general counsel produced during the course of the deposition a document that listed the board members of Defendant Wyckoff Heights Medical Center and their dates of service. Mr. Garg agreed that the document showed those items. Neither he nor anyone else on behalf of Defendants was, however, able to provide such information for any of the Defendant entities' corporate officers or other boards. Exh. B. pp.

# Baker Hostetler

Honorable Roanne L. Mann
July 5, 2011
Page 3

62-64. Overlap of officers and directors, while not in itself determinative, is evidence in favor of piercing. *Carte Blanche (Singapore) PTE, Ltd. v. Diners Club Int., Inc.*, 2 F.3d 24, 26 (2d Cir. 1993). Moreover, in this case, Defendants' officers and chairman repeatedly signed documents and contracts in any number of purported capacities. Also, Defendants now deny the authority of at least two individuals that signed relevant contract documents as officers. Defendants should be required to provide a definitive statement of whom they claim served as the corporate officers and board members of each entity and which entity paid those that were paid.

*Identification of all contracts into which BQHC entered as a party between 2006 and the present.* (Notice Topic No.8)

BQHC was the party to the contract in this case. It apparently has few, if any, assets. Yet it entered into both the contract at issue and a number of contracts that were produced in discovery. Unsigned drafts of other contracts to which BQHC was apparently a party also have been produced. Defendant Wyckoff's repeated use of an empty corporate vessel as a vehicle for contracting is relevant to the piecing claim. Yet, when asked to identify the contracts into which BQHC had entered, Mr. Garg responded, "I don't think any." Exh. B. p. 32, ll. 18-24. When presented with one of the draft contracts and asked if it was in fact entered into, Mr. Garg responded: "This is a difficult one to answer. You have just put a document in front of me, but in reality, from what I know, and from what I have experienced, BQHC doesn't do anything. So, it can have a name on it, but I know about matters related to Wyckoff Heights Medical Center and Caritas Health Care. BQHC is just a red herring so, to speak." *Id.*, p.33.

Defendants should be required to provide a witness prepared to make a definitive statement of the contracts to which BQHC was a party.

*All information in Defendants' possession concerning loans, transfers of assets, and transfers of employees between BQHC, Wyckoff, Caritas, and/or the Hospitals between 2006 and the present, including documentation concerning such transfers.* (Notice Topic No. 7).

The documents produced in the case, as well as court filings by Defendants and their affiliates in other matters, reflect undocumented loans and asset transfers between the entities, unauthorized transfers of millions of dollars between affiliates' operating accounts, and transfers of employees between payrolls of affiliates to manipulate balances of intercompany debts. These matters obviously are relevant to the piercing claims. However, Mr. Garg was unprepared to address the details or documentation of these transactions. *See Exh. B*, pp. 24-29, 47-55.

# Baker Hostetler

Honorable Roanne L. Mann
July 5, 2011
Page 4

### Defendants Should Be Ordered To Produce A Prepared Witness

Counsel for Plaintiff has demanded that Defendants produce a properly prepared witness. Plaintiff has even offered to accept, subject to the right to take a later deposition if necessary, a supplemental interrogatory answer that sets forth some of the requested information in sworn and admissible fashion and to address the remainder by deposition. While Defendants have not outright refused to do so, they will not commit. *See* Exh. D. Thus, Defendants should be ordered to produce a witness who is prepared to address these topics.

Respectfully submitted,

George J. Tzanetopoulos

Enclosures

cc: Walter P. Loughlin

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSS UNIVERSITY SCHOOL OF
MEDICINE, LTD.,

                Plaintiff,

-v.-

BROOKLYN-QUEENS HEALTH CARE,
LTD. and WYCKOFF HEIGHTS
MEDICAL CENTER,

                Defendants.

Case No. 09 CV 01410 (KAM) (RLM)

**NOTICE OF RULE 30(B)(6)
DEPOSITION OF DEFENDANTS**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiff Ross University School of Medicine, Ltd. will take the deposition of defendants on June 6, 2011 at 9:30 a.m. at the offices of Baker & Hostetler, LLP, 45 Rockefeller Plaza, 11th Floor, New York, New York 10111. Said deposition will be taken upon oral examination and will be stenographically recorded before a duly certified court reporter.

Defendants are requested to designate one or more officers, directors or managing agents or other persons who consent to testify on its behalf to testify on matters known or reasonably available to defendants regarding the topics attached hereto. Defendants may set forth, for each person designated, the matters on which the person will testify. Defendants are hereby advised of their duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

## TOPICS FOR TESTIMONY

1. All information in Defendants' possession concerning the decision by BQHC and Wyckoff not to provide replacement clerkships to Ross after the Hospitals closed.

2. All information in Defendants' possession concerning the offer described in the letter attached as Exhibit 1 hereto and any similar offer made by Wyckoff, BQHC and/or Caritas to any other medical school.

3. All evidence or information in Defendants' possession concerning the lawsuit between American University of the Caribbean and Wyckoff and BQHC, including but not limited to the depositions taken and documents produced in said lawsuit.

4. All information in Defendants' possession concerning all document holds issued requiring that Defendants preserve information in connection with this action and all actions taken by Defendants to gather and produce in discovery information in response to plaintiff's discovery requests.

5. All information in Defendants' possession concerning the matters inquired of in Plaintiff's Second Set of Interrogatories to Defendants.

6. All information in Defendants' possession concerning BQHC's assets from 2006 to the present.

7. All information in Defendants' possession concerning loans, transfers of assets, transfers of employees between any of BQHC, Wyckoff, Caritas and/or the hospitals between 2006 and the present, and the documentation concerning such transfers.

8. Identification of all contracts into which BQHC entered as a party between 2006 and the present.

9. Identification of the instances in which Wyckoff paid for the debts or liabilities of any of BQHC, Wyckoff, Caritas and/or the Hospitals.

10. The identity and dates of service of the officers and trustees of BQHC, Wyckoff and Caritas and, if salaries or board fees were paid to such officers or trustees, the identity of the entity that paid them.

# EXHIBIT 1



Wyckoff Heights Medical Center

374 STOCKHOLM STREET · BROOKLYN, NY 11237
PHONE (718) 963-7233   FAX (718) 963-7752
WWW.WYCKOFFHOSPITAL.ORG

Member
☐ New York-Presbyterian Healthcare System
☐ Affiliate: Weill Medical College of Cornell University

EXECUTIVE OFFICE

August 21, 2006

Rec'd 9/7

Nancy Perri, M.D.
Vice President, Academic Affairs
Ross University Schoool of Medicine
499 Thornall Street, 10th Floor
Edison, NJ 08837

Re: Investment Opportunity in the Development of the Brooklyn Queens Healthcare System and the Expansion of Wyckoff's International Medical Student Clinical Training Program

Dear Nancy:

As you may have already heard, Wyckoff Heights Medical Center (WHMC) will soon be the sponsor of Mary Immaculate and St. John's Queens Hospitals.

Mary Immaculate Hospital (MIH) and St. John's Queens Hospital (SJQH) are currently part of the Saint Vincent Catholic Medical Center's system. However, after seeking bankruptcy protection in July 2005, the Board of Saint Vincent's made the determination to seek new sponsors for MIH and SJQH. Saint Vincent's conducted a bankruptcy auction that included a thorough solicitation process and period for healthcare organizations to conduct due diligence. Caritas Healthcare Planning, Inc., an affiliate of Wyckoff Heights Medical Center, submitted the winning bid for the two hospitals; the US Bankruptcy Court for the Southern District of New York approved the motion for sale of Mary Immaculate Hospital and St. John's Queens hospital to Wyckoff's affiliate, Caritas Healthcare Planning, Inc., on June 26, 2006.

Caritas Healthcare Planning, Inc. has submitted a certificate of need to the New York State Department of Health seeking approval of the transfer of sponsorship of the two hospitals. It is anticipated that Caritas Healthcare Planning, Inc. and Saint Vincent's will have obtained all of the necessary regulatory approvals to complete the transfer by the end of 2006. Brooklyn Queens Healthcare (BQHC), the name of the new three hospital system to be formed, will be comprised of Wyckoff Heights Medical Center (WHMC), Mary Immaculate Hospital (MIH), and St. John's Queens Hospital (SJQ).

WHMC, in conjunction with Saint Vincent's, has developed a Transition/Turnaround Plan for MIH and SJQ which is currently being implemented and will be complete as of the closing date and transfer of sponsorship of the two hospitals.

Included in the Transition/Turnaround Plan is the significant expansion of medical student clerkships at MIH & SJQ. WHMC is currently the medical student clinical training site for 325 clerkships. It is conservatively estimated that when the WHMC medical student education model is rolled out at MIH & SJQ, each hospital will accommodate in excess of 200 clerkships.

Existing residency programs & fellowships and numbers of residents in each program at MIH / SJQH will permit the development of additional and new rotations including psychiatry at MIH.

Teaching facilities will be supplemented with the renovation of Chellis Hall on the MIH campus. The totally renovated 30,000 square foot Medical Education Building will house medical education conference rooms, a new library and research space.

There will be BQHC System wide free transportation for residents & students, as well as housing at MIH and WHMC. Development of a fifth semester training site for students is currently being explored as well as teleconferencing capabilities between the BQHC hospitals and affiliated international medical schools.

Attached is a Caritas matrix of Prepaid Clerkship Fees opportunities we are offering to the international medical schools which currently have rotation agreements with Wyckoff Heights Medical Center. Our offer presents an opportunity for select international medical schools to invest in a New York City academic healthcare system, offering all core and elective rotations, and which is focused on the training of international medical students. The faculty and administration here at Wyckoff are very proud of the medical student clinical training program we have developed. We are excited about the prospects of the expanded and enhanced BQHC System academic program.

In summary, the Prepaid Medical Student Clerkship funds will be used to renovate existing and develop new conference room space, build a new medical library, provide additional clinical training space, expand genetics research activities, provide teleconferencing, clinical and IT equipment, build call rooms and apartments, and provide faculty support. You are invited to review our proposal and join in our efforts to create a New York City international academic environment for the future. If you have any questions or are in need of additional information, please contact Harold B. McDonald at (718) 963-7717.

Sincerely,

Dominick J. Gio
President and Chief Executive Officer
Wyckoff Heights Medical Center

Dated: May 24, 2011
Chicago, IL

BAKER & HOSTETLER LLP

*(signature)*

George Tzanetopoulos
191 North Wacker Drive
Suite 3100
Chicago, Illinois, 60606
Tel: 312 416-6200
Fax: 312 416-6201
gtzanetopoulos@bakerlaw.com

Sammi Malek
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
11th Floor
New York, New York 10111
Tel: 212-589-4200
Fax: 212-589-4201
smalek@bakerlaw.com

TO: Walter P. Loughlin
K&L Gates, LLP
599 Lexington Avenue
New York, New York 10022

*Counsel for Defendants Brooklyn-Queens Health Care, Ltd. and Wyckoff Heights Medical Center*

*Counsel for Plaintiff Ross University School of Medicine, Ltd.*

# Exhibit B

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

------------------------------------X

ROSS UNIVERSITY MEDICAL SCHOOL

        Plaintiff,

               Index No. 09CV01410

   -against-

BROOKLYN-QUEENS HEALTH CARE AND
WYCKOFF HEIGHTS MEDICAL CENTER,

        Defendants.

------------------------------------X

*Balance of transcript filed under seal*

374 Stockholm Street
Brooklyn, New York 11237

June 24, 2011
10:00 a.m.

       EXAMINATION BEFORE TRIAL

of RAJIV GARG, a Defendant, by

George J. Tzanetopoulos, pursuant

to Article 31 of the Civil Practice

Law & Rules of Testimony, and

Notice, held at the above-mentioned

time and place, before Paul

Goldstein, a shorthand reporter and

Notary Public of the State of New

York.

# Exhibit C

### Tzanetopoulos, George J.

**From:** Tzanetopoulos, George J.
**Sent:** Tuesday, June 21, 2011 11:48 AM
**To:** 'Loughlin, Walter P.'
**Subject:** Ross v. BQHC

Pat:

In our call last Thursday, we discussed the topics for testimony identified in plaintiff's notice for defendants'' Rule 30(b)(6) deposition. To confirm, plaintiff withdraws topics 2 and 3. As to topic 1, the area of inquiry will center on who made the decision and the basis on which the decision was made. As to Topic 4, the inquiry will center on who was asked to collect documents and other information, and what was asked to be collected. On topic 5, the area of inquiry will be how the numbers cited in the interrogatory answer were arrived at. On topic 9, delete "Wyckoff" from the clause "BQHC, Wyckoff, Caritas, and/or the Hospitals." On topic 10, the time frame will be 2006 to the present. The inquiry regarding topics 6 and 7 will be as listed.

Best regards,
George Tzanetopoulos

My Bio | Web site | V-card

T 312.416.6225
F 312.416.6265

George J. Tzanetopoulos
gtzanetopoulos@bakerlaw.com

www.bakerlaw.com

Baker & Hostetler LLP
191 North Wacker Drive
Chicago, Illinois 60606-1901



----

IRS Circular 230 Disclosure:

To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that, unless we expressly state otherwise in this communication (including any attachments), any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or other matter addressed herein.

----

# Exhibit D

## Tzanetopoulos, George J.

**From:** Tzanetopoulos, George J.
**Sent:** Thursday, June 30, 2011 8:21 AM
**To:** Loughlin, Walter P.
**Subject:** RE: Ross v. BQHC

Pat:

1. As to Mr. Rucigay, the morning of July 5th is fine. I suggest that we complete the examination by telephone. If it cannot be done by telephone, the deposition will take place at our office. Let me know.

2. Your note mentions only the trustees. Plaintiff also asked for and is entitled to the identity of corporate officers of each entity, dates of service, and entity that paid them. If those are provided and the lists are provided in the form of a supplemental interrogatory answer so that we have an answer under oath that will be admissible, that should be fine, with the reservation of the right to follow up with a deposition should the answer require it. Please acknowledge that this will be done no later than July 6th so that we can arrange for any dispute to be resolved by the court before the discovery deadline passes. If any of the foregoing is unacceptable, please let me know immediately so that we can have the court resolve the dispute.

3. Again, a list is acceptable as along as it is in the form of a supplemental interrogatory answer, with the same reservation and time frame.

4. The topics are far narrower than those that defendants served on plaintiff and appropriate given the issues in this actions. While defendants have produced "many documents": (1)" in responding to a *Rule 30(b)(6)* notice or subpoena, a corporation may not take the position that its documents state the company's position." *Kelly v. Provident Life and Accident Ins. Co.*, No. 04cv807-AJB(BGS), 2011 U.S. Dist. LEXIS 66066, at *8; and (2) when presented with the documents to which you refer, defendants' witnesses have claimed to be unfamiliar with or unable to explain most of the "intercompany" loans, asset transfers, and employee transfers at issue. Plaintiff's are entitled to a properly prepared witness. Please let me know immediately whether one will be produced.

---

**From:** Loughlin, Walter P. [mailto:Walter.Loughlin@klgates.com]
**Sent:** Thursday, June 30, 2011 9:02 AM
**To:** Tzanetopoulos, George J.
**Cc:** 'Hoffman, David'
**Subject:** RE: Ross v. BQHC

George:

1. Mr. Rucigay is available to resume his deposition on July 5 at 10 AM at Wyckoff.

2. It is our intention to provide lists of the board members and dates of service for BQHC and Caritas similar to what was provided to you on Wyckoff.

3. We are working on that. I believe it makes more sense to provide a list of contracts rather than the testimony of the witness.

4. This is so broad that I find it difficult to imagine any witness who could be prepared to testify under oath as to the topics you have identified. I note that you are also seeking documents. You have many documents which have already been provided, and used by you as exhibits at depositions.

---

**From:** Tzanetopoulos, George J. [mailto:gtzanetopoulos@bakerlaw.com]

**Sent:** Wednesday, June 29, 2011 2:04 PM
**To:** Loughlin, Walter P.
**Subject:** Ross v. BQHC

Pat:

I left a voice mail message for you yesterday and have not heard back from you about the following:

(1) Emil Rucigay was unable to complete his deposition. Please provide a date on which Mr. Rucigay will be available to complete the deposition.

(2) Defendants designated Rajiv Garg as their deponent in response to plaintiff's Rule 30(b)(6) deposition notice. Mr. Garg was completely unprepared to answer questions regarding nearly all of the topics. Please provide a date on which defendants will produce a properly prepared witness for the following previously noticed topics:

(a) The identity and dates of service of the officers and trustees of BQHC, Wyckoff, and Caritas, and if salaries or board fees were paid to such officers or trustees, the identity of the entity that paid them. (*N.b.*, defendants did provide during Mr. Garg's deposition a list of Wyckoff trustees and dates of service, but Mr. Garg was not prepared to answer questions with respect to the other entities' trustees nor any of the entities' corporate officers) (Rule 30(b)(6) notice topic no. 10);

(b) Identification of all contracts into which BQHC entered as a party between 2006 and the present (Rule 30(b)(6) notice topic no. 8); and

(c) All information in Defendants' possession concerning loans, transfers of assets, transfers of employees between any of BQHC, Wyckoff, Caritas and/or the Hospitals between 2006 and the present, and the documentation concerning such transfers (Rule 30(b)(6) notice topic no. 7).

Best regards,
George Tzanetopoulos

My Bio | Web site | V-card

T 312.416.6226
F 312.416.6265

www.bakerlaw.com

George J. Tzanetopoulos
gtzanetopoulos@bakerlaw.com

Baker & Hostetler LLP
191 North Wacker Drive
Chicago, Illinois 60606-1901



---

IRS Circular 230 Disclosure:

7/5/2011

To ensure compliance with requirements imposed by the IRS in Circular 230, we inform you that, unless we expressly state otherwise in this communication (including any attachments), any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or other matter addressed herein.

-------------------------------------------------

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Walter.Loughlin@klgates.com.

7/5/2011