# Exhibit 10

# BYLAWS

## OF

## CARITAS HEALTH CARE, INC.

4471/76874-001 Current/8561411v4

BQHC 01829

TABLE OF CONTENTS

*Page*

ARTICLE I THE CORPORATION ........................................................................ 1
  1.1     Principal Office. ....................................................................................... 1
  1.2     Powers. ....................................................................................................... 1
  1.3     Purposes. .................................................................................................... 1
ARTICLE II MEMBER ....................................................................................... 2
  2.1     Sole Member. ............................................................................................ 2
  2.2     Powers. ....................................................................................................... 2
ARTICLE III BOARD OF TRUSTEES ............................................................... 2
  3.1     Powers and Duties. ................................................................................... 2
  3.2     Number of Trustees. ................................................................................ 2
  3.3     Qualifications of Trustees. ...................................................................... 2
  3.4     Election and Term of Office. .................................................................. 3
  3.5     Trustees Emeriti. ...................................................................................... 3
  3.6     Removal. .................................................................................................... 3
  3.7     Resignation. ............................................................................................... 3
  3.8     Vacancies and Newly Created Trusteeships. ....................................... 3
  3.9     Annual and Regular Monthly Meetings. .............................................. 3
  3.10    Special Meetings. ..................................................................................... 4
  3.11    Notice of Meetings. .................................................................................. 4
  3.12    Quorum. ..................................................................................................... 4
  3.13    Voting. ........................................................................................................ 4
  3.14    Organization of Meetings. ...................................................................... 5
  3.15    Action Without a Meeting. ..................................................................... 5
  3.16    Telephonic Meetings. .............................................................................. 5
  3.17    Attendance at Meetings. ......................................................................... 5
  3.18    Establishment of a Medical Staff. ......................................................... 5
  3.19    Evaluation of the Performance of the President. ................................ 5
  3.20    Board Self-Evaluation. ............................................................................ 5
  3.21    Board Orientation and Continuing Education. ................................... 5
  3.22    Committees of the Board. ....................................................................... 5
  3.23    Committees of the Corporation. ............................................................ 6
  3.24    Annual Report. ......................................................................................... 6
ARTICLE IV OFFICERS, EMPLOYEES AND AGENTS ................................... 6
  4.1     Officers. ..................................................................................................... 6
  4.2     Qualification of Officers. ........................................................................ 6
  4.3     Election, Term of Office and Removal. ................................................. 6
  4.4     Nominations. ............................................................................................. 7
  4.5     Other Agents and Employees. ............................................................... 7
  4.6     Resignation. ............................................................................................... 7
  4.7     Vacancies. .................................................................................................. 7
  4.8     Powers and Duties. ................................................................................... 7
  4.9     Chairperson; Powers and Duties. .......................................................... 7

i

BQHC 01830

| | | |
|---|---|---|
| 4.10 | President; Powers and Duties.............................................................. | 7 |
| 4.11 | Vice Presidents; Powers and Duties. ................................................. | 8 |
| 4.12 | Secretary; Powers and Duties. .......................................................... | 8 |
| 4.13 | Treasurer; Powers and Duties. .......................................................... | 9 |
| ARTICLE V COMMITTEES................................................................................... | | 10 |
| 5.1 | Committees Generally. ...................................................................... | 10 |
| 5.2 | Standing Committees of the Board. .................................................... | 10 |
| 5.3 | Special Committees of the Board. ...................................................... | 12 |
| 5.4 | Committees of the Corporation. ......................................................... | 12 |
| 5.5 | Meetings of the Committees. ............................................................. | 13 |
| ARTICLE VI AUXILIARY ..................................................................................... | | 13 |
| 6.1 | General. ........................................................................................... | 13 |
| 6.2 | Programs. ......................................................................................... | 14 |
| 6.3 | Governance. ..................................................................................... | 14 |
| ARTICLE VII MEDICAL DIRECTOR ................................................................... | | 14 |
| ARTICLE VIII MEDICAL AND DENTAL STAFF; MEDICAL BOARD; MEDICAL STAFF BYLAWS, RULES AND REGULATIONS ..................................................... | | 14 |
| 8.1 | Medical Staff By-laws, Rules and Regulations—Coordination with these Bylaws..... | 14 |
| 8.2 | Responsibilities of the Board Towards the Medical Staff. ..................... | 15 |
| 8.3 | Approval of Appointments. ................................................................ | 15 |
| 8.4 | Duties of the Medical Board. ............................................................. | 15 |
| ARTICLE IX INDEMNIFICATION .......................................................................... | | 15 |
| 9.1 | Standing Indemnification. .................................................................. | 15 |
| 9.2 | Indemnification by Resolution or Agreement ..................................... | 16 |
| 9.3 | Application. ...................................................................................... | 16 |
| 9.4 | Enforcement. .................................................................................... | 16 |
| 9.5 | General. ............................................................................................ | 17 |
| ARTICLE X DEPOSITS, CHECKS, LOANS AND CONTRACTS........................... | | 18 |
| 10.1 | Deposits of Funds. ........................................................................... | 18 |
| 10.2 | Checks. ............................................................................................ | 18 |
| 10.3 | Contracts. ......................................................................................... | 18 |
| ARTICLE XI COMPLIANCE WITH LAW; CONFLICT OF INTEREST ............... | | 18 |
| 11.1 | Compliance with the Law and Adherence to Ethical Conduct. .............. | 18 |
| 11.2 | Conflict of Interest. .......................................................................... | 18 |
| ARTICLE XII BOOKS............................................................................................ | | 19 |
| ARTICLE XIII FISCAL YEAR ............................................................................... | | 19 |
| ARTICLE XIV AMENDMENTS ............................................................................. | | 19 |
| ARTICLE XV ADOPTION OF BYLAWS AND PERIODIC REVIEW ................... | | 20 |

4471/76874-001 Current/8561411v4

BQHC 01831

BYLAWS

OF

CARITAS HEALTH CARE, INC.

ARTICLE I
THE CORPORATION

1.1     Principal Office.   Caritas Health Care, Inc. (the "*Corporation*") shall have its principal office in Queens County, New York, or at such other place as may from time to time be determined by its Board of Trustees (herein the "*Board of Trustees*" or the "*Board*").

1.2     Powers.   The Corporation shall have all of the powers enumerated in the New York Not-for-Profit Corporation Law ("*NPCL*"), as such may be amended from time to time; *provided, however*, that the Corporation shall exercise its powers only in furtherance of its charitable purpose, as such term is defined in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (the "*Code*"), and the Treasury Regulations promulgated thereunder.

1.3     Purposes.

(a)     The Corporation shall at all times be operated exclusively for charitable purposes, as defined in Section 501(c)(3) of the Code, as more specifically set forth in the Corporation's Certificate of Incorporation.  In no event shall the Corporation engage in carrying on propaganda, attempt to influence legislation, or participate or intervene in any political campaign.

(b)     The role and purpose for which the Corporation has been formed are to establish, maintain and operate, on a not-for-profit basis, one or more medical centers (the "*Medical Center(s)*") for the prevention, diagnosis, treatment and/or rehabilitation of inpatients, ambulatory service patients and out-patients who visit, live and work in the community; strengthen quality programs of clinical, education and preventative medicine; and provide skillful and compassionate medical care, health services and clinical research to meet the needs of these patients.  The Medical Center(s) on the date these Bylaws are approved will be comprised of the hospitals located in Queens, New York, known as St. John's Queens Hospital and Mary Immaculate Hospital.  The Corporation is committed to fulfilling its role and purpose in compliance with the spirit and letter of the law and all pertinent regulatory and accreditation standards, including, without limitation, the Joint Commission on Accreditation of Healthcare Organizations (the "*JCAHO*").

(c)     At all times during which the Corporation operates St. John's Queens Hospital under the name "St. John's" or Mary Immaculate Hospital under the name "Mary Immaculate," such Medical Center(s) shall be operated in conformity with the "Ethical and Religious Directive for Catholic Health Care Services" issued by the National Conference of Catholic Bishops, including amendments made thereto from time to time.

BQHC 01832

ARTICLE II
MEMBER

2.1     <u>Sole Member.</u> The sole member of the Corporation shall be Brooklyn-Queens Health Care, Inc. (the "*Member*").

2.2     <u>Powers.</u>

(a)     The Member shall have the power to elect the Trustees of the Corporation and to remove the Trustees of the Corporation.

(b)     The Member shall also have the power to authorize (i) the amendment and restatement of the Certificate of Incorporation and Bylaws of the Corporation; (ii) the merger or consolidation of the Corporation with any other entity; (iii) the sale, lease, exchange, mortgage, pledge or other disposition of all or substantially all the property and assets of the Corporation; and (iv) the voluntary dissolution of the Corporation, the plan of distribution of assets upon dissolution and the revocation of voluntary dissolution proceedings.

ARTICLE III
BOARD OF TRUSTEES

3.1     <u>Powers and Duties.</u> The Board shall have the general power to control and manage the affairs and property of the Corporation in accordance with the purposes and limitations set forth in the Certificate of Incorporation.   The Board shall establish policy, promote performance improvement and provide organization, management and planning for the Corporation and the Medical Center(s), as well as fulfill such other obligations as may be required by law, applicable regulations and the requirements of regulatory agencies and accreditation organizations. The Board shall assist management and the Medical [-Dental] Staff in developing the mission, value and vision statements of the Medical Center(s) and in maintaining and encouraging an environment where compliance with the law and adherence to ethical behavior is enhanced.

3.2     <u>Number of Trustees.</u> The number of Trustees shall be at least three (3) but no more than twenty-five (25).  The number may be increased or decreased, but no decrease shall shorten the term of any incumbent Trustee.

3.3     <u>Qualifications of Trustees.</u>

(a)     Trustees shall be selected on the basis of their interest in the Corporation and its Medical Center(s), their areas of expertise and their commitment to participate fully on the Board so as to enable the Corporation to fulfill its role and purpose.  Employees of the Corporation and Physicians who are members of the Medical Staff of the Medical Center(s) shall not be eligible for membership on the Board.

(b)     At all times during which the Corporation operates the Medical Center(s) under the name "St. John's" or "Mary Immaculate," an individual nominated by the Bishop of the Roman Catholic Diocese of Brooklyn or his duly authorized representative shall be

2

BQHC 01833

elected by the Member to serve, and he or she shall serve, as one of the Trustees of the Corporation.

3.4     Election and Term of Office.

(a)     The initial Trustees shall be the persons named in the Certificate of Incorporation who shall serve until the first annual meeting of the Member.

(b)     Each Trustee, other than the initial Trustees, shall be elected by the Member.

(c)     At the first annual meeting of the Member, the elected members of the Board of Trustees shall be divided into three (3) classes, designated Class A, Class B and Class C, each class shall be as nearly equal in number as possible. The term of office of the initial Class A Trustees shall expire at the next annual meeting of the Member. The term of office of the initial Class B Trustees shall expire at the second succeeding annual meeting of the Member. The term of office of the initial Class C Trustees shall expire at the third succeeding annual meeting of the Member. At each annual meeting of the Member, Trustees to replace those whose terms expire shall be elected to hold office until the third succeeding annual meeting. Each Trustee shall be elected to serve (subject to the provisions of this *Article III*) until such Trustee's respective successor has been elected and qualified.

3.5     Trustees Emeriti.  The Member, in its discretion, may elect Trustees Emeriti. A Trustee Emeritus may attend all meetings of the Board (but without vote) and shall be eligible to serve as a non-voting member of any standing and special committees of the Board, except the Executive Committee.

3.6     Removal.  Any Trustee may be removed at any time by the Member, with or without cause, or for cause by vote of the Board.

3.7     Resignation.  Any Trustee may resign from office at any time by delivering a resignation in writing to the Board or to the President and the acceptance of the resignation, unless required by its terms, shall not be necessary to make the resignation effective.

3.8     Vacancies and Newly Created Trusteeships.  Any newly created Trusteeships and any vacancies on the Board arising at any time and from any cause may be filled by the Member. Trustees so elected shall serve until the next annual meeting of the Member.

3.9     Annual and Regular Monthly Meetings.  A regular monthly meeting of the Board shall be held in every month, except for the months of February, July, August and September on the first Thursday or on such other day or month or hours or place as the Board, the Chairperson of the Board of Trustees (the "*Chairperson*") or the President (the "*President*") shall from time to time direct, provided that notice thereof is given to each Trustee as provided in *Section 3.11*. In case such day shall fall on a legal holiday, the meeting shall be held on such other day as may be directed by the Board, the Chairperson or the President. The regular monthly meeting held in June of each year, immediately following the annual meeting of the Member, shall constitute the annual meeting of the Board.

3

4471/76874-001 Current/8561411v4

BQHC 01834

3.10    Special Meetings.  A special meeting of the Board may be called at any time by the Secretary (a) at the direction of the Chairperson, (b) at the direction of the Member, or (c) upon the written demand of not less than one-fifth (1/5) of the entire Board; and shall be held at such time and place designated in the notice thereof.  The business conducted at the special meeting shall be limited to the purpose for which the special meeting was called, as stated in the Notice of Special Meeting.

3.11    Notice of Meetings.

(a)    Regular and Annual Meetings of the Board.  Notice of all regular meetings (including the annual meeting) of the Board shall be given at least ten (10) days before the day on which the meeting is to be held, in person, by first class mail, by overnight mail or by electronic mail, to each Trustee at his or her address as shown on the records of the Corporation.

(b)    Special Meetings of the Board.  Notice of all special meetings of the Board shall be given at least three (3) days before the day on which the meeting is to be held, in person, by first class mail, by overnight mail or by electronic mail, to each Trustee at his or her address as shown on the records of the Corporation.  Such notice of a special meeting shall state the purpose(s) for which the meeting is called.  No business other than that specified in the notice of a special meeting shall be transacted at such meting.

(c)    Adjourned Meetings.  No notice need be given of any adjourned meeting, provided the time, date and place to which the meeting is adjourned is announced at the meeting at which the adjournment is taken.

(d)    Waiver of Notice.  Notice of any meeting of the Board, whether regular or special, may be waived by any Trustee by written waiver or by personal attendance at such meeting.

3.12    Quorum.  A majority of the number of Trustees then in office who are entitled to vote shall constitute a quorum for the transaction of business at any meeting of the Board.  In the absence of a quorum, a majority of the Trustees present may adjourn the meeting from time to time until a quorum is present.  Notice of any such adjournment shall be given to the Trustees who were not present at the time of adjournment and, unless such time and place are announced at the meeting, to the other Trustees.  At any such adjourned meeting at which a quorum is present, any business may be transacted which might have been transacted at the meeting as originally called.

3.13    Voting. Each Trustee shall be entitled to one vote on each matter submitted to a vote of Trustees.  At all meetings of the Board, all matters shall be decided by the vote of a majority of the Trustees present at the meeting entitled to vote thereon, except as at the time may be otherwise expressly required by law, by the Corporation's Certificate of Incorporation or by these Bylaws.  Except as otherwise provided by law or in these Bylaws, action by the vote of Member shall be required for: (a) amendment and restatement of the Certificate of Incorporation and Bylaws of the Corporation; (b) the sale, lease, exchange or other disposition of substantially all of the assets of the Corporation; (c) merger or consolidation of the Corporation in accordance with Article IX of the

BQHC 01835

NPCL; and (d) non-judicial dissolution of the Corporation in accordance with Article 10 of the NPCL.

3.14    Organization of Meetings. Meetings of the Board of Trustees shall be presided over by the Chairperson, or in his or her absence, in accordance with *Section 4.9*.

3.15    Action Without a Meeting. Any action required or permitted to be taken by the Board or by any committee thereof may be taken without a meeting if all members of the Board or the committee consent in writing to the adoption of a resolution authorizing the action. The resolution and the written consents shall be inserted in the minute book of the Corporation with the minutes of the proceedings of the Board or committee.

3.16    Telephonic Meetings. Any one or more Trustees may participate in a meeting of the Board by means of a conference telephone or similar communications equipment allowing all persons participating in the meeting to hear each other at the same time. Participation by such means shall constitute presence in person at a meeting.

3.17    Attendance at Meetings. Attendance at each meeting of the Board shall be limited to the Trustees, Trustees Emeritus, the President, the President of the Medical Board and such others as may be invited individually to any specific meeting by the Chairperson or the President for purposes germane to such meetings or otherwise required to attend by law or the JCAHO. The duly designated Medical Staff representative(s) shall be invited to report at each regular meeting. Upon the motion of any Trustee, the Board may meet in executive session with attendance limited to Trustees and Trustees Emeriti.

3.18    Establishment of a Medical Staff. The Board of Trustees shall establish a Medical Staff and Medical Board. The responsibilities and rights pertaining to the Medical Staff and Medical Board are set forth in *Article VIII* herein and in the Medical Staff bylaws and rules and regulations.

3.19    Evaluation of the Performance of the President. The Board shall monitor the performance of the President and shall evaluate his or her performance on an annual basis.

3.20    Board Self-Evaluation. The Board shall evaluate its own performance on an annual basis.

3.21    Board Orientation and Continuing Education. The Board shall pursue a program of orientation and continuing education, which shall include, without limitation, current information about (a) the Medical Center(s), as well as the mission and values, clinical and administrative programs and community outreach with respect thereto; (b) the healthcare environment; and (c) the role and responsibilities of medical center trustees.

3.22    Committees of the Board. The Board, by resolution adopted by a majority of the entire Board, may establish and appoint an Executive and any other Standing or Special Committees, as more fully described in *Article V*. Each committee so appointed shall consist of three (3) or more Trustees and, to the extent provided in the resolution establishing it, shall have all the authority of the Board, except as to the following matters:

4471/76874-001 Current/8561411v4

BQHC 01836

(a)    the submission to the Member of any action requiring Member approval under the Not-for-Profit Corporation Law;

(b)    the filling of vacancies on the Board or on any Committee;

(c)    the fixing of compensation of the Trustees for serving on the Board or on any Committee;

(d)    the amendment or repeal of these Bylaws or the adoption of new Bylaws; and

(e)    the amendment or repeal of any resolution of the Board which by its terms shall not be so amendable or repealable.

3.23    Committees of the Corporation.    The Board of Trustees may elect or appoint committees of the Corporation, as more fully described in *Article V*, consisting of such persons who may, but need not be Trustees, as the Board of Trustees shall designate. These committees shall have such duties as permitted by law and as deemed appropriate by the Board.

3.24    Annual Report.    At each annual meeting of the Member, the Board of Trustees shall present a report verified by the President and Treasurer or by a majority of Trustees, showing in appropriate detail the following or as otherwise may be required by law: (a) the assets and liabilities of the Corporation as of the end of a twelve (12) month fiscal period terminating not more than six (6) months prior to the meeting; (b) the principal changes in assets and liabilities during that fiscal period; (c) the revenues or receipts of the Corporation, both unrestricted and restricted to particular purposes, for that fiscal period; and (d) the expenses or disbursements of the Corporation, for both general and restricted purposes during said fiscal period. The foregoing report shall be filed with the records of the Corporation and a copy or an abstract thereof shall be entered in the minutes of the proceedings of the annual meeting.

## ARTICLE IV
## OFFICERS, EMPLOYEES AND AGENTS

4.1    Officers.    The officers of the Corporation shall consist of the Chairperson, the President, one or more Vice Presidents, one or more Vice Chairs, a Secretary, a Treasurer, past Chairperson(s), and such other officers as the Board may from time to time elect. The officers may, but need not, be members of the Board of Trustees. Any two or more offices may be held by the same person, except that any person holding the office of Chairperson or President cannot also hold the office of Secretary.

4.2    Qualification of Officers.    All officers shall be members of the Board and have the powers and duties set forth in this Article. All officers shall have such other qualifications as the Executive Committee and the Board of Trustees may deem appropriate.

4.3    Election, Term of Office and Removal.    Subject to *Section 4.7* relating to vacancies, officers shall be elected at the annual meeting of the Board and shall hold office until the next annual meeting of the Board or until their successors shall be elected and shall have qualified, but may be

4471/76874-001 Current/8561411v4

BQHC 01837

removed at any meeting, with or without cause, by a majority vote of the Board in which a quorum of at least a majority of the voting Trustees then in office is present.

4.4     Nominations. The Executive Committee shall prepare and submit to the Secretary its slate of candidates for election as officers at the annual meeting of the Board.   Independent nominations may be submitted, in person or by mail, to the Secretary by any voting member of the Board, provided such nominations are received within three (3) days of the date scheduled for such meeting.

4.5     Other Agents and Employees. The Board may from time to time appoint such agents and employees as it shall deem necessary, each of whom shall hold such position at the pleasure of the Board and shall have such authority, perform such duties and receive such reasonable compensation, if any, as the Board may from time to time determine.

4.6     Resignation. Any officer may resign at any time by giving written notice of such resignation to the Board, the Chairperson, the President or the Secretary. Such resignation shall take effect at the time specified therein or, if not so specified, upon receipt thereof by the Board, the Chairperson, the President or the Secretary, as the case may be.

4.7     Vacancies. If any office becomes or is declared vacant for any reason, the vacancy may be filled at any time by the Board.

4.8     Powers and Duties. The powers and duties of the officers shall be such as may be prescribed by or pursuant to these Bylaws or from time to time by the Board and, to the extent not so prescribed, as usually appertain to their respective offices, subject to the control of the Board.

4.9     Chairperson; Powers and Duties. The Chairperson shall preside at all meetings of the Board and shall supervise the activities of the Board and its Committees. When the Chairperson is unable to act, the President shall exercise the powers and duties of the office of Chairperson, unless the Chairperson, with the approval of the Trustees, shall have designated another Trustee for this purpose.

4.10     President; Powers and Duties.

(a)     The President shall:

(i)     be the chief executive officer of the Corporation and have the general powers and duties of supervision and management necessary to operate the Corporation and all of its activities and departments;

(ii)     be qualified for his or her responsibilities through education and experience;

(iii)     represent the Board and the Chairperson in the management of the Corporation;

(iv)     be responsible for the development, submission and implementation on a timely basis of all plans to maintain the Medical Center(s)' compliance with

7

BQHC 01838

statutory and regulatory requirements and requirements of the JCAHO; correcting on a timely basis any operational deficiencies identified by regulatory agencies and accreditation organizations; and reporting periodically to the Board on the progress being made in developing and carrying out any such plans of correction;

(v)    be responsible for communicating the Corporation's Mission, vision and value statements to the staff; requiring compliance with ethical conduct; and ensuring that, at least every three (3) years, the responsible administrative and clinical staff members work collaboratively to develop, review and revise departmental procedures;

(vi)    be responsible for informing the staff of policies and procedures;

(vii)    collaborate with the officers and medical staff leadership to resolve any conflicts among them that may arise and inform the Board as to both the conflict and the plan to resolve it;

(viii)    attend all meetings as a voting member of the Board, the Executive Committee, and all committees of the Board; and

(ix)    have the authority, whenever action must be taken immediately in the best interest of patient care in the Medical Center(s), to summarily suspend all or any portion of the clinical privileges of any medical center member, such suspension to become effective immediately upon imposition, subject thereafter to such due process mechanisms as are contained in these Bylaws and the bylaws, rules and regulations of the Medical Staff.

(b)    If the President is unable to act, the Chairperson shall designate another qualified Corporation administrator to exercise the powers and duties of the President until such time that the Chairperson decides that the President is able to resume them.  In all cases of disputed authority or disputed interpretation as to these Bylaws or the bylaws, rules and regulation of the Medical Staff, the decision of the President shall govern until the Board shall determine otherwise.

4.11    Vice Presidents; Powers and Duties.  The Vice President(s) shall have such powers and perform such duties as the Board, the Chairperson or the President may from time to time prescribe.

4.12    Secretary; Powers and Duties.  The Secretary shall:

(a)    be responsible for the corporate files and records of the Corporation, but not for the administration or medical files and records of the Medical Center(s);

(b)    have custody of the common seal and of all the papers and documents belonging to the Corporation for which neither the Treasurer nor any other person shall have been made responsible;

8

BQHC 01839

(c)     cause notice of meetings of the Board and of the Executive Committee to be given to the Trustees and to members of the Executive Committee, respectively;

(d)     in consultation with the Chairperson of each committee of the Board and Corporation committee, be responsible for scheduling all meetings of the committees of the Board and the Corporation committees;

(e)     attend all such meetings and keep accurate minutes of their proceedings, which minutes shall reflect all business conducted, including findings, conclusions and recommendations made or taken;

(f)     cause appropriate notice to be given in regard to all elections, appointments, directions, authorizations, approvals and any other actions taken by the Board, the Executive Committee, the committees of the Board and the Corporation's committees; and

(g)     have such other powers and duties as may be assigned from time to time by the Board of Trustees, the Chairperson or the President.

At the direction of the Board of Trustees or President, the Secretary is authorized to delegate any of these functions to one or more Assistant Secretaries.

4.13     <u>Treasurer; Powers and Duties.</u>  The Treasurer shall:

(a)     also be the Chief Financial Officer of the Corporation, with the responsibility for maintaining adequate records of all the Corporation's assets, liabilities and financial transactions;

(b)     be responsible for the collection and disposition of all funds and other property of the Corporation;

(c)     have authority to endorse any and all checks and drafts which may be drawn to the order of the Corporation, any of its operating units, or any of the Divisions, Clinics or Departments of the Medical Center(s);

(d)     render to the Chairperson and the President at their request and to the Board at the regular meetings of the Board or at its committees, and as the Board otherwise requests, an account of all significant transactions and of the financial condition of the Corporation; and

(e)     have such other powers and duties as may be assigned from time to time by the Board, the Chairperson or the President.

At the direction of the Board or the President, the Treasurer is authorized to delegate any one or more of the foregoing responsibilities to any Assistant Treasurer.

4471/76874-001 Current/8561411v4

BQHC 01840

ARTICLE V
COMMITTEES

5.1     Committees Generally. These Bylaws provide for the establishment of three (3) types of committees:

(a)     Standing Committees of the Board—The Board shall, on an ongoing basis, establish such Standing Committees, as are outlined in *Section 5.2*. The members of each Standing Committee shall be members of the Board.

(b)     Special Committees of the Board—The Board may, from time to time as needed, create Special Committees with specific limited powers, as are outlined in *Section 5.3*. The members of each Special Committee shall be members of the Board.

(c)     Committees of the Corporation—The Board may, from time to time as needed, create Committees of the Corporation, as are outlined in *Section 5.4*. Such committees differ from the Standing and Special Committees in that all of their members need not be members of the Board.

5.2     Standing Committees of the Board.

(a)     Designation of Committees and Members. The Board, by resolution adopted by a majority of the entire Board, may designate from among its members Standing Committees of the Board, each consisting of three (3) or more Trustees, and each of which, to the extent provided in the resolution or in these Bylaws, shall have all the authority of the Board which lawfully may be delegated to such a committee. Trustees Emeriti shall be eligible to serve as non-voting members of Standing Committees of the Board, except the Executive Committee. Except as otherwise provided in these Bylaws, the Board of Trustees shall designate the members of each Standing Committee of the Board at the annual meeting of the Board on the recommendation of the chairperson of that Standing Committee, for one-year terms or until their successors are designated. All committee members shall serve at the pleasure of the Board. The Chairperson and the President shall be members of all Standing Committees of the Board *ex officio*, with vote.

(b)     Chairpersons. Each Standing Committee of the Board shall have a chairperson or co-chairperson and may have one or more vice chairperson, each of whom shall (a) be a Trustee designated by the Board from among that committee's members on the recommendation of the Executive Committee, with the approval of the Board at the annual meeting of the Chairperson after consultation with the President, and (b) serve for a term of one (1) year or until his or her successor is designated. Notwithstanding the foregoing, all committee chairpersons or co-chairpersons and vice chairpersons shall serve at the pleasure of the Board and the Board shall have the power at any time to fill vacant chairpersonships or to remove any chairperson, co-chairperson or vice chairperson from office with or without cause.

(c)     Designated Standing Committees of the Board. The Standing Committees of the Board shall be as follows (subject to the authority of the Board of Trustees to designate additional committees as set forth in *Section 5.2(a)*):

10

BQHC 01841

(i)    Executive Committee.

(A)    Powers.   Between meetings of the Board, the Executive Committee shall have all of the powers of the Board that lawfully may be delegated to such a committee. The Chairperson shall be the chairperson of the Executive Committee.

(B)    Duties and Responsibilities. The Executive Committee shall:

(1)    receive reports from and make recommendations to the Board of Trustees in connection with (a) planning for the Corporation; (b) the Corporation's finances; (c) operations of the Medical Center(s), including, but not limited to, matters relating to the medical staff, environment of care, human resources and legal and regulatory matters; and (d) the nomination and election of Trustees and officers of the Corporation;

(2)    review and make recommendations to the Board at the end of the fiscal year for the annual operating and capital budget for the following year; and

(3)    receive reports: (a) from the President on significant matters, including, without limitation, the provision of high quality patient care, finances, investments, fund-raising, real estate, personnel, legal and regulatory compliance, insurance coverage, and information technology, and (b) from the Committee chairpersons on committee business and recommendations for Board approval.

(C)    Meeting Times.   The Committee shall meet at times determined by its chairperson and shall report to the Board at the Board's meeting next following as to Committee actions and activities.

(ii)    Executive Compensation Committee. The Executive Compensation Committee shall review executive compensation at least annually and make recommendations to the Board regarding compensation. No Trustee who is an employee or member of the medical staff shall be a member of the Committee or participate in its decisions. The Committee shall obtain and review reliable compensation surveys.

(iii)    Audit and Compliance Committee.   The Audit and Compliance Committee shall be comprised of three or more Trustees who are not employees of the Corporation or members of the Medical Staff, who do not have any relationship which, in the opinion of the Board, would interfere with the exercise of independent judgment in carrying out the responsibilities of a member of the Committee; and who are able to read and understand fundamental financial statements. The chairperson of the Committee shall have accounting or related financial management expertise. The Committee shall have direct responsibility for the appointment, compensation and oversight of the work of the independent auditors employed by the Corporation for

4471/76874-001 Current/8561411v4

BQHC 01842

the purpose of preparing or issuing an audit report or related work, and such independent auditors shall report directly to the Committee. The Committee shall have such other duties and powers as are established by an Audit and Compliance Committee Charter approved by the Board and shall have the resources and authority appropriate to discharge its duties, including the authority to retain and receive advice and assistance from outside legal, accounting or other advisers.

(iv)   Quality Management Committee.   The Quality Management Committee shall be responsible for institution-wide quality assurance activities of the Corporation, in accordance with all applicable licensing and accreditation requirements and the quality assurance plan of the Corporation.

5.3   Special Committees of the Board.   The Board may create such Special Committees of the Board as it deems desirable. Such committees shall have only the powers specifically delegated to them by the Board. Except as provided herein, the members of Special Committees of the Board shall be Trustees or non-voting Trustees Emeriti.

5.4   Committees of the Corporation.

(a)   Creation and Membership.   The Board may create such Committees of the Corporation as it deems desirable. The members of Committees of the Corporation need not be Trustees or Trustees Emeriti. In each case, the members and the chairperson or co-chairperson or any vice chairperson of such committees shall be appointed by the Chairperson after consultation with the President and with the consent of the Board, for such terms as the Chairperson shall determine, and shall serve at the pleasure of the Chairperson and the Board.

(b)   Committees of the Corporation.   The Standing Committees of the Corporation shall be as follows (subject to the authority of the Board of Trustees to create additional committees as set forth in *Section 5.4(a)*):

(i)   Long Range Planning Committee.   The Long Range Planning Committee shall consist of members of the Board, the President, and such representatives of the Medical [and Dental] Staff, the Medical Center(s), administrative staff, and other departments and areas as determined by the Board. The Long Range Planning Committee shall: (A) consider and recommend to the Board such measures for improving the facilities and services of the Medical Center(s) as it may deem advisable from time to time; (B) have general responsibility for long-range institutional planning activities to meet the needs of the community, including major alterations and new buildings for the future development of the Medical Center(s); (C) work in concert with the Executive Committee to develop an overall plan and budget for short term and long term development of the Medical Center(s), such plan and budget to be reviewed and updated at least annually. In formulating the overall plan and budget, the Long Range Planning Committee, through the President, and together with the Executive Committee, shall establish a planning process within the Medical Center(s) to accomplish this goal. Such overall plan and budget, together with the planning process, shall be documented, as they

12

BQHC 01843

represent the most effective available method for defining and meeting the health needs of the community, and shall coordinate the Medical Center(s)' services with those of other health care facilities and related community resources. A three- (3) year capital expenditure plan for the Medical Center(s) shall be developed, which shall identify the anticipated sources of financing for, and the objectives of, each proposed capital expenditure. The Long Range Planning Committee shall meet upon the call of the chairperson thereof.

       (ii)   <u>Organizational Performance Evaluation Committee</u>. The Organizational Performance Evaluation Committee shall have at least one member who is a Trustee and who is not otherwise affiliated with the Corporation in an employment or contractual capacity. The Organizational Performance Evaluation Committee shall exercise all duties and responsibilities required by law and regulation and shall assist the Corporation and the Board in fulfilling responsibilities for meeting levels of patient care and safety as required by law and regulation and the requirements of accreditation organizations. The committee shall report its activities, findings, and recommendations to the Medical Board and the Board of Trustees at least four times a year. The Organizational Performance Evaluation Committee shall receive reports as to organizational performance improvement and quality assessment and risk management affecting patient care and safety.

      5.5   <u>Meetings of the Committees.</u> Committees designated or created by the Board may meet either regularly at stated times or specially on notice given at least 24 hours in advance by the Secretary, the chairperson of the committee or any two members thereof by mail, facsimile or other electronic means, telephone or in person to all other members thereof, but no notice of any regular meeting need be given, and no notice of any special meeting need be given at which all members shall be present or notice of which shall be waived by all absent members before or after such meeting. Such committees or the Board may make rules for the holding and conduct of their meetings. In the absence of a provision by the Board or a provision in the rules of the committee to the contrary, a majority of the members of such committee entitled to vote shall constitute a quorum for the transaction of business, the vote of a majority of the members entitled to vote present at a meeting at the time of such vote if a quorum is then present or the unanimous written consent of all members thereof entitled to vote shall be the act of such committee, and any one or more members of such committee may participate in a meeting of such committee by means of a conference telephone or similar communications equipment allowing all persons participating in the meeting to hear each other at the same time and participation by such means shall constitute presence in person at such meeting.

ARTICLE VI<br>AUXILIARY

      6.1   <u>General.</u> The Board shall have the exclusive authority for the organization of an auxiliary (the "*Auxiliary*") to coordinate the various groups working in the interest of the Medical Center(s). The Auxiliary shall be the Corporation's only auxiliary organization. It shall be an unincorporated association forming an integral part of the Medical Center(s)' corporate organization, providing volunteer support services for the benefit of the Corporation and the patients of the Medical Center(s) and promoting the health and welfare of the community.

13

6.2     Programs.  The Auxiliary shall delineate its purpose and function for approval by the Board.  Subject to the approval of the Board and to further its purposes, the Auxiliary may conduct programs some of which may require financial support.  All fundraising functions, support services and other programs conducted by the Auxiliary for these and other purposes shall require authorization of the Board, and the Board may from time to time recommend to the Auxiliary other projects and activities that the Board of Trustees deems to be in the best interests of the Medical Center(s).  The Auxiliary shall submit its annual operating budget to the Finance Committee of the Board of Trustees for review prior to its approval by the Auxiliary.

6.3     Governance.  Names of candidates for all offices of the Auxiliary including vacancies therein shall be submitted to the Executive Committee of the Board in writing by the Auxiliary Executive Committee for consultation prior to their presentation to the Auxiliary Board for election at the annual meeting of the membership of the Auxiliary in April of each year, and no election or appointment of any candidate to an Auxiliary office shall be held without such prior submission and consultation.  Bylaws of the Auxiliary and all amendments thereto shall become effective only when approved by the Board and thereafter duly adopted by the Auxiliary.  The Auxiliary, subject to the approval of the Board, may create, maintain and dissolve sub-auxiliary units for specialized functions as it shall determine.  The president of the Auxiliary shall report to the Board in writing concerning its activities not less than once each year.  The Board shall establish a mechanism for services provided by individual volunteers.

ARTICLE VII
MEDICAL DIRECTOR

The Board shall appoint a Medical Director who shall perform all duties and responsibilities required by law and regulation.  Such appointment shall be made after consultation with the Medical Board. The Board shall specify the Medical Director's responsibilities to and relationships with the Board, Medical Center(s)' administration and the Medical [and Dental] Staff.  The Medical Director shall report to the Board through the President.

ARTICLE VIII
MEDICAL AND DENTAL STAFF; MEDICAL BOARD; MEDICAL STAFF BYLAWS,
RULES AND REGULATIONS

8.1     Medical Staff By-laws, Rules and Regulations—Coordination with these Bylaws. The rules pertaining to the Medical Staff and Medical Board shall be set forth in the Medical Staff bylaws, rules and regulations, which shall include the mechanism for resolving any differences between the Medical Board and Board as to any medical staff matter.  The Board of Trustees shall approve the bylaws, rules and regulations of the Medical Staff, and all amendments thereto shall become effective only upon approval by the Board of Trustees.  Neither the Medical Staff nor the Board of Trustees shall amend the bylaws of the Medical Staff unilaterally.  The Secretary of the Corporation and the president of the Medical Board shall communicate and coordinate amendments of the Bylaws of the Corporation and the bylaws of the Medical Staff in order to avoid conflict.  In the event that a conflict exists in spite of their efforts, the Bylaws of the Corporation shall prevail.

14

BQHC 01845

8.2     Responsibilities of the Board Towards the Medical Staff. The Board shall fulfill its duties to the Medical Staff as set forth in the Medical Staff bylaws. The Board shall review and, as it deems appropriate, approve appointments and re-appointments as recommended by the Medical Board, and shall abide by its duties in connection with corrective action for a member of the Medical Staff in accordance with the provisions of the Medical Staff bylaws, rules and regulations.

8.3     Approval of Appointments. In the months in which the Board of Trustees does not meet, or as otherwise requested by the Chairperson, the Trustees who are members of the Quality Management Committee may, in their discretion, review and take final action on behalf of the Board of Trustees, with respect to Medical Board recommendations regarding appointments, re-appointments and the granting of clinical privileges and other credentialing.

8.4     Duties of the Medical Board. In addition to such other duties as may be prescribed in the Medical Staff bylaws, rules and regulations, it shall be the duty of the Medical Board to govern the Medical Staff, to advise the Board of Trustees in matters relating to the welfare of the Medical Center(s), the Medical Staff (including action taken by the Medical Board on a complaint pursuant to the Medical Staff bylaws, rules and regulations), the medical care and treatment of patients in the Medical Center(s) and programs of education, research and preventive medicine conducted at the Medical Center(s), and to receive and act on reports of the standing committees and sub-committees of the Medical Board and such special committees as may be appointed by the president of the Medical Board. The Medical Board shall be responsible for the development, adoption and periodic review of the Medical Staff bylaws, rules and regulations, and for ensuring that they are consistent with the Corporation's policies and applicable legal and other requirements. The Medical Board shall implement and report on the activities and mechanisms for monitoring and evaluating the quality of patient care, for identifying and resolving problems, and for identifying opportunities to improve care. The Medical Board shall require a process designed to assure that all individuals who provide patient care services, but who are not subject to the medical staff privilege delineation process, are competent to provide such services. The actions of the Medical Board are subject to review and approval or disapproval by the president. The Medical Board, through its president, shall submit to the Board of Trustees periodic reports concerning the professional activities of the Medical Staff. The reports shall set forth the procedure for granting clinical privileges and the delineation of clinical privileges in connection with appointments and reappointments to the Medical Staff.

ARTICLE IX
INDEMNIFICATION

9.1     Standing Indemnification. Except to the extent expressly prohibited by the New York Not For Profit Corporation Law:

(a)     The Corporation shall promptly indemnify each person who is a present or former Trustee, Honorary Trustee or Officer of the Corporation or member of a committee established pursuant to *Article V* who is made, or is threatened to be made, a party to any action or proceeding, whether civil or criminal or whether brought by or in the right of the Corporation, or who is a subject of a government investigation, by reason of the fact that such person (i) is or was a Trustee, Honorary Trustee, Officer of the Corporation or committee member or (ii) in the case of a present or former Trustee, Honorary Trustee, or Officer of the Corporation, serves or served, at the request of the Corporation, as a director,

15

BQHC 01846

officer, partner, trustee, employee or agent (or in a like capacity) of another corporation, partnership, joint venture, trust, employee benefit plan or enterprise, against judgments, fines, amounts paid in settlement and expenses, including attorneys' fees, reasonably incurred in connection with such action or proceeding, or any appeal therein, or government investigation, except where a judgment or other final adjudication adverse to such person establishes that his or her acts were committed in bad faith or were the result of active and deliberate dishonesty and were material to the cause of action so adjudicated, or that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled;

(b)     The Corporation shall advance or promptly reimburse upon request of a person referred to in *Section 9.1(a)* all expenses, including attorneys' fees, reasonably incurred by such person in connection with any action, proceeding or government investigation of the kind referred to in *Section 9.1(a)* in advance of the final disposition thereof, upon receipt, should the Board so require, of an undertaking by or on behalf of such person (i) to repay the entire amount thereof if such person is ultimately found not to be entitled to indemnification under this *Article IX* or otherwise, or (ii) where indemnification is granted, to repay the amount by which the expenses so advanced or reimbursed exceed the amount to which such person is entitled; *provided, however,* that such person shall cooperate in good faith with any request of the Corporation that common counsel be used by parties to any action, proceeding or government investigation who are similarly situated unless to do so would be inappropriate because of actual or potential differing interests between such parties; and

(c)     The Corporation may purchase and maintain insurance on behalf of any person described in *Section 9.1(a)* against any liability asserted against him or her, whether or not the Corporation would have the power to indemnify him or her against such liability under the provision of this Article or otherwise.

9.2     Indemnification by Resolution or Agreement.     The Corporation, by a resolution of its Board or the Executive Committee thereof, or by an agreement approved by the Board or Executive Committee, may, to the fullest extent permitted by applicable law, indemnify and advance or reimburse expenses to any person, including a person entitled to indemnification pursuant to *Section 9.1(a)*, but nothing herein shall limit or affect the rights of any such person under *Section 9.1*.

9.3     Application.     A person for whom indemnification or the advancement or reimbursement of expenses is provided under this *Article IX* may elect to have the provisions of this Article interpreted on the basis of the applicable law in effect: (a) at the time of the occurrence of the event or events giving rise to the action, proceeding or government investigation, to the extent permitted by law, or (b) at the time indemnification or advancement or reimbursement of expenses is provided or sought.

9.4     Enforcement.

(a)     The right to be indemnified or to the advancement or reimbursement of expenses pursuant to *Section 9.1* or a resolution authorized pursuant to *Section 9.2*:

16

BQHC 01847

(i)    is a contract right pursuant to which the person entitled thereto may bring suit as if the provisions hereof or of any such resolution were set forth in a separate written contract between the Corporation and such person; and

(ii)    shall continue to exist after any rescission or restrictive modification hereof or of any such resolution with respect to events occurring prior thereto.

(b)    If a request to be indemnified or for the advancement or reimbursement of expenses pursuant to *Section 9.1* or a resolution or agreement authorized by *Section 9.2* is not paid in full by the Corporation within 30 days after a written claim has been received by an Officer of the Corporation therefor and the claimant thereafter brings suit against the Corporation to recover the unpaid amount of the claim which is successful in whole or in part, the Corporation shall be obligated to pay the claimant the expenses, including reasonable attorneys' fees, of prosecuting such claim.

9.5    General.

(a)    The indemnification or advancement or reimbursement of expenses granted pursuant to or provided by the provisions of this *Article IX* shall: (i) be in addition to and shall not be exclusive of any other rights to indemnification and advancement or reimbursement of expenses to which such person may otherwise be entitled by law, certificate of incorporation, insurance policy, contract or otherwise, and (ii) not include any professional malpractice liabilities or related expenses incurred by a member of the medical and dental or professional staff which result from the delivery of health care by such person. Nothing in this *Article IX* shall be deemed a waiver of any rights that the Corporation, any Trustee or other volunteer may have under the Volunteer Protection Act of 1997.

(b)    For purposes of this Article IX, the terms: (i) "the Corporation" shall include any legal successor to the Corporation, including any corporation or other entity which acquires all or substantially all of the assets of the Corporation in one or more transactions, (ii) "person" shall include the personal representative, testator or intestate of a person, (iii) "Officer of the Corporation" shall include persons who are elected by the Board as officers of the Corporation and (iv) service "at the request of the Corporation" shall include serving: (A) any other corporation or other entity that may be specified by resolution of the Board or its Executive Committee, (B) any corporation, partnership, joint venture, trust or other enterprise of which fifty (50%) percent or more of the voting power or economic interest is held, directly or indirectly, by the Corporation, or (C) any employee benefit plan of the Corporation or of any entity referred to in clauses (A) or (B), and (D) "fines" shall without limitation include any penalties, taxes, assessments or similar required payments related to violations of the Federal Insurance Contributions Act.

(c)    If any provision of this *Article IX* shall be found to be invalid or limited in application by reason of any law or regulation, it shall not affect the validity of the remaining provisions hereof.

4471/76874-001 Current/8561411v4

BQHC 01848

## ARTICLE X
## DEPOSITS, CHECKS, LOANS AND CONTRACTS

10.1    Deposits of Funds.   All funds of the Corporation not otherwise employed shall be deposited in such banks, trust companies or other depositories as the Board may from time to time determine.

10.2    Checks.   All checks, drafts, endorsements, notes and evidences of indebtedness of the Corporation shall be signed by such officer or officers or agent or agents of the Corporation and in such manner as the Board may from time to time determine.   Endorsements for deposits to the credit of the Corporation shall be made in such manner as the Board may from time to time determine.

10.3    Contracts.   No contracts may be entered into on behalf of the Corporation unless and except as authorized by the Board; and any such authorization may be general or confined to specific instances.

## ARTICLE XI
## COMPLIANCE WITH LAW; CONFLICT OF INTEREST

11.1    Compliance with the Law and Adherence to Ethical Conduct.   The Corporation and staff of the Medical Center(s) shall comply with the law and conduct themselves ethically.   The President shall be responsible to encourage an environment of respect for and compliance with the law and ethical conduct.   The Executive Committee shall recommend the appointment of a Corporation Compliance Officer and shall oversee a Corporation Compliance Program.   The Compliance Officer shall report directly to the Executive Committee and to the Board.

11.2    Conflict of Interest.   The Corporation shall adhere to and communicate to appropriate parties the conflict of interest rules as defined by law, including Section 715 of the NPCL, entitled "Interested Directors and Officers," as may be amended from time to time, which is made part hereof, and any requirements of the JCAHO.

(a)    Trustees, officers and all staff members of the Corporation who make decisions as to purchases on behalf of the Corporation shall be required to file a conflict of interest statement approved by the Compliance Officer and the Corporation's auditors.   That statement shall be reviewed by the Compliance Officer who shall make a report to the Executive Committee and Corporation's auditors disclosing any conflict of interest.   Those persons who are required to complete a form shall be required to promptly inform the Compliance Officer of any conflict that arises during the course of the year.

(b)    The Compliance Officer shall include information as to identification, avoidance and disclosure of conflicts of the interest in staff education as part of the Corporation's compliance program.

(c)    Any contract or other transaction between the Corporation and one or more of its Trustees or officers or between the Corporation and any other corporation, firm, association, or other entity in which one or more of its Trustees or officers are directors, trustees or officers, or in which one or more of its Trustees or officers have a substantial

18

BQHC 01849

financial interest, may be declared void or voidable by the Board, unless all of the following conditions are met, which conditions shall be complied with by the Corporation's Trustees and officers in connection with the performance of their duties:

      (i)    The relevant and material facts as to such Trustee's or officer's interest in such contract or transaction and as to any common trusteeship, officership or financial interest are disclosed by such Trustee or officer to the Board in good faith in advance, and such facts are reflected in the minutes of the Board meeting;

      (ii)    The interested Trustee or officer has, in the judgment of the Board, fully met the burden of proof that the contract or transaction is fair and reasonable to the Corporation at the time such contract is authorized, and such determination is reflected in the minutes of the Board meeting;

      (iii)    The Board authorized such contract or transaction by a vote of the majority of the Trustees present at a meeting at which a quorum is present, and the interested trustee or officer is not counted in determining the presence of a quorum and in determining the vote; and

      (iv)    The interested Trustee or officer may make a presentation at the Board meeting, but after such a presentation, the interested Trustee or officer shall leave the meeting during the discussion of and the vote on the transaction or arrangement.

ARTICLE XII

BOOKS

There shall be kept at an office of the Corporation correct books of account of the activities and transactions of the Corporation. The Corporation's minute book, which shall contain a copy of the certificate of incorporation, a copy of these Bylaws, and all minutes of meetings of the Board and the Executive Committee, shall be kept at an office of the Corporation or at the office of the Corporation's counsel, as determined by the Board.

ARTICLE XIII

FISCAL YEAR

The fiscal year of the Corporation shall be determined by the Board.

ARTICLE XIV

AMENDMENTS

These Bylaws may be altered, amended or repealed solely by action of the Member, and upon any such alteration, amendment or repeal of these Bylaws, the Member shall promptly provide the Board with written notice of the specific alteration, amendment or repeal and the effective date thereof.

19

BQHC 01850

ARTICLE XV
ADOPTION OF BYLAWS AND PERIODIC REVIEW

These Bylaws shall be reviewed at least annually by the Chairperson or by his or her designee and be revised as necessary in accordance with the provisions of *Article XIV* of these Bylaws.  The date of each review shall be recorded upon completion.

20

BQHC 01851