# Exhibit 12

# BYLAWS

# OF

# BROOKLYN-QUEENS HEALTH CARE, INC.

4471/76874-001 Current/8595354v4

BQHC 00440

TABLE OF CONTENTS

Page

ARTICLE I THE CORPORATION ..... 1
1.1 Principal Office. ..... 1
1.2 Powers. ..... 1
1.3 Purposes. ..... 1
ARTICLE II BOARD OF DIRECTORS ..... 2
2.1 Powers and Duties ..... 2
2.2 Number of Directors. ..... 2
2.3 Qualifications of Directors. ..... 2
2.4 Initial Directors. ..... 2
2.5 Election and Term of Office. ..... 2
2.6 Directors Emeriti ..... 2
2.7 Removal. ..... 3
2.8 Resignation. ..... 3
2.9 Vacancies and Newly Created Directorships ..... 3
2.10 Annual and Regular Monthly Meetings. ..... 3
2.11 Special Meetings. ..... 3
2.12 Notice of Meetings ..... 3
2.13 Quorum. ..... 4
2.14 Voting. ..... 4
2.15 Organization of Meetings. ..... 4
2.16 Action Without a Meeting. ..... 4
2.17 Telephonic Meetings ..... 4
2.18 Attendance at Meetings ..... 4
2.19 Evaluation of the Performance of the President. ..... 4
2.20 Board Self-Evaluation ..... 5
2.21 Committees of the Board. ..... 5
2.22 Committees of the Corporation ..... 5
2.23 Annual Report ..... 5
2.24 Election of Hospital Corporation Board of Trustees. ..... 5
ARTICLE III OFFICERS, EMPLOYEES AND AGENTS ..... 5
3.1 Officers. ..... 5
3.2 Qualification of Officers. ..... 6
3.3 Election, Term of Office and Removal ..... 6
3.4 Nominations ..... 6
3.5 Other Agents and Employees ..... 6
3.6 Resignation. ..... 6
3.7 Vacancies. ..... 6
3.8 Powers and Duties ..... 6
3.9 Chairperson; Powers and Duties. ..... 6
3.10 President; Powers and Duties ..... 6
3.11 Vice Presidents; Powers and Duties. ..... 7
3.12 Secretary; Powers and Duties. ..... 7

3.13 Treasurer; Powers and Duties. .......... 8
ARTICLE IV COMMITTEES .......... 8
4.1 Committees Generally. .......... 8
4.2 Standing Committees of the Board. .......... 9
4.3 Special Committees of the Board. .......... 10
4.4 Committees of the Corporation. .......... 10
4.5 Meetings of the Committees. .......... 10
ARTICLE V INDEMNIFICATION .......... 11
5.1 Standing Indemnification. .......... 11
5.2 Indemnification by Resolution or Agreement. .......... 12
5.3 Application. .......... 12
5.4 Enforcement. .......... 12
5.5 General. .......... 12
ARTICLE VI DEPOSITS, CHECKS, LOANS AND CONTRACTS .......... 13
6.1 Deposits of Funds. .......... 13
6.2 Checks. .......... 13
6.3 Contracts. .......... 13
ARTICLE VII COMPLIANCE WITH LAW; CONFLICT OF INTEREST .......... 13
7.1 Compliance with the Law and Adherence to Ethical Conduct. .......... 13
7.2 Conflict of Interest. .......... 14
ARTICLE VIII BOOKS .......... 15
ARTICLE IX FISCAL YEAR .......... 15
ARTICLE X AMENDMENTS .......... 15
ARTICLE XI ADOPTION OF BYLAWS AND PERIODIC REVIEW .......... 15

# BYLAWS

# OF

# BROOKLYN-QUEENS HEALTH CARE, INC.

## ARTICLE I
## THE CORPORATION

1.1 Principal Office. Brooklyn-Queens Health Care, Inc. (the "*Corporation*") shall have its principal office in Kings County, New York, or at such other place as may from time to time be determined by its Board of Directors (herein the "*Board of Directors*" or the "*Board*").

1.2 Powers. The Corporation shall have all of the powers enumerated in the New York Not-for-Profit Corporation Law ("*NPCL*"), as such may be amended from time to time; *provided, however*, that the Corporation shall exercise its powers only in furtherance of its charitable purpose, as such term is defined in Section 501(c)(3) of the Internal Revenue Code of 1986, as amended (the "*Code*"), and the Treasury Regulations promulgated thereunder.

1.3 Purposes.

(a) The Corporation shall at all times be operated exclusively for charitable, scientific and educational purposes, as defined in Section 501(c)(3) of the Code, as more specifically set forth in the Corporation's Certificate of Incorporation, for the purpose of engaging in various activities that further, support or benefit Wyckoff Heights Medical Center and Caritas Health Care, Inc. (each, the "*Hospital Corporation*" and jointly, the "*Hospital Corporations*"), which Hospital Corporations operate, or will operate upon receiving requisite regulatory approvals, the hospitals in Kings and Queens Counties, respectively known as Wyckoff Heights Medical Center, St. John's Queens Hospital and Mary Immaculate Hospital, and such other hospitals and health care facilities as may be established or otherwise become part of the Hospital Corporations in the future, including, without limitation, for the purpose of serving as a holding corporation for one or more other Not-For-Profit corporations, including, specifically, the stock of a captive insurance corporation that operates for the purpose of accumulating, holding and otherwise serving as a repository for funds to be used to satisfy malpractice claims and other such claims against the Hospital Corporations. In no event shall the Corporation engage in carrying on propaganda, attempt to influence legislation, or participate or intervene in any political campaign.

(b) The Corporation shall serve as the sole member of each Hospital Corporation, and in that capacity shall have the following reserved powers over each Hospital Corporation:

(i) to elect the Directors of the Hospital Corporation and to remove the Directors of the Hospital Corporation; and

(ii) to authorize (A) the amendment and restatement of the certificate of incorporation of the Hospital Corporation and the bylaws of the Hospital Corporation; (B) the merger or consolidation of the Hospital Corporation with any other entity; (C) the sale, lease, exchange, mortgage, pledge or other disposition of all or substantially all the property and assets of the Hospital Corporation; and (D) the voluntary dissolution of the Hospital Corporation, the plan of distribution of assets upon dissolution and the revocation of voluntary dissolution proceedings.

ARTICLE II
BOARD OF DIRECTORS

2.1 Powers and Duties. The Board shall have the general power to control and manage the affairs and property of the Corporation in accordance with the purposes and limitations set forth in the Certificate of Incorporation. The Board shall establish policy, promote performance improvement and provide organization, management and planning for the Corporation.

2.2 Number of Directors. The number of Directors shall be at least three (3) but no more than fifteen (15). The number may be increased or decreased, but no decrease shall shorten the term of any incumbent Director.

2.3 Qualifications of Directors. Directors shall be selected by the Board on the basis of their interest in the Corporation and the Hospital Corporations, their areas of expertise and their commitment to participate fully on the Board so as to enable the Corporation to fulfill its role and purpose. Employees of the Corporation and Physicians who are members of the medical staff of the Hospital Corporations shall not be eligible for membership on the Board.

2.4 Initial Directors. On the date these Bylaws are adopted, the members of the Board shall be those individuals set forth in *Exhibit 2.4* annexed hereto.

2.5 Election and Term of Office.

(a) At the first annual meeting of the Board following the adoption of these Bylaws, the elected members of the Board shall be divided into three (3) classes, designated Class A, Class B and Class C, each class shall be as nearly equal in number as possible. The term of office of the initial Class A Directors shall expire at the next annual meeting of the Board. The term of office of the initial Class B Directors shall expire at the second succeeding annual meeting of the Board. The term of office of the initial Class C Directors shall expire at the third succeeding annual meeting of the Board. At each annual meeting of the Board, Directors to replace those whose terms expire shall be elected to hold office until the fifth succeeding annual meeting. Each Director shall be elected to serve (subject to the provisions of this *Article II*) until such Director's respective successor has been elected and qualified.

2.6 Directors Emeriti. The Board, in its discretion, may elect Directors Emeriti. A Director Emeritus may attend all meetings of the Board (but without vote) and shall be eligible to serve as a non-voting member of any standing and special committees of the Board, except the Executive Committee.

2.7 Removal. Any Director may be removed at any time by the Board, with or without cause.

2.8 Resignation. Any Director may resign from office at any time by delivering a resignation in writing to the Board or to the President and the acceptance of the resignation, unless required by its terms, shall not be necessary to make the resignation effective.

2.9 Vacancies and Newly Created Directorships. Any newly created Directorships and any vacancies on the Board arising at any time and from any cause may be filled by the Board. Directors so elected shall serve until the next annual meeting of the Board.

2.10 Annual and Regular Monthly Meetings. A regular monthly meeting of the Board shall be held in every month, except for the months of February, July, August and September on the first Thursday or on such other day or month or hours or place as the Board, the Chairperson of the Board (the "*Chairperson*") or the President (the "*President*") shall from time to time direct, provided that notice thereof is given to each Director as provided in *Section 2.12*. In case such day shall fall on a legal holiday, the meeting shall be held on such other day as may be directed by the Board, the Chairperson or the President. The regular monthly meeting held in June of each year shall constitute the annual meeting of the Board.

2.11 Special Meetings. A special meeting of the Board may be called at any time by the Secretary at the direction of the Chairperson, or upon the written demand of not less than one-fifth (1/5) of the entire Board; and shall be held at such time and place designated in the notice thereof. The business conducted at the special meeting shall be limited to the purpose for which the special meeting was called, as stated in the Notice of Special Meeting.

2.12 Notice of Meetings.

(a) Regular and Annual Meetings of the Board. Notice of all regular meetings (including the annual meeting) of the Board shall be given at least ten (10) days before the day on which the meeting is to be held, in person, by first class mail, by overnight mail or by electronic mail, to each Director at his or her address as shown on the records of the Corporation.

(b) Special Meetings of the Board. Notice of all special meetings of the Board shall be given at least three (3) days before the day on which the meeting is to be held, in person, by first class mail, by overnight mail or by electronic mail, to each Director at his or her address as shown on the records of the Corporation. Such notice of a special meeting shall state the purpose(s) for which the meeting is called. No business other than that specified in the notice of a special meeting shall be transacted at such meting.

(c) Adjourned Meetings. No notice need be given of any adjourned meeting, provided the time, date and place to which the meeting is adjourned is announced at the meeting at which the adjournment is taken.

(d) Waiver of Notice. Notice of any meeting of the Board, whether regular or special, may be waived by any Director by written waiver or by personal attendance at such meeting.

2.13 Quorum. A majority of the number of Trustees then in office who are entitled to vote shall constitute a quorum for the transaction of business at any meeting of the Board. In the absence of a quorum, a majority of the Trustees present may adjourn the meeting from time to time until a quorum is present. Notice of any such adjournment shall be given to the Trustees who were not present at the time of adjournment and, unless such time and place are announced at the meeting, to the other Trustees. At any such adjourned meeting at which a quorum is present, any business may be transacted which might have been transacted at the meeting as originally called.

2.14 Voting. Each Director shall be entitled to one vote on each matter submitted to a vote of Directors. At all meetings of the Board, all matters shall be decided by the vote of a majority of the Directors present at the meeting entitled to vote thereon, except as at the time may be otherwise expressly required by law, by the Corporation's Certificate of Incorporation or by these Bylaws. Except as otherwise provided by law or in these Bylaws, action by the vote of two-thirds (2/3) of the entire Board at any annual meeting, regular meeting or special meeting held upon notice of the proposed action shall be required for: (a) amendment of the Certificate of Incorporation of the Corporation; (b) the sale, lease, exchange or other disposition of substantially all of the assets of the Corporation; (c) merger or consolidation of the Corporation in accordance with Article IX of the NPCL; (d) non-judicial dissolution of the Corporation in accordance with Article 10 of the NPCL; (e) authorization for amendment of these Bylaws to provide that the quorum or voting requirement for the transaction of any item of business be greater than that which is required by the NPCL; and (f) repeal or amendment of this *Section 2.14*.

2.15 Organization of Meetings. Meetings of the Board of Directors shall be presided over by the Chairperson, or in his or her absence, in accordance with *Section 3.9*.

2.16 Action Without a Meeting. Any action required or permitted to be taken by the Board or by any committee thereof may be taken without a meeting if all members of the Board or the committee consent in writing to the adoption of a resolution authorizing the action. The resolution and the written consents shall be inserted in the minute book of the Corporation with the minutes of the proceedings of the Board or committee.

2.17 Telephonic Meetings. Any one or more Directors may participate in a meeting of the Board by means of a conference telephone or similar communications equipment allowing all persons participating in the meeting to hear each other at the same time. Participation by such means shall constitute presence in person at a meeting.

2.18 Attendance at Meetings. Attendance at each meeting of the Board shall be limited to the Directors, Directors Emeritus, the President, the presidents of the medical boards of the Hospital Corporations and such others as may be invited individually to any specific meeting by the Chairperson or the President for purposes germane to such meetings or otherwise required to attend by law. Upon the motion of any Director, the Board may meet in executive session with attendance limited to Directors and Directors Emeriti.

2.19 Evaluation of the Performance of the President. The Board shall monitor the performance of the President and shall evaluate his or her performance on an annual basis.

2.20 Board Self-Evaluation. The Board shall evaluate its own performance on an annual basis.

2.21 Committees of the Board. The Board, by resolution adopted by a majority of the entire Board, may establish and appoint an Executive and any other Standing or Special Committees, as more fully described in *Article IV*. Each committee so appointed shall consist of three (3) or more Directors and, to the extent provided in the resolution establishing it, shall have all the authority of the Board, except as to the following matters:

(a) the filling of vacancies on the Board or on any Committee;

(b) the fixing of compensation of the Directors for serving on the Board or on any Committee;

(c) the amendment or repeal of these Bylaws or the adoption of new Bylaws; and

(d) the amendment or repeal of any resolution of the Board which by its terms shall not be so amendable or repealable.

2.22 Committees of the Corporation. The Board of Directors may elect or appoint committees of the Corporation, as more fully described in *Article IV*, consisting of such persons who may, but need not be Directors, as the Board of Directors shall designate. These committees shall have such duties as permitted by law and as deemed appropriate by the Board.

2.23 Annual Report. At each annual meeting, the Board shall present a report verified by the President and Treasurer or by a majority of Directors, showing in appropriate detail the following or as otherwise may be required by law: (a) the assets and liabilities of the Corporation as of the end of a twelve (12) month fiscal period terminating not more than six (6) months prior to the meeting; (b) the principal changes in assets and liabilities during that fiscal period; (c) the revenues or receipts of the Corporation, both unrestricted and restricted to particular purposes, for that fiscal period; and (d) the expenses or disbursements of the Corporation, for both general and restricted purposes during said fiscal period. The foregoing report shall be filed with the records of the Corporation and a copy or an abstract thereof shall be entered in the minutes of the proceedings of the annual meeting.

2.24 Election of Hospital Corporation Board of Trustees. The Board will cause the Corporation, as a member of each of the Hospital Corporations, to vote in the election of trustees of each Hospital Corporation in such a way as, and to take such action as may be appropriate, to cause the persons constituting the majority of the Directors of the Corporation to be members of the board of trustees of each Hospital Corporation.

## ARTICLE III
## OFFICERS, EMPLOYEES AND AGENTS

3.1 Officers. The officers of the Corporation shall consist of the Chairperson, the President, one or more Vice Presidents, one or more Vice Chairs, a Secretary, a Treasurer, past Chairperson(s), and such other officers as the Board may from time to time elect. The officers may, but need not, be members of the Board of Directors. Any two or more offices may be held by the

same person, except that any person holding the office of Chairperson or President cannot also hold the office of Secretary.

3.2 Qualification of Officers. All officers shall be members of the Board and have the powers and duties set forth in this Article. All officers shall have such other qualifications as the Executive Committee and the Board of Directors may deem appropriate.

3.3 Election, Term of Office and Removal. Subject to *Section 3.7* relating to vacancies, officers shall be elected at the annual meeting of the Board and shall hold office until the next annual meeting of the Board or until their successors shall be elected and shall have qualified, but may be removed at any meeting, with or without cause, by a majority vote of the Board in which a quorum of at least a majority of the voting Directors then in office is present.

3.4 Nominations. The Executive Committee shall prepare and submit to the Secretary its slate of candidates for election as officers at the annual meeting of the Board. Independent nominations may be submitted, in person or by mail, to the Secretary by any voting member of the Board, provided such nominations are received within three (3) days of the date scheduled for such meeting.

3.5 Other Agents and Employees. The Board may from time to time appoint such agents and employees as it shall deem necessary, each of whom shall hold such position at the pleasure of the Board and shall have such authority, perform such duties and receive such reasonable compensation, if any, as the Board may from time to time determine.

3.6 Resignation. Any officer may resign at any time by giving written notice of such resignation to the Board, the Chairperson, the President or the Secretary. Such resignation shall take effect at the time specified therein or, if not so specified, upon receipt thereof by the Board, the Chairperson, the President or the Secretary, as the case may be.

3.7 Vacancies. If any office becomes or is declared vacant for any reason, the vacancy may be filled at any time by the Board.

3.8 Powers and Duties. The powers and duties of the officers shall be such as may be prescribed by or pursuant to these Bylaws or from time to time by the Board and, to the extent not so prescribed, as usually appertain to their respective offices, subject to the control of the Board.

3.9 Chairperson; Powers and Duties. The Chairperson shall preside at all meetings of the Board and shall supervise the activities of the Board and its Committees. When the Chairperson is unable to act, the President shall exercise the powers and duties of the office of Chairperson, unless the Chairperson, with the approval of the Directors, shall have designated another Director for this purpose.

3.10 President; Powers and Duties.

(a) The President shall:

      (i) be the chief executive officer of the Corporation and have the general powers and duties of supervision and management necessary to operate the Corporation and all of its activities and departments;

(ii) be qualified for his or her responsibilities through education and experience;

(iii) represent the Board and the Chairperson in the management of the Corporation;

(iv) be responsible for informing the staff of policies and procedures; and

(v) attend all meetings as a voting member of the Board, the Executive Committee, and all committees of the Board.

(b) If the President is unable to act, the Chairperson shall designate another qualified Corporation administrator to exercise the powers and duties of the President until such time that the Chairperson decides that the President is able to resume them. In all cases of disputed authority or disputed interpretation as to these Bylaws, the decision of the President shall govern until the Board shall determine otherwise.

3.11 Vice Presidents; Powers and Duties. The Vice President(s) shall have such powers and perform such duties as the Board, the Chairperson or the President may from time to time prescribe.

3.12 Secretary; Powers and Duties. The Secretary shall:

(a) be responsible for the corporate files and records of the Corporation;

(b) have custody of the common seal and of all the papers and documents belonging to the Corporation for which neither the Treasurer nor any other person shall have been made responsible;

(c) cause notice of meetings of the Board and of the Executive Committee to be given to the Directors and to members of the Executive Committee, respectively;

(d) in consultation with the Chairperson of each committee of the Board and Corporation committee, be responsible for scheduling all meetings of the committees of the Board and the Corporation committees;

(e) attend all such meetings and keep accurate minutes of their proceedings, which minutes shall reflect all business conducted, including findings, conclusions and recommendations made or taken;

(f) cause appropriate notice to be given in regard to all elections, appointments, directions, authorizations, approvals and any other actions taken by the Board, the Executive Committee, the committees of the Board and the Corporation's committees; and

(g) have such other powers and duties as may be assigned from time to time by the Board of Directors, the Chairperson or the President.

At the direction of the Board of Directors or President, the Secretary is authorized to delegate any of these functions to one or more Assistant Secretaries.

3.13 Treasurer; Powers and Duties. The Treasurer shall:

(a) also be the Chief Financial Officer of the Corporation, with the responsibility for maintaining adequate records of all the Corporation's assets, liabilities and financial transactions;

(b) be responsible for the collection and disposition of all funds and other property of the Corporation;

(c) have authority to endorse any and all checks and drafts which may be drawn to the order of the Corporation;

(d) render to the Chairperson and the President at their request and to the Board at the regular meetings of the Board or at its committees, and as the Board otherwise requests, an account of all significant transactions and of the financial condition of the Corporation; and

(e) have such other powers and duties as may be assigned from time to time by the Board, the Chairperson or the President.

At the direction of the Board or the President, the Treasurer is authorized to delegate any one or more of the foregoing responsibilities to any Assistant Treasurer.

## ARTICLE IV
## COMMITTEES

4.1 Committees Generally. These Bylaws provide for the establishment of three (3) types of committees:

(a) Standing Committees of the Board—The Board shall, on an ongoing basis, establish such Standing Committees, as are outlined in *Section 4.2*. The members of each Standing Committee shall be members of the Board.

(b) Special Committees of the Board—The Board may, from time to time as needed, create Special Committees with specific limited powers, as are outlined in *Section 4.3*. The members of each Special Committee shall be members of the Board.

(c) Committees of the Corporation—The Board may, from time to time as needed, create Committees of the Corporation, as are outlined in *Section 4.4*. Such committees differ from the Standing and Special Committees in that all of their members need not be members of the Board.

4.2 Standing Committees of the Board.

(a) Designation of Committees and Members. The Board, by resolution adopted by a majority of the entire Board, may designate from among its members Standing Committees of the Board, each consisting of three (3) or more Directors, and each of which, to the extent provided in the resolution or in these Bylaws, shall have all the authority of the Board which lawfully may be delegated to such a committee. Directors Emeriti shall be eligible to serve as non-voting members of Standing Committees of the Board, except the Executive Committee. Except as otherwise provided in these Bylaws, the Board of Directors shall designate the members of each Standing Committee of the Board at the annual meeting of the Board on the recommendation of the chairperson of that Standing Committee, for one-year terms or until their successors are designated. All committee members shall serve at the pleasure of the Board. The Chairperson and the President shall be members of all Standing Committees of the Board *ex officio*, with vote.

(b) Chairpersons. Each Standing Committee of the Board shall have a chairperson or co-chairperson and may have one or more vice chairperson, each of whom shall (a) be a Director designated by the Board from among that committee's members on the recommendation of the Executive Committee, with the approval of the Chairperson after consultation with the President, and (b) serve for a term of one (1) year or until his or her successor is designated. Notwithstanding the foregoing, all committee chairpersons or co-chairpersons and vice chairpersons shall serve at the pleasure of the Board and the Board shall have the power at any time to fill vacant chairpersonships or to remove any chairperson, co-chairperson or vice chairperson from office with or without cause.

(c) Designated Standing Committees of the Board. The Standing Committees of the Board shall be as follows (subject to the authority of the Board of Directors to designate additional committees as set forth in *Section 4.2(a)*):

(i) Executive Committee.

(A) Powers. Between meetings of the Board, the Executive Committee shall have all of the powers of the Board that lawfully may be delegated to such a committee. The Chairperson shall be the chairperson of the Executive Committee.

(B) Duties and Responsibilities. The Executive Committee shall:

(1) receive reports from and make recommendations to the Board of Directors in connection with (a) planning for the Corporation; (b) the Corporation's finances; and (c) the nomination and election of Directors and officers of the Corporation;

(2) review and make recommendations to the Board at the end of the fiscal year for the annual operating and capital budget for the following year; and

(3) receive reports: (a) from the President on significant matters and (b) from the Committee chairpersons on committee business and recommendations for Board approval.

(C) Meeting Times. The Committee shall meet at times determined by its chairperson and shall report to the Board at the Board's meeting next following as to Committee actions and activities.

(ii) Executive Compensation Committee. The Executive Compensation Committee shall review executive compensation at least annually and make recommendations to the Board regarding compensation. No Director who is an employee or member of a Hospital Corporation's medical staff shall be a member of the Committee or participate in its decisions. The Committee shall obtain and review reliable compensation surveys.

(iii) Audit and Compliance Committee. The Audit and Compliance Committee shall be comprised of three or more Directors who are not employees of the Corporation or members of the medical staff of a Hospital Corporation; who do not have any relationship which, in the opinion of the Board, would interfere with the exercise of independent judgment in carrying out the responsibilities of a member of the Committee; and who are able to read and understand fundamental financial statements. The chairperson of the Committee shall have accounting or related financial management expertise. The Committee shall have direct responsibility for the appointment, compensation and oversight of the work of the independent auditors employed by the Corporation for the purpose of preparing or issuing an audit report or related work, and such independent auditors shall report directly to the Committee. The Committee shall have such other duties and powers as are established by an Audit and Compliance Committee Charter approved by the Board and shall have the resources and authority appropriate to discharge its duties, including the authority to retain and receive advice and assistance from outside legal, accounting or other advisers.

4.3 Special Committees of the Board. The Board may create such Special Committees of the Board as it deems desirable. Such committees shall have only the powers specifically delegated to them by the Board. Except as provided herein, the members of Special Committees of the Board shall be Directors or non-voting Directors Emeriti.

4.4 Committees of the Corporation. The Board may create such Committees of the Corporation as it deems desirable. The members of Committees of the Corporation need not be Directors or Directors Emeriti. In each case, the members and the chairperson or co-chairperson or any vice chairperson of such committees shall be appointed by the Chairperson after consultation with the President and with the consent of the Board, for such terms as the Chairperson shall determine, and shall serve at the pleasure of the Chairperson and the Board.

4.5 Meetings of the Committees. Committees designated or created by the Board may meet either regularly at stated times or specially on notice given at least 24 hours in advance by the Secretary, the chairperson of the committee or any two members thereof by mail, facsimile or other

electronic means, telephone or in person to all other members thereof, but no notice of any regular meeting need be given, and no notice of any special meeting need be given at which all members shall be present or notice of which shall be waived by all absent members before or after such meeting. Such committees or the Board may make rules for the holding and conduct of their meetings. In the absence of a provision by the Board or a provision in the rules of the committee to the contrary, a majority of the members of such committee entitled to vote shall constitute a quorum for the transaction of business, the vote of a majority of the members entitled to vote present at a meeting at the time of such vote if a quorum is then present or the unanimous written consent of all members thereof entitled to vote shall be the act of such committee, and any one or more members of such committee may participate in a meeting of such committee by means of a conference telephone or similar communications equipment allowing all persons participating in the meeting to hear each other at the same time and participation by such means shall constitute presence in person at such meeting.

ARTICLE V
INDEMNIFICATION

5.1 Standing Indemnification. Except to the extent expressly prohibited by the New York Not For Profit Corporation Law:

(a) The Corporation shall promptly indemnify each person who is a present or former Director, Honorary Director or Officer of the Corporation or member of a committee established pursuant to *Article IV* who is made, or is threatened to be made, a party to any action or proceeding, whether civil or criminal or whether brought by or in the right of the Corporation, or who is a subject of a government investigation, by reason of the fact that such person (i) is or was a Director, Honorary Director, Officer of the Corporation or committee member or (ii) in the case of a present or former Director, Honorary Director, or Officer of the Corporation, serves or served, at the request of the Corporation, as a director, officer, partner, director, employee or agent (or in a like capacity) of another corporation, partnership, joint venture, trust, employee benefit plan or enterprise, against judgments, fines, amounts paid in settlement and expenses, including attorneys' fees, reasonably incurred in connection with such action or proceeding, or any appeal therein, or government investigation, except where a judgment or other final adjudication adverse to such person establishes that his or her acts were committed in bad faith or were the result of active and deliberate dishonesty and were material to the cause of action so adjudicated, or that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled;

(b) The Corporation shall advance or promptly reimburse upon request of a person referred to in *Section 5.1(a)* all expenses, including attorneys' fees, reasonably incurred by such person in connection with any action, proceeding or government investigation of the kind referred to in *Section 5.1(a)* in advance of the final disposition thereof, upon receipt, should the Board so require, of an undertaking by or on behalf of such person (i) to repay the entire amount thereof if such person is ultimately found not to be entitled to indemnification under this *Article V* or otherwise, or (ii) where indemnification is granted, to repay the amount by which the expenses so advanced or reimbursed exceed the amount to which such person is entitled; *provided, however*, that such person shall cooperate

in good faith with any request of the Corporation that common counsel be used by parties to any action, proceeding or government investigation who are similarly situated unless to do so would be inappropriate because of actual or potential differing interests between such parties; and

(c) The Corporation may purchase and maintain insurance on behalf of any person described in *Section 5.1(a)* against any liability asserted against him or her, whether or not the Corporation would have the power to indemnify him or her against such liability under the provision of this Article or otherwise.

5.2 Indemnification by Resolution or Agreement. The Corporation, by a resolution of the Board or the Executive Committee, or by an agreement approved by the Board or Executive Committee, may, to the fullest extent permitted by applicable law, indemnify and advance or reimburse expenses to any person, including a person entitled to indemnification pursuant to *Section 5.1(a)*, but nothing herein shall limit or affect the rights of any such person under *Section 5.1*.

5.3 Application. A person for whom indemnification or the advancement or reimbursement of expenses is provided under this *Article V* may elect to have the provisions of this Article interpreted on the basis of the applicable law in effect: (a) at the time of the occurrence of the event or events giving rise to the action, proceeding or government investigation, to the extent permitted by law, or (b) at the time indemnification or advancement or reimbursement of expenses is provided or sought.

5.4 Enforcement.

(a) The right to be indemnified or to the advancement or reimbursement of expenses pursuant to *Section 5.1* or a resolution authorized pursuant to *Section 5.2*:

(i) is a contract right pursuant to which the person entitled thereto may bring suit as if the provisions hereof or of any such resolution were set forth in a separate written contract between the Corporation and such person; and

(ii) shall continue to exist after any rescission or restrictive modification hereof or of any such resolution with respect to events occurring prior thereto.

(b) If a request to be indemnified or for the advancement or reimbursement of expenses pursuant to *Section 5.1* or a resolution or agreement authorized by *Section 5.2* is not paid in full by the Corporation within 30 days after a written claim has been received by an Officer of the Corporation therefor and the claimant thereafter brings suit against the Corporation to recover the unpaid amount of the claim which is successful in whole or in part, the Corporation shall be obligated to pay the claimant the expenses, including reasonable attorneys' fees, of prosecuting such claim.

5.5 General.

(a) The indemnification or advancement or reimbursement of expenses granted pursuant to or provided by the provisions of this *Article V* shall: (i) be in addition to and shall not be exclusive of any other rights to indemnification and advancement or

reimbursement of expenses to which such person may otherwise be entitled by law, certificate of incorporation, insurance policy, contract or otherwise, and (ii) not include any professional malpractice liabilities or related expenses incurred by a member of the medical and dental or professional staff of the Hospital Corporations that result from the delivery of health care by such person. Nothing in this *Article IX* shall be deemed a waiver of any rights that the Corporation, any Director or other volunteer may have under the Volunteer Protection Act of 1997.

(b) For purposes of this *Article V*, the terms: (i) "the Corporation" shall include any legal successor to the Corporation, including any corporation or other entity which acquires all or substantially all of the assets of the Corporation in one or more transactions, (ii) "person" shall include the personal representative, testator or intestate of a person, (iii) "Officer of the Corporation" shall include persons who are elected by the Board as officers of the Corporation and (iv) service "at the request of the Corporation" shall include serving: (A) any other corporation or other entity that may be specified by resolution of the Board or its Executive Committee, (B) any corporation, partnership, joint venture, trust or other enterprise of which fifty (50%) percent or more of the voting power or economic interest is held, directly or indirectly, by the Corporation, or (C) any employee benefit plan of the Corporation or of any entity referred to in clauses (A) or (B), and (D) "fines" shall, without limitation, include any penalties, taxes, assessments or similar required payments related to violations of the Federal Insurance Contributions Act.

(c) If any provision of this *Article V* shall be found to be invalid or limited in application by reason of any law or regulation, it shall not affect the validity of the remaining provisions hereof.

## ARTICLE VI
## DEPOSITS, CHECKS, LOANS AND CONTRACTS

6.1 Deposits of Funds. All funds of the Corporation not otherwise employed shall be deposited in such banks, trust companies or other depositories as the Board may from time to time determine.

6.2 Checks. All checks, drafts, endorsements, notes and evidences of indebtedness of the Corporation shall be signed by such officer or officers or agent or agents of the Corporation and in such manner as the Board may from time to time determine. Endorsements for deposits to the credit of the Corporation shall be made in such manner as the Board may from time to time determine.

6.3 Contracts. No contracts may be entered into on behalf of the Corporation unless and except as authorized by the Board; and any such authorization may be general or confined to specific instances.

## ARTICLE VII
## COMPLIANCE WITH LAW; CONFLICT OF INTEREST

7.1 Compliance with the Law and Adherence to Ethical Conduct. The Corporation shall comply with the law and conduct itself ethically. The President shall be responsible to encourage an

environment of respect for and compliance with the law and ethical conduct. The Executive Committee shall recommend the appointment of a Corporation Compliance Officer and shall oversee a Corporation Compliance Program. The Compliance Officer shall report directly to the Executive Committee and to the Board.

7.2 Conflict of Interest. The Corporation shall adhere to and communicate to appropriate parties the conflict of interest rules as defined by law, including Section 715 of the NPCL, entitled "Interested Directors and Officers," as may be amended from time to time, which is made part hereof.

(a) Directors, officers and all staff members of the Corporation who make decisions as to purchases on behalf of the Corporation shall be required to file a conflict of interest statement approved by the Compliance Officer and the Corporation's auditors. That statement shall be reviewed by the Compliance Officer who shall make a report to the Executive Committee and Corporation's auditors disclosing any conflict of interest. Those persons who are required to complete a form shall be required to promptly inform the Compliance Officer of any conflict that arises during the course of the year.

(b) The Compliance Officer shall include information as to identification, avoidance and disclosure of conflicts of the interest in staff education as part of the Corporation's compliance program.

(c) Any contract or other transaction between the Corporation and one or more of its Directors or officers or between the Corporation and any other corporation, firm, association, or other entity in which one or more of its Directors or officers are directors, trustees or officers, or in which one or more of its Directors or officers have a substantial financial interest, may be declared void or voidable by the Board, unless all of the following conditions are met, which conditions shall be complied with by the Corporation's Directors and officers in connection with the performance of their duties:

(i) The relevant and material facts as to such Director's or officer's interest in such contract or transaction and as to any common directorship, officership or financial interest are disclosed by such Director or officer to the Board in good faith in advance, and such facts are reflected in the minutes of the Board meeting;

(ii) The interested Director or officer has, in the judgment of the Board, fully met the burden of proof that the contract or transaction is fair and reasonable to the Corporation at the time such contract is authorized, and such determination is reflected in the minutes of the Board meeting;

(iii) The Board authorized such contract or transaction by a vote of the majority of the Directors present at a meeting at which a quorum is present, and the interested Director or officer is not counted in determining the presence of a quorum and in determining the vote; and

(iv) The interested Director or officer may make a presentation at the Board meeting, but after such a presentation, the interested Director or officer shall

leave the meeting during the discussion of and the vote on the transaction or arrangement.

ARTICLE VIII
BOOKS

There shall be kept at an office of the Corporation correct books of account of the activities and transactions of the Corporation. The Corporation's minute book, which shall contain a copy of the certificate of incorporation, a copy of these Bylaws, and all minutes of meetings of the Board and the Executive Committee, shall be kept at an office of the Corporation or at the office of the Corporation's counsel, as determined by the Board.

ARTICLE IX
FISCAL YEAR

The fiscal year of the Corporation shall be determined by the Board.

ARTICLE X
AMENDMENTS

These Bylaws may be altered, amended or repealed solely by a majority vote of the Board at a meeting called upon notice for such purpose at which there is a quorum present, except for an amendment of the type described in clause (e) of *Section 2.14*, where a two-thirds vote of the entire Board is required.

ARTICLE XI
ADOPTION OF BYLAWS AND PERIODIC REVIEW

These Bylaws shall be reviewed at least annually by the Chairperson or by his or her designee and be revised as necessary in accordance with the provisions of *Article X* of these Bylaws. The date of each review shall be recorded upon completion.