# Exhibit 56

K&L GATES LLP
Walter P. Loughlin (WL 4760)
Justin Roeber (JR 9100)
599 Lexington Avenue
New York, NY 10022
Telephone: 212-536-3900
Fax: 212-536-3901

*Attorneys for Defendants*
*Brooklyn-Queens Health Care, Inc.*
*and Wyckoff Heights Medical Center*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROSS UNIVERSITY SCHOOL OF )
MEDICINE, LTD., )
 )
                              Plaintiff, )
 )
                -against- )
 )
BROOKLYN-QUEENS HEALTH CARE, )
INC. and WYCKOFF HEIGHTS MEDICAL )
CENTER, )
 )
                             Defendants. )
 )
------------------------------------------------------------x

09 Civ. 1410 (KAM) (RLM)

**DEFENDANT WYCKOFF HEIGHTS MEDICAL CENTER'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant Wyckoff Heights Medical Center ("Wyckoff" or "Defendant"), by its attorneys K&L Gates LLP, hereby objects and responds pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of New York ("Local Rules"), including but not limited to Local Civil Rule 26.3, to Plaintiff Ross University School of Medicine ("Ross")'s Second Set of Interrogatories to Defendants (the "Interrogatories") as set forth below and on the grounds specified herein.

## GENERAL OBJECTIONS

1. Defendant incorporates by reference the general responses and objections set forth in Defendant Wyckoff's March 10, 2010 Responses and Objections to Plaintiff's First Set of Interrogatories, as if fully set forth herein.

2. Defendant further objects to the Interrogatories to the extent that they require Defendant to predict future events that are subject to change. Information regarding future clerkship availability is dependent on a variety of unpredictable and unforeseeable economic, business, and political factors. Defendant's answers that relate to future events are good faith estimates that cannot be made with any degree of certainty, and they are subject to continued revision in accordance with ongoing events.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to and without waiving the foregoing General Objections, Defendant hereby specifically responds and objects to the Interrogatories as follows:

**Interrogatory No. 1**: State separately for each year from 2012 through 2020:

(a) the maximum number of medical students for whom Wyckoff has the capacity to provide clinical clerkships at any one time;

(b) the number of the clinical clerkships identified in response to Interrogatory 1(a) that are core rotations;

(c) the number of the clinical clerkships identified in response to Interrogatory 1(a) that are elective rotations;

(d) the number of clinical clerkships that Wyckoff has committed by contract to provide to medical schools other than Ross;

(e) the number of clinical clerkships identified in response to Interrogatory 1(d) for which Wyckoff has already received prepayment from the medical school to whom Wyckoff committed those clinical clerkships; and

(f) the number of clinical clerkships identified in response to Interrogatory 1(d) that were committed to a medical school in a contract entered into by Wyckoff and/or BQHC after the complaint in this action was served on defendants.

**Answer**: Defendant objects on the ground that this Interrogatory is vague, ambiguous, and requests information that is irrelevant. Defendant further objects to the extent that this Interrogatory requires Defendant to predict future events that are subject to change. Defendant's answers are good faith estimates that cannot be made with any degree of certainty, and they are subject to continued revision in accordance with ongoing events. Subject to and without waiving the foregoing and all general objections set forth above, Defendant responds to each subpart individually, as follows:

(a) The current maximum number of medical students for whom Wyckoff has the capacity to provide clinical clerkships at any one time is 406. If current business, political, and economic conditions remain unchanged, the maximum number of medical students for whom Wyckoff has the capacity to provide clinical clerkships at any one time will remain 406 through the year 2020.

(b) The number of clinical clerkships identified in response to Interrogatory 1(a) that are core rotations is 318. If current business, political, and economic conditions remain unchanged, the number of clinical clerkships identified in response to Interrogatory 1(a) that are core rotations will remain 318 through the year 2020.

3

(c) The number of clinical clerkships identified in response to Interrogatory 1(a) that are elective rotations is 88. If current business, political, and economic conditions remain unchanged, the number of clinical clerkships identified in response to Interrogatory 1(a) that are elective rotations will remain 88 through the year 2020.

(d) The current number of clinical clerkships that Wyckoff has committed by contract to provide to medical schools other than Ross is 206. This number consists only of core clerkships because elective clerkships are not reserved for students of any particular medical school. Of the 206 clerkships currently committed by contract to other medical schools: 72 of those 206 clerkships are committed by contract to other medical schools only through the year 2013; an additional 99 of those 206 clerkships are committed by contract to other medical schools through the year 2020; and the remaining 35 of those 206 clerkships are subject to ongoing contractual relationships renewable annually.

(e) Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this case, is not reasonably calculated to lead to the discovery of admissible evidence, and falls outside the scope of permissible discovery pursuant to the Court's May 10, 2011 instructions. The availability of, or capacity for, medical clerkship slots at Wyckoff is not impacted by the manner in which Wyckoff and individual medical schools have chosen to finance their contractual relationships. Such payment arrangements are not relevant to Ross' claim for specific performance in this litigation.

(f) Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this case, is not reasonably calculated to lead to the discovery of admissible evidence, and falls outside the scope of permissible discovery pursuant to the Court's May 10, 2011 instructions. The availability of, or capacity for, medical

4

clerkship slots at Wyckoff is not impacted by the date on which such clerkships became contractually committed to other medical schools. The dates on which such contracts were entered into are not relevant to Ross' claim for specific performance in this litigation.

**Interrogatory No. 2**: State separately for 2010 and 2011 the maximum number of medical students to whom Wyckoff provided clinical clerkships in each year.

**Answer**: Defendant objects on the ground that this Interrogatory is vague, ambiguous, and requests information that is irrelevant. Subject to and without waiving the foregoing and all general objections set forth above, Defendant states that Wyckoff provided 406 clinical clerkships to medical students in 2010 and expects that it will provide 406 clinical clerkships to medical students in 2011.

Dated: New York, New York
May 24, 2011

K&L GATES LLP

By: _____
Walter P. Loughlin (WL 4760)
Justin Roeber (JR 9100)
599 Lexington Avenue
New York, NY 10022
Telephone: 212-536-3900
Fax: 212-536-3901

5

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF KINGS )

I, Julius Romero, being duly sworn, do hereby verify that I have read the foregoing **RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT** and that the information contained in the responses is true and complete to the best of my knowledge, information and belief.

Dated: Brooklyn, New York
May 23, 2011

WYCKOFF HEIGHTS MEDICAL CENTER

By: _____

Title: Associate Vice President, Medical Education

Sworn to be fore me
This 24 day of May 2011

_____
Notary Public

DAVID N. HOFFMAN
NOTARY PUBLIC, State of New York
No. 02HO5025072
Qualified in New York County
Commission Expires 5/13/14

6