# Exhibit 59

GREENBERG TRAURIG LLP
Ronald D. Lefton (RL 2666)
Serena Boscia Montalbano (SB 2009)
Metlife Building
200 Park Avenue
New York, NY 10166
Telephone: 212-801-9200
Fax: 212-801-6400

*Attorneys for Defendants*
*Brooklyn-Queens Health Care, Inc.*
*and Wyckoff Heights Medical Center*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROSS UNIVERSITY SCHOOL OF )
MEDICINE, LTD., )
 )
 ) 09 Civ. 1410 (KAM) (RLM)
 Plaintiff, )
 ) **ANSWER TO SECOND**
 -against- ) **AMENDED COMPLAINT**
 )
BROOKLYN-QUEENS HEALTH CARE, )
INC. and WYCKOFF HEIGHTS MEDICAL )
CENTER, )
 )
 Defendants. )
 )
------------------------------------------------------------x

        Defendants Brooklyn-Queens Health Care, Inc. ("BQHC") and Wyckoff Heights Medical Center ("Wyckoff") (collectively the "Defendants"), by their undersigned attorneys, GREENBERG TRAURIG, LLP, as and for their Answer to the Second Amended Complaint dated September 22, 2009 (the "Second Amended Complaint"), allege as follows:

        1.     Paragraph 1 of the Second Amended Complaint is a conclusion of law that does not call for an admission or denial, but to the extent any response is required, Defendants deny all such allegations.

        2.     To the extent that Paragraph 2 of the Second Amended Complaint makes factual allegations, Defendants deny all such allegations except admit that Plaintiff relies upon an

alleged contract that purported to provide clinical clerkships at two Queens hospitals owned and operated by a New York corporation which is not a party to this action and which is in bankruptcy proceedings under chapter 11 of the United States Bankruptcy Code, and that both of the subject hospitals are closed and out of business.

3. Defendants deny the allegations contained in Paragraph 3 of the Second Amended Complaint, except admit that BQHC is a New York not-for-profit corporation and the sole corporate member of Wyckoff and Caritas Health Care, Inc. ("Caritas"), and, as such, it elects the Trustees of both the Wyckoff and Caritas corporations, but neither operates nor controls said entities.

4. Defendants deny the allegations contained in Paragraph 4 of the Second Amended Complaint except admit that BQHC does not have the authority to force Wyckoff to accommodate Ross' students.

5. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Second Amended Complaint.

6. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Second Amended Complaint.

7. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Second Amended Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Second Amended Complaint except admit that BQHC is a not-for-profit corporation existing under and by virtue of the laws of the State of New York.

9. Defendants deny the allegations contained in Paragraph 9 of the Second Amended Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Second Amended Complaint except admit that Defendant BQHC is the sole corporate member of Caritas and that Caritas was the owner and, in accordance with the New York State Health Law and all applicable regulations, Caritas was the exclusive operator of the two Queens hospitals, St. John's Queens Medical Center and Mary Immaculate Hospital, before their closure.

11. Defendants deny the allegations contained in Paragraph 11 of the Second Amended Complaint except admit that Defendant BQHC is the sole corporate member of Wyckoff.

12. Defendants admit the allegations contained in Paragraph 12 of the Second Amended Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Second Amended Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Second Amended Complaint except admit that certain members of the Board of Trustees of Wyckoff are also members of the Board of Trustees of BQHC.

15. Defendants admit the allegations contained in Paragraph 15 of the Second Amended Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of the Second Amended Complaint.

17. Paragraph 17 of the Second Amended Complaint is a conclusion of law that does not call for an admission or denial.

18. Defendants admit the allegations contained in Paragraph 18 of the Second Amended Complaint as to venue under 28 U.S.C. § 1391(a)(1). Defendants further admit that a

provision of the agreement on which Plaintiff relies requires that any litigation between certain of the parties be conducted in Brooklyn.

19. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Second Amended Complaint.

20. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Second Amended Complaint.

21. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Second Amended Complaint.

22. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Second Amended Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Second Amended Complaint.

24. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Second Amended Complaint, except admit that, under the contract on which Ross relies, Ross prepaid certain amounts to Caritas for the clerkship slots.

25. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Second Amended Complaint.

26. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Second Amended Complaint.

27. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Second Amended Complaint.

28. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Second Amended Complaint.

29. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Second Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Second Amended Complaint.

31. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Second Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Second Amended Complaint.

33. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Second Amended Complaint.

34. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Second Amended Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Second Amended Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Second Amended Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Second Amended Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Second Amended Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Second Amended Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Second Amended Complaint, which characterize a provision of the agreement on which Plaintiff relies and refers the Court to the entire alleged agreement as amended for a complete statement of its terms and conditions.

42. Defendants deny the allegations contained in Paragraph 42 of the Second Amended Complaint, which characterize a provision of the agreement on which Plaintiff relies and refers the Court to the entire alleged agreement as amended for a complete statement of its terms and conditions.

43. Defendants deny the allegations contained in Paragraph 43 of the Second Amended Complaint, which characterize a provision of the agreement on which Plaintiff relies and refers the Court to the entire alleged agreement as amended for a complete statement of its terms and conditions.

44. Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Second Amended Complaint except admit that Caritas announced the closing of St. John's Queens Medical Center and Mary Immaculate Hospital.

46. Defendants admit the allegations contained in Paragraph 46 of the Second Amended Complaint.

47. Defendants admit the allegations contained in Paragraph 47 of the Second Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Second Amended Complaint except admit that Wyckoff provided some clerkships for some Ross students.

49. Defendants deny the allegations contained in Paragraph 49 of the Second Amended Complaint.

50. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Second Amended Complaint.

51. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Second Amended Complaint.

52. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Second Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Second Amended Complaint.

54. Answering Paragraph 54 of the Second Amended Complaint, Defendants repeat and reallege their responses to each and every allegation contained in paragraphs 1 through 53.

55. Defendants deny the allegations contained in Paragraph 55 of the Second Amended Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Second Amended Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Second Amended Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Second Amended Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Second Amended Complaint.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Second Amended Complaint.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Second Amended Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Second Amended Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Second Amended Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Second Amended Complaint.

65. Answering Paragraph 65 of the Second Amended Complaint, Defendants repeat and reallege their responses to each and every allegation contained in Paragraphs 1 through 64.

66. Defendants deny the allegations contained in Paragraph 66 of the Second Amended Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Second Amended Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Second Amended Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Second Amended Complaint except admit that BQHC has few assets.

70. Defendants deny the allegations contained in Paragraph 70 of the Second Amended Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Second Amended Complaint except admit that certain members of the Board of Trustees of Wyckoff are also members of the Board of Trustees of BQHC.

72. Defendants admit the allegations contained in Paragraph 72 of the Second Amended Complaint except state that BQHC had unpaid officers and trustees.

73. Defendants deny the allegations contained in Paragraph 73 of the Second Amended Complaint except admit that BQHC facilitated the operation of a central business office and IT system cooperatively with Wyckoff and Caritas.

74. Defendants deny the allegations contained in Paragraph 74 of the Second Amended Complaint except admit that at the time of its creation BQHC listed its address for service of process, and business address, as 374 Stockholm Street, Brooklyn, New York.

75. Defendants admit the allegations contained in Paragraph 75 of the Second Amended Complaint except state that Harold MacDonald was also an officer of Caritas during the relevant time period and acted in that capacity with respect to the alleged agreement with Ross.

76. Defendants admit the allegations contained in Paragraph 76 of the Second Amended Complaint except deny that at the time of the December 2007 amendment Paul Goldberg was Chief Financial Officer of Wyckoff and deny that the December 2007 amendment was executed by anyone in their capacity as a representative of Wyckoff.

Case 1:09-cv-01410-KAM-RLM Document 29 Filed 10/06/09 Page 10 of 12 PageID #: 206

77. Defendants admit the allegations contained in Paragraph 77 of the Second Amended Complaint except deny that at the time of the Second Amendment to the Affiliation Agreement Thomas Singleton was Chief Executive Officer of Wyckoff and deny that the Second Amendment to the Affiliation Agreement was executed by anyone in their capacity as a representative of Wyckoff.

78. Defendants deny the allegations contained in Paragraph 78 of the Second Amended Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Second Amended Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Second Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

81. The Second Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

82. The Second Amended Complaint fails to join a necessary and indispensable party, i.e. Caritas Health Care, Inc.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

83. The allegations in the Second Amended Complaint are not sufficient to pierce the corporate veil as to Defendant Wyckoff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

84. The Second Amended Complaint is barred by the doctrine of impossibility.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

85. The Agreement upon which Plaintiff relies is unenforceable by reasons of the doctrine of ultra vires in connection with Defendant BQHC as an entity and the individuals who signed the alleged agreement and amendments.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

86. The Second Amended Complaint is barred on the ground that Defendant BQHC acted as agent for a disclosed principal, Caritas.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

87. The Second Amended Complaint is barred on the ground that Defendant BQHC lacked the authority to enter into the alleged Agreement.

## AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

88. The Second Amended Complaint is barred by the doctrine of mutual mistake.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

89. The Second Amended Complaint is barred as contrary to public policy.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

90. Plaintiff has failed to mitigate its alleged damages.

## AS AN FOR AN ELEVENTH AFFIRMATIVE DEFENSE

91. The relief requested is barred by statute and government regulations.

## AS AN FOR A TWELFTH AFFIRMATIVE DEFENSE

92. The Second Amended Complaint fails for lack of consideration.

93. Defendants reserve the right to add, amend or withdraw their affirmative defenses as further investigation or discovery so dictates.

WHEREFORE, Defendants respectfully request that the Court dismiss the Second Amended Complaint with prejudice, together with awarding to Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
      October 6, 2009

                                      GREENBERG TRAURIG, LLP

                                      By: /S/ Ronald D. Lefton
                                          Ronald D. Lefton (RL 2666)
                                          Serena Boscia Montalbano (SB 2009)
                                      200 Park Avenue
                                      New York, New York 10166
                                      Telephone: (212) 801-9200
                                      Facsimile: (212) 801-6400
                                      leftonr@gtlaw.com
                                      bosciamontalbanos@gtlaw.com
                                      *Attorneys for Defendants*
                                      *Brooklyn-Queens Health Care, Inc. and Wyckoff Heights Medical Center*