# APPENDIX 47

U9/R5/2008 10:50 FAX                    PROSKAUER ROSE LLP              To:212 396 1136       P.1/4
                                                                                              @002/005

## *EMPLOYMENT AGREEMENT*

This Employment Agreement (this "Agreement") is made effective as of January 4, 2007 by and between and Brooklyn-Queens Health Care, Inc., ("System"), Caritas Health Care, Inc., of 374 Stockholm Street, Brooklyn, New York 11237 and EDWARD J. DOWLING JR.., ("Employee"), of 24 Sunbeam Road, Syosset, New York 11791.

The parties agree as follows:

1. EMPLOYMENT. System shall employ Employee as Senior Vice President for Strategic Planning and Business Development to manage on a day to day basis centralized corporate services provided throughout the System's member organizations, to include Planning and Program Development, New Business Development, and System Operational Improvements as may be from time to time assigned, and other assignments as may be from time to time assigned. In close consultation with, and prior approval of, the President and the Executive Vice-President of the System, employee shall (1) recruit, evaluate and terminate employees; (2) recommend compensation and benefits for such employees within the framework of an annual budgets and union agreements approved by the System, and (3) establish the work assignments and time and attendance requirements for each employee. Within his scope of employment, Employee shall execute treasury functions and execute agreements on behalf of System within annual budgets approved by the System, except that capital financing and capital acquisitions in excess of $25,000.00 shall require the approval of the President or Executive Vice President. Employee shall execute agreements on behalf of the System with respect to purchasing, maintenance, and management agreements except for agreements in excess of $25,000.00 which shall require the approval of the President or Executive Vice President. All other agreements shall require the approval of the President or Executive Vice President.

2. COMPENSATION OF EMPLOYEE. As base salary compensation for the services provided by Employee under this Agreement, System will pay Employee an annual base salary of $375,000.00 in the first year and $394,000.00 in the second year and $414,000.00 in the third year payable in biweekly installments.

3. DEFERRED COMPENSATION As additional compensation, company agrees to pay Employee deferred compensation, and Employee agrees to defer compensation in the amount of eighteen percent (18%) of base salary compensation, such deferred compensation to be provided as consistent with Internal Revenue Service rules and regulations and other Federal and state statutes governing "non-qualified" deferred compensation plans. Employee and System agree that such compensation may not be used by Employee to collateralize any loan or obligation of Employee and Employer will not provide any loan or advance on such deferred compensation and any such deferred compensation, if funded by Employer, shall remain an asset of the System available to general creditors of the System. Employer and Employee further agree that any deferred compensation shall not be paid prior to retirement or termination of employee from the System.

BQHC 03947

3. **LEAVE DAYS.** Employee shall be entitled to vacation, sick days and personal leave days as per Company's policies. Except for absences due to illness or family emergency, such days must be taken at a time mutually convenient to System and Employee, and must be approved by System.

4. **OTHER BENEFITS.** Employee shall be entitled to insurance and other benefits, in accordance with the System's applicable policies, and applicable state law. These benefits shall include health insurance, disability insurance, life insurance and 403(b) retirement plan as such benefits are provided in accordance with System policies in effect from time to time. Employee shall be able to participate in System's pension plan in accordance with the plan's terms and the requirements of law.

5. **OUTSIDE EMPLOYMENT.** Employee shall not engage in outside employment without the approval of the System.

6. **CONFIDENTIALITY.** Employee recognizes that System has and will have information regarding prices, costs, future plans, business affairs, processes, trade secrets and other vital information (collectively, "Information") which are valuable, special and unique assets of System. Employee agrees that the Employee will not at any time or in any manner, neither directly nor indirectly, divulge, disclose, or communicate in any manner any Information to any third party without the prior written consent of the System. Employee will protect the Information and treat it as strictly confidential. A violation by Employee of this paragraph shall be a material violation of this Agreement and will justify legal and/or equitable relief.

7. **UNAUTHORIZED DISCLOSURE OF INFORMATION.** If it appears that Employee has disclosed (or has threatened to disclose) Information in violation of this Agreement, System shall be entitled to an injunction to restrain Employee from disclosing, in whole or in part, such Information, or from providing any services to any party to whom such Information has been disclosed or may be disclosed. System shall not be prohibited by this provision from pursuing other remedies, including a claim for losses and damages.

8. **CONFIDENTIALITY AFTER TERMINATION OF EMPLOYMENT.** The confidentiality provisions of this Agreement shall remain in full force and effect for a 2 year period after the termination of Employee's employment.

9. **TERM/TERMINATION.** Employee's employment under this Agreement shall be for three (3) years, beginning on February 5, 2007. This agreement may be terminated at any time by the mutual consent of employer and employee. This Agreement may be terminated with cause by System at any time by giving the Employee at least thirty (30) days prior written notice. A termination is for cause if it is the result of commission of a felony by Employee, gross negligence or abandonment by Employee in rendering of services hereunder. Employee shall be entitled payment for deferred compensation proportionate to the term of service completed, accruals of all compensated absence days, vacation days and personal days and holidays to be paid upon termination or to be paid on a mutually agreed upon written schedule of payments. Upon termination of this Agreement without cause after January 1, 2009, or upon the completion of this Agreement without extension, Employee shall also be paid severance payments

Page 2

BQHC 03948

09/29/2008 10:50 FAX                    PROSKAUER ROSE LLP                              ☒004/005

. equivalent to twelve (12) months base salary, to be paid in twelve (12) monthly installments, or upon an alternate schedule agreed upon in writing by System and Employee.

10. TERMINATION FOR DEATH AND DISABILITY. System shall have the option to terminate this Agreement if Employee becomes permanently disabled and is no longer able to perform the essential functions of the position with reasonable accommodation. System shall exercise this option by giving 60 days written notice to Employee. In the event of Employee's demise during the term of this agreement, all payments otherwise due employee upon termination without cause by System shall be due to the spouse, children or estate of Employee.

11. ASSIGNMENT AND CHANGE IN CONTROL. This agreement may not be assigned without the written approval of both parties.

12. NOTICES. All notices required or permitted under this Agreement shall be in writing and shall be deemed delivered when delivered in person or deposited in the United States mail, postage paid, addressed as follows:

    System:

    Brooklyn Queens Health Care, Inc
    374 Stockholm Street
    Brooklyn, New York 11237

    With a copy to:

    Caritas Health Care, Inc.
    374 Stockholm Street
    Brooklyn, New York 11237

    Employee:

    Edward J. Dowling Jr.
    24 Sunbeam Road
    Syosset, New York 11791

Such addresses may be changed from time to time by the parties by providing written notice in the manner set forth above.

13. ENTIRE AGREEMENT. This Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties.

14. AMENDMENT. This Agreement may be modified or amended, if the amendment is made in writing and is signed by both parties.

Page 3

BQHC 03949

09/23/2008 10:51 FAX                          PROSKAUER ROSE LLP                          @005/005

15. SEVERABILITY. If any provisions of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited. In the event that any provision of compensation or termination is deemed invalid or unenforceable, both parties agree to use best efforts to modify this agreement to preserve the economic value and intent of such provision.

16. WAIVER OF CONTRACTUAL RIGHT. The failure of either party to enforce any provision of this Agreement shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

17. AFFILIATED COMPANIES OBLIGATION This agreement is a joint and several obligation of Brooklyn-Queens Health Care, Inc., and Caritas Health Care, Inc.

18. APPLICABLE LAW. This Agreement shall be governed by the laws of the State of New York.

AGREED TO AND ACCEPTED:

BROOKLYN QUEENS HEALTH CARE, INC

By: _____
Title: _____

CARITAS HEALTH CARE, INC.

By: _____
Title: _____

EMPLOYEE

By: _____
Edward J. Dowling Jr.

Page 4

BQHC 03950