Walter P. Loughlin
Brian D. Koosed
Justin H. Roeber
K&L GATES LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900
Facsimile: (212) 536-3901

*Attorneys for Defendants Brooklyn-Queens Health Care, Inc. and Wyckoff Heights Medical Center*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROSS UNIVERSITY SCHOOL OF MEDICINE, LTD.,

                Plaintiff,

    - against -                             09 Civ. 1410 (KAM) (RLM)

BROOKLYN-QUEENS HEALTH CARE, INC. and
WYCKOFF HEIGHTS MEDICAL CENTER,

                Defendants.

------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS

Defendants Brooklyn-Queens Health Care, Inc. ("BQHC") and Wyckoff Heights Medical Center ("Wyckoff") (together, "Defendants") respectfully submit this memorandum of law in opposition to the motion by Plaintiff Ross University School of Medicine, Ltd. ("Ross") to strike portions of Defendants' Local Rule 56.1 Statement of Undisputed Facts, dated December 2, 2011 ("Def'ts' 56.1 Statement"). As set forth below, Ross cannot meet the "heavy burden" required for striking portions of Defendants' 56.1 Statement. *See Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. 05-CV-776 (DRH)(AKT), 2007 WL 2728898, at *1 (E.D.N.Y. Sept. 14, 2007). Accordingly, Ross's motion (the "Motion to Strike") should be denied and Defendants' 56.1 Statement should stand.

## I.   Legal Standard

While the decision to grant or deny a motion to strike "is vested in the trial court's sound discretion," courts "generally disfavor motions to strike." *Pharmacy, Inc.*, 2007 WL 2728898, at *1. Ross thus "bears a heavy burden" to justify its requested relief here. *Id.* As set forth below, Ross cannot meet that burden, particularly because its Motion to Strike asks this Court to ignore the general rule that, when resolving such motions, courts should use "a scalpel, not a butcher knife." *Id.* at *1. In other words, courts will exercise their discretion to preserve those portions of a submission that remain admissible, and "strike only those portions that are improper." *Id.* Here, Ross's Motion to Strike makes several arguments, none of which holds water.

## II.   Defendants' 56.1 Statement Does Not Include Improper Legal Argument

Initially, Ross's Motion to Strike should be denied because, contrary to Ross's claims, Defendants' 56.1 Statement does not contain improper legal argument.

First, Ross argues that paragraphs 3-11 of Defendants' 56.1 Statement should be stricken because those paragraphs "merely quote[]" from pertinent provisions of New York's Public Health Law. Motion to Strike, p. 3. Ross's argument on this point, like its Motion to Strike in

- 1 -

general, is flawed and specious. Quoting material portions of an applicable statutory provision does not amount to legal argument and, in any event, this Court may properly take judicial notice of the applicable laws relevant to Defendants' hospital operations. *See Wendel v. New York*, 500 F. Supp. 2d 172, 174 n.1 (E.D.N.Y. 2007) (noting that courts may "take[] judicial notice of . . . New York State statutes"); *see also Frith v. Hill*, No. 07-CV-5899 (JSR), 2009 WL 3073716, at *16 n.10 (S.D.N.Y. Sept. 23, 2009) (noting that "the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority" are "a proper subject of judicial notice under Fed. R. Evid. 201(b)") (citation omitted); *Castellano v. Bd. of Trustees of the Police Officers' Variable Supplements Fund*, 937 F.2d 752, 754 (2d Cir. 1991) (taking judicial notice of "all pertinent statutory material"). Here, paragraphs 3-11 of Defendants' 56.1 Statement merely describe, in broad strokes, the regulatory scheme applicable to BQHC and Wyckoff under Article 28 of New York's Public Health Law, in order to put the relationship between BQHC and Wyckoff and their respective operations into context. Because such context is entirely appropriate – and; in fact, crucial to understanding the balance of Defendants' 56.1 Statement – Ross's Motion to Strike should be denied, particularly when the Court may properly take judicial notice of the applicable regulatory scheme in any event.

Second, Ross argues that paragraphs 48-51, 55-56, and 62 of Defendants' 56.1 Statement should be stricken because they amount to "thinly-veiled legal argument." *See* Motion to Strike, p. 4. The content of the referenced paragraphs does not support Ross's position, however. For example, paragraph 55 of Defendants' 56.1 Statement reads, in its entirety: "Further, each of Wyckoff and Caritas kept detailed records of any financial obligations due to or from the other entity from January 2007 forward." Defendants' 56.1 Statement, ¶ 55. Nothing in this paragraph is argumentative or may reasonably be considered legal argument, particularly

because Defendants' statement is supported by the very financial records referenced. Id. (citing Wyckoff accounting records). Similarly, paragraph 56 states that "Wyckoff and Caritas maintained separate payrolls to ensure that one entity was not assuming the financial obligations of the other," and cites to relevant deposition transcripts and Wyckoff documents that directly support that factual statement. Defendants' 56.1 Statement, ¶ 56. Ross nowhere explains how or why these paragraphs may be considered anything but statements of fact.

Third, Ross argues that paragraphs 48-51 should be stricken because they are based on conclusory affidavits from Defendants' Board members who cannot "establish[ ] the evidentiary foundation required to testify to the broad conclusions set forth" in those paragraphs. Motion to Strike, p. 4. Again, however, Ross fails to explain the basis for its position. For example, Paragraph 49 states that "the Boards of Wyckoff, Caritas, and BQHC at all times acted independently of one another." Defendants' 56.1 Statement, ¶ 49. This statement is supported by sworn affidavits from the very Board members who served on the relevant Boards during the period in question based on their first hand knowledge of their own conduct. Statements based on personal knowledge are clearly admissible evidence. It is thus hard to understand, and Ross certainly does not explain, how it could properly dispute these affidavits on evidentiary grounds.

Finally, Ross complains that many paragraphs in Defendants' 56.1 Statement "incorporate improper argument into otherwise factual statements," apparently because those paragraphs use transitional phrases such as "indeed" or "accordingly," or descriptive adjectives such as "promptly." Motion to Strike, p. 5. Here, Ross takes an overly narrow view of the characterizations that may be included in a party's summary judgment submissions. The decision in *Pharmacy, Inc. v. Am. Pharm. Partners, Inc., supra,* is instructive. No. 05-CV-776 (DRH)(AKT), 2007 WL 2728898 (E.D.N.Y. Sept. 14, 2007). There, the defendant moved to

strike multiple paragraphs of plaintiff's counsel's declaration submitted in opposition to summary judgment because the paragraphs were allegedly "argumentative." The Court rejected the defendant's argument, explaining that:

> "... *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) allows an attorney a degree of latitude to characterize the evidence by informing the court of the basis for the summary judgment motion and identifying the portion of the record counsel believes demonstrates the absence of genuine issues of fact. . . . [T]he characterization [of the record] will not prejudice the court, who will conduct its own review of the evidence submitted and draw its own conclusions based on that evidence."

*Id.* at *3 (internal citation omitted). As in *Pharmacy, Inc.*, Ross's argument – that Defendants' 56.1 Statement improperly characterized evidence using words such as "indeed" and "accordingly – plainly fails. Defendants' characterization of the evidence through the use of these words in no way warrants striking entire paragraphs from Defendants' 56.1 Statement, particularly ones that Ross admits contain "otherwise factual statements." *See id.*; Motion to Strike, p. 5.

Further, and not surprisingly, Ross's arguments are unsupported by the cases it relies upon, which are factually distinguishable and do not justify striking any of the paragraphs from Defendants' 56.1 Statement. For example, in *Amalgamated Lithographers of America v. Unz & Co. Inc.*, the Court struck the nonmoving party's counterstatement of additional material facts because ***all*** of the counter-statements contained legal argument or were duplicative of the nonmoving party's 56.1 Response Statement. 670 F. Supp. 2d 214, 217 (S.D.N.Y. 2009). Here, by contrast, none of Defendants' fact statements are duplicative and, even under Ross's strained view of Defendants' 56.1 Statement, only a handful of paragraphs contain allegedly improper argument. *See generally* Motion to Strike. Clearly, then, the holding in *Amalgamated* does not support the relief Ross seeks here. The other cases cited by Ross fare no better, as they are

entirely inapposite to the present circumstances and/or provide no guidance or analysis as to why paragraphs stricken from a 56.1 statement are deemed improper legal argument. *See e.g., LaPine v. Seinfeld*, No. 08 Civ. 128 (LTS)(RLE), 2009 WL 2902584, at *4 (S.D.N.Y. Sept. 10, 2009) (providing no details regarding why certain portions of a 56.1 statement constituted legal argument rather than facts); *see also Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299, 306 (S.D.N.Y. 2011) (striking paragraphs on authentication or hearsay grounds); *U.S. Info. Sys. v. Int'l Bhd. Of Elec. Workers Local Union No. 3*, No. 00 Civ. 4763 (RMB)(JCF), 2006 WL 2136249, at *5-*8 (S.D.N.Y. Aug. 1, 2006) (same); *In re Indesco Int'l, Inc.*, 451 B.R. 274, 307-08 (Bankr. S.D.N.Y. 2011) (same).

Because Ross offers no explanation as to why Defendants' 56.1 Statement is argumentative, and because the paragraphs Ross cites clearly contain proper factual statements supported by relevant and admissible evidence, Ross's Motion to Strike paragraphs 3-11, 48-51, 55-57, 62, and 65 should be denied.

### III. Defendants' 56.1 Statement Does Not Rely On Inadmissible Hearsay

Ross also argues that paragraph 18 of Defendants' 56.1 Statement should be stricken "because it cites to inadmissible hearsay," specifically newspaper articles noting how secular hospitals have engaged in corporate restructuring when they have merged with Catholic hospitals. *See* Motion to Strike, pp. 5-6. Ross's attempt to strike paragraph 18 fails because Ross ignores that that paragraph cites to otherwise admissible evidence – the November 30, 2011 Declaration of David N. Hoffman, Esq. (the "Hoffman Dec.") – which Ross has not challenged. In his Declaration, Mr. Hoffman testified based on his personal knowledge that, in his experience over many years at Wyckoff, it is common for merging hospital systems to operate separately for corporate governance purposes but to cooperate in shared services and purchasing. Hoffman Dec., ¶¶ 26-27. This testimony provides an independently valid and admissible basis for

paragraph 18 and an independent ground for denying this aspect of Ross's Motion to Strike, regardless of the news articles complained of as hearsay by Ross. *See Crown Heights Jewish Comm. Council, Inc. v. Fischer*, 63 F. Supp. 2d 231, 241 (E.D.N.Y. 1999) (finding that even if summary judgment papers contain inadmissible hearsay, "the court may disregard the hearsay but separately consider the admissible evidence"). Ross's Motion to Strike paragraph 18 of Defendants' 56.1 Statement should therefore be denied.

## CONCLUSION

For these reasons, Defendants respectfully submit that Ross's Motion to Strike should be denied in its entirety, and the Court should award Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 24, 2012

Respectfully submitted,

K&L GATES LLP

By: _____

Walter P. Loughlin
(Walter.Loughlin@klgates.com)
Brian D. Koosed
(Brian.Koosed@klgates.com)
Justin H. Roeber
(Justin.Roeber@klgates.com)

599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900
Facsimile: (212) 536-3901

*Attorneys for Defendants Brooklyn-Queens Health Care, Inc. and Wyckoff Heights Medical Center*