**K&L|GATES**

K&L Gates LLP
599 Lexington Avenue
New York, NY 10022-6030

T 212.536.3900   www.klgates.com

Walter P. Loughlin
D 212.536.4065
F 212.536.3901
walter.loughlin@klgates.com

July 16, 2012

**By ECF**

Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Ross University v. Brooklyn-Queens Health Care, et al,
               09-cv-1410 (KAM) (RLM)

Dear Judge Mann:

      I am counsel to Defendants Brooklyn-Queens Health Care, Inc. ("BQHC") and Wyckoff Heights Medical Center ("Wyckoff") (together, "Defendants") in the referenced matter. I write to respond to (1) the letter from plaintiff's counsel to the Court, dated July 13, 2012, submitting a June 26, 2012 decision from the United States Court of Appeals for the Eleventh Circuit, which affirmed a grant of summary judgment in favor of American University of the Caribbean ("AUC") and against the Defendants in this case, and (2) the three-page letter brief, also dated July 13, 2012, sent by plaintiff's counsel to Judge Matsumoto, enclosing the same Eleventh Circuit opinion, and arguing why that decision should be regarded as new authority relevant to plaintiff's pending Motion for Partial Summary Judgment. By Order dated July 16, 2012, Judge Matsumoto referred plaintiff's counsel's letter to this Court.

      Plaintiff's counsel's communication to Judge Matsumoto is characterized as a request for a pre-motion conference in connection with a request for leave to cite new authority. However, plaintiff's counsel appears to have arrogated to himself the opportunity for which he sought permission by submitting copies of the Eleventh Circuit opinion to both this Court and Judge Matsumoto, together with a three-page letter brief.

      Because that letter brief simply reargues points already fully briefed and submitted to the Court, Defendants will resist the temptation to respond in kind. Instead, we refer the Court to our opposition to Plaintiff's motion for partial summary judgment, and will confine

K&L|GATES

Hon. Roanne L. Mann
July 16, 2012
Page 2

ourselves to briefly making a few points about the material differences between the AUC case and the case before this Court.

Plaintiff's counsel's letter refers to the AUC litigation as arising from "a contract whose material terms are nearly the same as the contract at issue here." The letter similarly refers to the "contract between Defendants and AUC," and likens it to the contract between BQHC and Ross at issue in this case. These statements are misleading in the extreme.

First, the agreement between AUC and Defendants' affiliate, Caritas Health Care Planning, Inc., was in the form of a promissory note, with AUC lending the prepayment amount to Caritas as a borrower. Unlike the contract between Ross and BQHC at issue in this case, Wyckoff and BQHC expressly agreed to guarantee Caritas' obligations under the promissory note with AUC. Indeed, it was perhaps the refusal to provide a similar guarantee to Ross that led Ross to insert in its agreement with BQHC – just hours before execution – the ambiguous language that studiously avoids any reference to Wyckoff, but which Ross nevertheless contends constitutes a guarantee that Wyckoff would provide clerkships to Ross students if Caritas could not.

Second, as plaintiff's counsel knows, the agreement at issue in the Eleventh Circuit was between AUC and Caritas. AUC made its prepayment for clerkships to Caritas – not to BQHC or Wyckoff – just as Ross made its prepayments to Caritas and not to the Defendants.

Finally, it is curious indeed for Ross to invoke the AUC case in view of the fact that the plan to repay AUC for the balance of the promissory note and terminate AUC's clerkships with Caritas was intended to open up those clerkship slots for provision to Ross. As Tom Singleton, the FTI consultant foisted on Wyckoff and Caritas by the Health Department, explained at his deposition, he believed that this scheme could increase Caritas' revenue by selling the AUC clerkship slots to Ross for more than AUC was paying. In short, Ross and its students were the ones who benefited from the conduct of the FTI consultant that ultimately led to Defendants' liability in the AUC litigation and the Eleventh Circuit.

Respectfully submitted,

Walter P. Loughlin /JHR

Walter P. Loughlin

cc: George J. Tzanetopolous, Esq. (*by email only*)