# Baker Hostetler

Baker&Hostetler LLP

191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

T 312.416.6200
F 312.416.6201
www.bakerlaw.com

April 10, 2013

**BY ECF**

Honorable Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

George J. Tzanetopoulos
direct dial: 312.416.6225
gtzanetopoulos@bakerlaw.com

Re: *Ross University. v. Brooklyn-Queens Health Care Inc.* - No. 09 Civ. 1410

Dear Judge Matsumoto:

I represent Plaintiff Ross University School of Medicine, Ltd. ("Ross") and write pursuant to Local Rule 37(3)(c) and Chambers Practices IV(B) concerning Ross' intention to file a Fed. R. Civ. P. 59(e) motion to alter or amend that portion of the Court's March 28, 2013 Order (DE # 140) (the "Order") that grants summary judgment dismissing Ross' specific performance claims against both defendants.

As a preliminary matter, in order to comply with Rule 59(e)'s requirement that such a motion "be filed no later than 28 days after the entry" of the Order, Ross respectfully requests that the Court grant leave to file the motion without the required premotion conference and before the motion is fully briefed. Chambers Practices IV(B), (C)(1)(a). Defendants' counsel stated that he has no objection to this request. In addition, if the Court is amenable to entering an agreed briefing schedule, the parties propose that Ross file its motion no later than April 17, 2013, defendants respond 14 days thereafter, and Ross reply no later than 7 days after the response.

In the Order, after noting that defendants did not argue these grounds, the Court granted summary judgment dismissing Ross' specific performance claims on the basis that: (1) Ross has an adequate legal remedy because "future cost" damages can be quantified; and (2) Ross elected a damages remedy by moving for partial summary judgment on the amount of damages. Ross respectfully submits that, acting without the benefit of briefing on these issues, the Court has misapprehended the nature of Ross' specific performance claims and, under the applicable authorities, summary judgment on these claims should not be entered.

A Rule 59(e) motion is the appropriate vehicle for seeking reconsideration of a summary judgment ruling. *Travelers Ins. Co. v. Buffalo Reins. Co.*, 739 F. Supp. 209, 210-211 (S.D.N.Y. 1990); *N. Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1155 (9th Cir. 1988). The

Honorable Kiyo A. Matsumoto
April 10, 2013
Page 2

disposition of a Rule 59(e) motion "is within the sound discretion of the district court." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp.2d 365, 368 (S.D.N.Y. 1999). It should be granted where there is "the need to correct a clear error or prevent manifest injustice" or where the court overlooked factual matters or legal authority "that might materially have influenced its earlier decision." *Id.* Generally, these standards are applied strictly to prevent a party from "relitigat[ing] old issues." *Belmont v. Assocs. Nat'l Bank*, 219 F. Supp.2d 340, 343 (E.D.N.Y. 2002). However, where, as here, the Court acted *sua sponte*, a Rule 59(e) motion is "not a relitigation" and the standard for reconsideration is relaxed accordingly. *Id.; Myplaycity, Inc. v. Conduit Ltd.*, 2012 WL 2929392, at *2 (where summary judgment was granted *sua sponte*, "the standard on a motion for reconsideration is different").

Ross respectfully notes that the Order misapprehends the basis for Ross' specific performance claims. These claims are not based on the inability to calculate future costs, but rather on the grounds that defendants have the ability to perform the contractual promise to provide clerkships at Wyckoff, but may not have the ability to satisfy a judgment in the amount ultimately awarded for the breach. As the Order notes, the Court's equitable power to award specific performance may be invoked where there is an "absence of an adequate remedy at law." Order at 34. One circumstance in which courts hold that plaintiff lacks an adequate remedy at law is where there is "the likelihood that an award of damages could not be collected." *Restatement (Second) of Contracts* §360 (2010); *Conn. Nat'l Bank v. Trans World Airlines, Inc.*, 762 F. Supp. 76, 80 (S.D.N.Y. 1991) ("The suggestion that by obtaining a money judgment CNB will be adequately protected is nothing short of specious…[I]t is unlikely that [defendant] possesses the cash in its coffers to satisfy such a judgment").

Ross did not address these issues in the briefs because defendants did not raise them. However, in the premotion correspondence to the Court on defendants' motion (DE # 92), Ross raised this basis for specific performance and cited the foregoing authorities. The abundant evidence that BQHC lacks sufficient assets is cited in the Order (at 16) in connection with veil-piercing. Had defendants raised the issue, Ross would have submitted evidence of Wyckoff's potential inability to satisfy an appropriate money judgment, including deposition testimony of Wyckoff's former CFO that Wyckoff was unable to satisfy the $5 million judgment entered against it for breach of a clerkship contract with another medical school and Wyckoff's financial records. Ross will cite such evidence in its Rule 59(e) motion. In short, there are issues of fact that preclude summary judgment on these grounds.

Moreover, the Court held that at trial may defendants may pursue "their alternative argument" that the "entire category of Future Replacement Costs [is] unduly speculative." Order at 40-41. As the Order notes, specific performance may be awarded to remedy a breach where there is "difficulty in proving damages with reasonable certainty." *Id.* at 34. Because defendants will be permitted to argue at trial that future costs damages are too uncertain to calculate, Ross should be permitted to request specific performance on those same grounds in the event that the jury finds that such damages are in fact incalculable.

As to election of remedies, Ross respectfully notes that, because the issue was not briefed, the Order overlooked the authorities that hold that under the circumstances presented by this case, an election should not be required until after trial (but before final judgment).

Where plaintiff pursues theories for both equitable and legal remedies and defendant contests the availability of either or both, "the plaintiff need not make a pretrial election between these theories; he is entitled to have the case submitted to the jury on both theories." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). If at trial plaintiff does not make out a case for equitable relief, "this failure necessarily establishes the propriety of monetary relief. . . . [T]o the extent necessary, an election between equitable and monetary relief can occur after a verdict is rendered." *TVT Records, Inc. v. Island Def Jam Music Group*, 240 F. Supp.2d 341, 348 (S.D.N.Y. 2003). *See also Vista Co. v. Columbia Pictures Ind., Inc.*, 725 F. Supp. 1286, 1295 (S.D.N.Y. 1989) ("it is clear that such an election may take place after trial."); *Omega Exec. Servs., Inc. v. Grant*, 1980 WL 1432, at *2 (S.D.N.Y. Aug. 22, 1980) (election of remedies between specific performance and damages is not "required until after trial").

Requiring an election from Ross only after trial is particularly appropriate here. Ross' claim for specific performance is based on the Court finding that defendants are unlikely to satisfy a damages award in the amount ultimately determined. Thus, the Court's decision to award specific performance on these grounds must necessarily await the jury's decision regarding the amount of future cost damages and the Court's conclusion regarding defendants' likely ability to pay the total amount of damages. Moreover, because defendants will be permitted to assert at trial that the calculation of future cost damages is too uncertain for such damages to be awarded at all, Ross should not be required to elect between its legal and equitable theories until after the jury reaches a decision on this issue. If the jury's verdict and Court's findings ultimately would entitle Ross to inconsistent remedies, only then should Ross be required to elect.

The cases cited in the Order (at 36) for the proposition that under the election of remedies doctrine "a summary judgment motion is the procedural equivalent of a trial" do not support holding that Ross elected a damages remedy when it moved for partial summary judgment. For, while a summary judgment may be the "procedural equivalent of trial," the pertinent authority holds that Ross should not be required to make an election until *after* trial. Thus, Ross should not be held to have made an election merely by filing a motion for the summary determination of the amount of damages that flow from breach of the contract at issue here.

Accordingly, Ross respectfully requests leave to file the Rule 59(e) motion without need for a premotion conference and before the motion is fully briefed.

Respectfully submitted,

George J. Tzanetopoulos

Honorable Kiyo A. Matsumoto
April 10, 2013
Page 4

cc: Walter P. Loughlin (via email)