**AGREED CONFIDENTIALITY ORDER FOR THE USE**
**OF CONFIDENTIAL MATERIAL PRODUCED IN**
**CONNECTION WITH SETTLEMENT NEGOTIATIONS**

This Confidentiality Agreement and Order (the "Agreement"), dated May 16th, 2013, is

entered into by and among Ross University School of Medicine, Ltd. ("Ross"), the plaintiff in

the litigation pending in the United States District Court for the Eastern District of New York

(the "Court"), Case No. 09-cv-1410 (KAM) (RLM) (the "Action"), on the one hand, and

Wyckoff Heights Medical Center ("Wyckoff" or the "Producing Party"), a defendant in the

Action, on the other hand (Ross and the Producing Party being collectively referred to herein as

the "Parties"), pursuant to the Court's Minute Entry for Settlement Conference, dated April 15,

2013 (Dkt. No. 143), and in connection with the provision by the Producing Party to Ross of

documents and other information (collectively, the "Material") in connection with settlement

negotiations which may occur between or among the Parties and may involve the production of

non-public, commercially sensitive financial information.

IT IS THEREFORE AGREED AS FOLLOWS:

1.      This Agreement shall govern all Material produced or provided by the

Producing Party to Ross relating to the Parties' attempt to settle the Action.

2.      The Producing Party may designate as "Confidential – For Settlement

Purposes Only" any Material it provides to Ross in connection with discussions relating to

possible settlement of the Action.  Material shall be designated as "Confidential – For Settlement

Purposes Only" by placing or affixing the words "Confidential – For Settlement Purposes Only"

on each such Material.

3.      Material designated as "Confidential – For Settlement Purposes Only" shall

be afforded all of the protections provided by Rule 408 of the Federal Rules of Evidence (the

"FRE").

4.    Failure to designate Material as "Confidential – For Settlement Purposes Only" at the time the Material is produced may be remedied thereafter by supplemental written notice delivered within two (2) business days after the provision of such Material.  Upon the receipt by Ross of such written notice, the identified Material shall be fully subject to this Agreement and the Producing Party shall deliver to Ross copies of the Material containing the appropriate "Confidential – For Settlement Purposes Only" designation simultaneously upon receipt of the returned, undesignated Material from Ross.

5.    Material designated as "Confidential – For Settlement Purposes Only" pursuant to this Agreement shall only be inspected by and disseminated to the following persons:

A.    attorneys at Baker & Hostetler LLP and staff employed by such counsel;

B.    attorneys at K&L Gates LLP and staff employed by such counsel;

C.    Any officers or directors of Ross with authority to settle the Action;

D.    Any financial or other advisors retained by Ross and any staff employed by such advisers, provided that, prior to the disclosure of Material designated as "Confidential – For Settlement Purposes Only" to such advisors, such advisors are given a copy of this Agreement and execute an acknowledgement in the form annexed hereto as Exhibit A; and

E.    the Producing Party.

6.    Material designated as "Confidential – For Settlement Purposes Only," or any information derived therefrom, shall be used by Ross solely for the purpose of evaluating any offers and/or counter-offers in connection with settlement of the Action.  Ross shall not, without the prior written consent of the Producing Party, reveal the Material to, or discuss the Material with, any person who is not entitled to receive such information.

- 2 -

7.    The inadvertent provision of any "Confidential – For Settlement Purposes Only" Material subject to a claim of attorney-client privilege, attorney work product, or any other privilege or discovery exemption shall not be deemed to be a waiver of any claim of privilege, confidentiality, or other protection with respect to that or any other Material. In the event that any Material that is subject to a claim that it is privileged or protected from discovery is inadvertently produced, Ross shall return it and all copies of it to the Producing Party within three (3) business days after Ross receives written notice from the Producing Party that the Material was inadvertently produced; provided, however, that the Producing Party gives Ross such written notice within 10 days of the allegedly inadvertent production.

8.    If at any time Ross objects to the designation of Material designated as "Confidential – For Settlement Purposes Only" under this Agreement, Ross shall notify the Producing Party in writing. Ross shall identify the Material in question and shall specify in reasonable detail the basis for its objection. Within two (2) business days of the receipt of such notice, the Parties shall meet and confer in an effort to resolve their differences. If the Parties cannot resolve their differences, Ross may apply within two (2) business days thereafter, or such longer time as the Parties may agree, for a ruling from the Court on the propriety of the designation. While any such application is pending, the Material that is subject to the application shall remain "Confidential – For Settlement Purposes Only" until the Court rules. If Ross does not apply to the Court for a ruling on the propriety of the designation within two (2) business days after the conclusion of the Parties' meet and confer, or within such longer time as the Parties may otherwise agree, the Material that is the subject of the dispute will continue to be deemed "Confidential – For Settlement Purposes Only." The Producing Party shall have the burden of proving, by a preponderance of the evidence, that the Material:  (a) qualifies as

confidential; (b) is subject to FRE 408; and (c) that its dissemination and use should be restricted in accordance with the terms of this Agreement.

        9.     This Agreement shall not be construed to affect in any way the admissibility of any document, testimony, or other evidence at any hearing or trial on any matter in the Action.

        10.    Nothing in this Agreement shall be construed to limit the Producing Party's use or disclosure of its own documents, materials, or information. In addition, nothing in this Agreement shall prevent or in any way limit disclosure, use, or dissemination of any Material that is in the public domain. Specifically, the following shall not constitute "Confidential – For Settlement Purposes Only" Material for purposes of this Agreement:  (i) information that is or becomes generally available to the public other than as a result of a violation of this Agreement by Ross; (ii) information that was already in Ross's files on a nonconfidential basis prior to being produced to Ross; (iii) information that becomes available to Ross on a nonconfidential basis if the source was not, to the best of Ross's knowledge, subject to any prohibition against transmitting the information to Ross; (iv) information independently developed by Ross without use of "Confidential – For Settlement Purposes Only" Material; or (v) information that Ross obtains from Wyckoff pursuant to any pre-existing contractual rights granted to Ross under any agreement(s) between Ross and Wyckoff that were entered into separate and apart from the Action. Conclusions, recommendations and positions asserted by, or on behalf of, the Parties shall not be deemed "Confidential – For Settlement Purposes Only" Material if such conclusions, recommendations, or positions do not include, set forth, or otherwise disclose "Confidential – For Settlement Purposes Only" Material. Ross shall have the burden of proving, by a preponderance of the evidence, that for any of the reasons enumerated in this paragraph 10, all or any portion of any Material does not constitute "Confidential – For Settlement Purposes Only"

- 4 -

Material.

11.    Upon termination of the Action and all appeals therefrom, Ross shall return to the Producing Party all Material designated as "Confidential – For Settlement Purposes Only" and all copies thereof, or the Parties may agree upon appropriate methods of destruction.

12.    The Court shall have exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Agreement upon appropriate motion by a Party.

13.    This Agreement shall only be effective with respect to Material provided from and after the date of this Agreement.

14.    This Agreement may not be amended, modified or supplemented, except by written instrument executed by the Parties hereto or further order of the Court.  No waiver of any breach of any provision of this Agreement shall be held to be a waiver of any other provision or subsequent breach of the same provision, and the failure of a Party to enforce at any time any provision herein shall not be deemed to be a waiver of any right of such Party to subsequently enforce such provision or any other provision herein.  No extension of time for performance of any obligations or other acts hereunder shall be deemed to be an extension of time for performance of any other obligations or any other acts.

15.    This Agreement represents the entire understanding of the Parties with respect to its subject matter and supersedes all prior agreements and understandings between or among them with respect to its subject matter.

16.    This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to any principles of choice of law thereof which would require the application of the law of any other jurisdiction.

17.    This Agreement may be executed in counterparts, by original, facsimile, or

- 6 -

scanned signature, each of which shall be deemed an original, but all of which together shall

constitute one and the same instrument.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, LTD.

By:_____

Name:

Title: _ITS ATTORNEY_

WYCKOFF HEIGHTS
MEDICAL CENTER

By:_____

Name:

Title: _CEO / President_

SO ORDERED.

SIGNED this _____ day of _____ 2013.

_____

Honorable Roanne L. Mann
United States Magistrate Judge

## EXHIBIT A

1.      I, _____, have read the foregoing Confidentiality Agreement and Order, dated May __, 2013 (the "Agreement"), and agree to be bound by its terms with respect to any Material designated as "Confidential – For Settlement Purposes Only" that is furnished to me pursuant to the Agreement.

2.      I further agree (a) not to disclose to anyone any Material designated as "Confidential – For Settlement Purposes Only" other than as set forth in the Agreement and (b) not to make any copies of any Material designated as "Confidential – For Settlement Purposes Only" that is furnished to me except in accordance with the Agreement.

Dated:

_____
Signature